Exhibit 7

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|
| 1. Submit to Appropriate Federal Agency:<br>Bureau of Prisons<br>320 First St. NW<br>Washington, DC 20534 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.<br>Gottesfeld, Martin #12982-104<br>United States Penitentiary<br>P.O. Box 1000<br>Marion, IL 62959 | |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>05 MAR 1984 | 5. MARITAL STATUS<br>MARRIED | 6. DATE AND DAY OF ACCIDENT<br>Ca. June 2021 & ongoing | 7. TIME (A.M. OR P.M.)<br>Ca. 1030 hrs. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

SEE ATTACHED.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

SEE ATTACHED.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| N. Simpkins, Case Manager<br>K. Hill, IRO<br>Dr. Fields, M.D.<br>Wallace, Unit Manager | United States Penitentiary<br>P.O. Box 2000<br>Marion, IL 62959 |

12. (See instructions on reverse).    AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| Zero | $1,421,000 | $0 | $1,421,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| /s/ | N/A | 2022-04-27 (Wed) |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE | | |
|---|---|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15.** Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

N/A

**16.** Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No   **17.** If deductible, state amount.

N/A

N/A

**18.** If claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

**19.** Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

N/A

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
  B. *Principal Purpose:* The information requested is to be used in evaluating claims.
  C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
  D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed forms to these addresses.

1. MARTIN GOTTESFELD, Claimant, *pro se*, is and was at all relevant times in the custody of the U.S. Bureau of Prisons (BOP). From April 1, 2019, through January 21, 2022, he was held at the Federal Correctional Institution (FCI) Terre Haute, Indiana. From January 21, 2022, forward he has been held at the United States Penitentiary (USP) Marion, Illinois.

2. BOP refused to provide Claimant the residential drug-abuse program to which he is entitled by statute, despite its own findings that he requires such treatment and the recommendation of The Honorable U.S. District Judge Nathaniel M. Gorton that BOP place Claimant in its Residential Drug Abuse Program (RDAP).

3. "[Prisoner-Claimant's] Form 95 is entitled to a generous construction." *Paley v. United States*, 349 F.3d 418, 425—26 (7th Cir. 2003) (citing *Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996)). "[Prisoner-Claimant] was not obliged to plead legal theories in the Form 95." *Id.* "'Any cause of action fairly implicit in the facts' that [Prisoner-Claimant] set forth in the Form 95 will be considered a claim that was 'presented' to the Bureau of Prisons for purposes of the exhaustion requirement." *Id.* (quoting *Murrey* at 1452). "Put another way, if the claim would have been apparent to a 'legally sophisticated reader' of the form, then we will charge the agency with notice of that claim and deem it to have been exhausted." *Id.* (quoting *Murrey* at 1453).

4. "[Plaintiff]'s negligence claim is subject to Illinois law, which requires [he] establish that the government owed him a duty of care, that it breached that duty, and that the breach proximately caused his injuries." *Smith v. United States*, 860 F.3d 995 (7th Cir. 2017) (citing *Calles v. Scripto-Tokai Corp.*, 224 Ill. 2d 247, 270 (2007)). *See also Buechal v. United States*, 746 F.3d 753, 763—64 (7th Cir. 2014) (injury must have been foreseeable and caused-in-fact by defendants' breach).

5. "Under Illinois law, a plaintiff bringing a medical negligence/medical malpractice action has the burden of proving: '(1) the proper standard of care for the defendant physicians; (2) an unskilled or negligent failure to comply with the appropriate standard; and (3) a resulting injury proximately caused by the physicians' failure of skill or care.'" *Wipf v. Kowalski*, 519 F.3d 380, 384 (7th Cir. 2018) (quoting *Jinkins v. Evangelical Hosps. Corp.*, 336 Ill. App. 3d 377 (2002)).

6. "The common law of torts does not specify the interests for which damages can be recovered. It is enough that the victim suffered a harm upon which a dollar value can be placed." *Hartmann v. Prudential Ins. Co. of Am.*, 9 F.3d 1207, 1213-14 (7th Cir. 1993) (Posner, J.).

7. "BOP *must* make treatment available to prisoners who[m] it determines have a 'treatable condition of substance addiction or abuse.'" *United States v. Kopp*, 922 F.3d 337, 339 n. 1 (7th Cir. 2019) (emphasis and alteration added) (quoting 18 U.S.C. § 3621(b)). *See also* 18 U.S.C. § 3621(e)(1)(C) (BOP must make RDAP available to all eligible prisoners by the end of FY 1997).

8. "Accordingly, the BOP established the RDAP." *Kopp, supra,* at 339 n. 1 (citing 28 C.F.R. § 550.53; U.S. Dept't of Justice, Fed. Bureau of Prisons, Program Statement 5330.11: Psychology Treatment Programs (2009), https://www.bop.gov/policy/progstat/5330_011.pdf).

9. Claimant participated in the only available pre-RDAP class ~~available~~ and passed it with a perfect score.

10. On April 20, 2022, BOP sent a contractor-psychologist from the Public Health Service to interview Claimant re RDAP. The psychologist concurred with Claimant and The Honorable Judge Gorton that Claimant needs RDAP.

11. During summer 2021 Claimant submitted a written request (cop-out) to his unit team at FCI Terre Haute explicitly requesting RDAP.

12. Claimant documented said cop-out in a near-contemporarious CORRLINKS

message to, *inter alia*, his wife Mrs. Dana E. Gottesfeld and his attorneys. *See, e.g.*, 28 C.F.R. § 540.203 (Claimant's correspondence read for contents).

13. Having received no response whatsoever to his cop-out Claimant submitted a second written request for RDAP to FCI Terre Haute's head of mental health *circa* November 15, 2021.

14. The second cop-out resulted in Claimant's belated placement on the RDAP-screening (interview) list, but Claimant was told for the first time—after contrary assurances—that he would have to be "step[ped-]down" from his administrative unit to attend RDAP.

15. Throughout latter 2021 BOP intentionally misled Claimant that he was being stepped-down; the artifices of this deception included face-to-face assurances at this half-yearly program review by controversial Unit Manager Mr. Todd Royer that Claimant was submitted for step down, a BOP correctional officer (CO)'s telling Claimant on January 20, 2022, that Claimant was being transferred to Berlin, New Hampshire, and intentional failure to deliver to Claimant any notice whatsoever delaying or denying his step down.

16. Instead of step down, Claimant was transferred to another admin unit at USP Marion on January 21, 2022.

17. Claimant immediately upon arrival spoke to Unit Manager Wallace during USP Marion intake to request RDAP.

18. Claimant promptly submitted a handwritten request for RDAP before he cleared SARS-CoV-2 quarantine at USP Marion.

19. Upon clearing quarantine Claimant promptly followed with an electronic written request to USP Marion psychiatrist Dr. Fields requesting RDAP.

20. Claimant spoke in person with Dr. Fields during her rounds, at which time Dr. Fields assured Claimant that she had placed him on the RDAP-screening (interview) list, but Dr. Fields reiterated that Claimant is barred from RDAP due to his administrative placement.

21. BOP's statutory duty to provide Claimant RDAP is unaffected by his administrative placement. *See, again,* 18 U.S.C. § 3621(b) and (e)(1)(C).

22. Moreover Claimant's administrative placement violates his right to procedural due process; he was designated without prior hearing or opportunity to object. *See, e.g., Aref v. Lynch,* 833 F.3d 242, 257 (D.C. Cir. 2016) (citing *Sandin v. Conner,* 515 U.S. 472 (1995)) ("[W]e find the designation [to a CMU] meets *Sandin*'s requirements" that prisoners are entitled to procedural due process). *See also Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007) (quoting *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992)) (prisoners entitled to "advance (at least 24 hours before hearing) written notice," "the opportunity to call witnesses and present documentary evidence," "the opportunity to be heard before an impartial decision maker," and "a written statement by the fact finder"). *See also Wolff v. McDonnell,* 418 U.S. 539 (1974) (same).

23. "[C]ompletion of the RDAP [...] entitles some eligible defendants to up to twelve months off their custodial sentence[s]." *United States v. Ashford,* 2020 U.S. Dist. LEXIS 177893, No. 09-cr-186-pp (E.D. Wis. Sept. 28, 2020) at *3. *See also* 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.55(c).

24. In practice, prisoners similarly situated to Claimant who timely complete RDAP reduce their sentences by a full year; BOP's functional criterion for lesser reductions is inapplicable. *See* 28 C.F.R. § 550.55(c)(2).

25. In addition to BOP's non-discretionary duty to provide Claimant RDAP, he "has a protected liberty interest in his good-time credits and credit-earning class, and he may not be deprived of either without the minimum requirements of due process." *Calligan v. Wilson,* 362 F. Appx. 543, 545 (7th Cir. Dec. 23, 2009) (citing *Piggie v. McBride,* 277 F.3d 992, 994 (7th Cir. 2002)). No part of Claimant's administrative placement—which was undertaken without pre-deprivation procedural due process—is sufficient to deny him credit-earning

classes, such as RDAP.

26. "A number of courts addressing the discretionary function exception [to the Federal Tort Claims Act (FTCA)] have explained that it is inapplicable when a government actor allegedly engages in activity that violates the Constitution." *Linder v. McPherson*, 2015 U.S. Dist. LEXIS 10537, No. 14-cv-2714 (N.D. Ill. Jan. 29, 2015) at *35–36 (collecting cases).

27. In addition to the RDAP-specific statutes and regulations, "[T]he duty of care owed to federal prisoners is established by federal statute." *Green v. United States*, 1993 U.S. App. LEXIS 27241, No. 92-2697 (7th Cir. Oct. 14, 1993) (citing 18 U.S.C. § 4042). *See also United States v. Moniz*, 374 U.S. 150, 164–65 (1963) (same) and *id.* n. 26 (same).

28. BOP's statutory duties to Claimant more generally to provide him "suitable quarters," "care," and "instruction" further require BOP to follow the sentencing court's recommendation re RDAP. *See* 18 U.S.C. § 4042(a)(2) and (3).

29. "According to the BOP's Program Statement, an inmate typically needs 24 months to complete the entire RDAP program before his or her release from BOP custody." *Kopp, supra,* at 399 n. 1 (citing Program Statement 5330.11, § 2.5.5).

30. Claimant's projected release date—which BOP has always known will likely advance through other litigation and administrative claims—approaches rapidly; through no fault of his own Claimant will miss RDAP and spend an unnecessary extra year incarcerated while deprived of due process and necessary medical care, *e.g.*, RDAP.

31. Claimant's likely earnings for a year's labor, based upon his earnings prior to confinement, exceed $121,000; his loss of liberty, conservatively estimated, exceeds $900,000.

32. Claimant is also deprived of a year's marital consortium, exceeding

$400,000.

33. Indeed, RDAP placement would necessitate Claimant's transfer closer to his home and provide him and his wife contact visits. *See, e.g.*, 18 U.S.C. § 3621(b) (500-driving-mile rule). Claimant further notes that he is a minimum-security prisoner (camper) and neither a "drop out" nor a cooperator, yet is placed over 500 driving miles from home in a medium-security USP for "drop outs"—hence RDAP placement would require his transfer.

34. Claimant's explicit enumeration of *some* causes of action *supra* is non-exhaustive.

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

   

⇔12982-104⇔
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States

Wednesday, April 27, 2022; *Houston v. Lack*, 487 U.S. 266 (1988)



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

Office of the Regional Counsel

400 State Avenue
Tower II, Suite 800
Kansas City, KS 66101

06-21-2022

MARTIN GOTTESFELD, #12982-104
USP MARION
P.O. BOX 1000
MARION, IL  62959

    Re: Administrative Claim for Damages
    Claim #:    TRT-NCR-2022-05171    $  1,421,000.00

Dear Claimant:

    This is to notify you of our receipt of your administrative claim for damages under provisions of the <u>Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq.</u>, alleging liability of the United States Government.

    Your claim was received on 06-02-2022.  The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such claim was received by the appropriate agency.  Accordingly, in the matter of the above referenced claim, the government's response is not due until 12-01-2022.

    Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

                                Sincerely,
                                  Mary A. Noland
                                Regional Counsel