| U.S. DEPARTMENT OF JUSTICE | Exhibit 9 | | REQUEST FOR ADMINISTRATIVE REMEDY |
|---|---|---|---|
| Federal Bureau of Prisons | | | |

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | GOTTESFELD, MARTIN S. | 12982-104 | I | USP-MARION |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** Please provide me BOP's Residential Drug-Abuse Program (RDAP) at a facility commensurate with my custody level, minimum, release address in Somerville, MA—*see* 18 U.S.C. § 3621(b) (500-driving-mile rule)—and status as a non-"drop out," non-sex-offender, non-cooperator: *e.g.*, not medium-security "drop-out yard" USP Marion, Illinois. I am denied RDAP without due process. *See, e.g., Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009) (citing *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002) (Prisoner "has a protected liberty interest in his good-time credits and credit-earning class, and he may not be deprived of either without the minimum requirements of due process"); *Aref v. Lynch*, 833 F.3d 242, 257 (D.C. Cir. 2016) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)) ("[W]e find the designation [to a CMU] meet's *Sandin*'s [atypicality and signifance] requirements" such that prisoners are entitled to pre-deprivation due process); 18 U.S.C. §§ 3621(b), (e)(1)(C) (BOP must make RDAP available to all eligible prisoners), 4042(a)(2), (3) (BOP is dutybound to provide suitable quarters and treatment). BOP agrees I qualify for, and thus that I am entitled to, RDAP. I had the RDAP interview and the psychologist agreed I require RDAP.

My CMU placement does not and cannot disqualify me from RDAP. *See Piggie, supra*, 277 F.3d at 924; *Aref, supra*, 833 F.3d at 257. I have no duty to be designated out of the CMU program—which BOP insists is a "non-punitive," "general-population" placement and which BOP provided me no pre-deprivation hearing or other process of any kind prior to placement. Instead BOP has a non-discretionary statutory and constitutional duty to provide me RDAP and the one-year credit it provides towards my sentence. So please provide me RDAP, along with the credit towards my sentence resultant therefrom

| 14 OCT. 2022 (FRI.) | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                                         CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____                                       _____
DATE                                                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

FPI-PEPR    PRINTED ON RECYCLED PAPER                                              BP-229(13)
                                                                                   APRIL 1982

RDAP (ns)

# Administrative Remedy - Informal Resolution
## Marion, Illinois

Inmate's Name **Bottesfield** Reg. No. **12982-104** Unit **I** Date **4-28-22**

**NOTICE** You are advised that prior to filing a Request for Administrative Remedy (BP-9), you MUST attempt to informally resolve your complaint through your counselor. Please follow the three (3) steps listed below.

1. State your specific complaint: I am denied RDAP without due process. *See, e.g., Calligan v. Wilson*, 362 F. Appx. 543, 545 (7th Cir. Dec. 23, 2009) (citing *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002)) (Prisoner "has a protected liberty interest in his his good-time credits and credit-earning class, and he may not be deprived of either without the minimum requirements of due process"); *Ares v. Lynch*, 833 F.3d 242, 257 (D.C. Cir. 2016) (citing *Sandin v. Conner*, 515 U.S. 472 (1995)) ("[W]e find the designation [to a CMU] meet's *Sandin*'s [atypicality and significance] requirements" such that prisoners are entitled to pre-deprivation due process); and 18 U.S.C. §§ 3621(b) and (e)(1)(C) (BOP must make RDAP available to all eligible prisoners) and 4042(a)(2,3

2. State what efforts you have made to informally resolve your complaint: I submitted a handwritten request (cop-out), an electronic request, spoke to every member of my unit team, spoke to Dr. Fields, and filed a notice of tort claim (SF-95).

3. State what resolution you request: Please provide me RDAP at a facility commensurate with my custody level (minimum), release address in Somerville, MA (see 18 U.S.C. § 3621(b) (500-driving-mile rule)), and status as a non-"drop-out", non-sex-offender, non-cooperator, e.g., not medium-security "drop-out-yard" USP Marion, Illinois.

Inmate's Signature: [signature] Date: **April 28, 2022 (Thu.)**

4. Correctional Counselor's Comments (Steps to Resolve): RDAP is a residential program in which you live in the unit. Only certain institutions who meet the criteria for one, have them. You must first get designated out of the CMU program before going to another program.

Counselor's Signature: *NS915* Date: **10-12-22**

Unit Manager's Review: _____ Date: _____

|   | Received by Counselor from inmate | Attempted informal with inmate by Counselor | BP-9 given to inmate | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|
| Date | 4/29/22 |  | 10·12 |  |
| Time | 12:00 |  |  |  |
| Counselor | KHW |  | NS |  |

MAR·1010.03J     03-27-10     Page 4