| U.S. DEPARTMENT OF JUSTICE | [Exhibit 11] | REQUEST FOR ADMINISTRATIVE REMEDY |
|---|---|---|
| Federal Bureau of Prisons | | |

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: GOTTESFELD, MARTIN S.     12982-104     D     FCI-THA
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST** Please send me to the Residential Drug-Abuse Program (RDAP) so that I get the one-year credit towards my sentence and the treatment, both of which I am entitled-to by statute and U.S. Const. amends. V, VIII. See, e.g., 18 U.S.C. § 3621(e)(1)(C) ("the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment[...] for all eligible prisoners by the end of fiscal year 1997"); § 4042(a)(3) (BOP to provide for the "instruction" of "all persons" convicted of offenses against the United States); Calligan v. Wilson, 362 F. App'x 543, 545 (7th Cir. 2009) (citing Piggie v. McBride, 277 F.3d 922, 924 (7th Cir. 2002)) (prisoner "has a protected liberty interest in his good-time credits and credit-earning class, and he may not be deprived of either without the minimum requirements of due process"); Estelle v. Gamble, 429 U.S. 97 (1976) (prison officials liable for damages for failure to provide medical care).

    BOP agrees I qualify for RDAP. See BP-8 Resp., included herewith. BOP has never provided me—as would be required to deny me RDAP—"advance written notice of the charges, a limited right to call witnesses and produce documents, a right to be heard before an impartial decision-maker, and a written statement of the evidence relied on," Calligan, supra. I am a minimum-security prisoner with no public-safety factors. See SENTRY, Male Custody Classification Form, Gottesfeld, Martin S. No legitimate "safety and security" concern, as articulated in the BP-8 response, precludes me from RDAP, and BOP could not provide one at the required hearing that it has never convened. Moreover, the RDAP subsection, i.e. 18 U.S.C. § 3621(e), allows for no exception to BOP's mandatory duty on the basis of safety and security; high-security penitentiary inmates receive RDAP, yet, I, a "camper," may not?! This is unlawful and nonsensical. I began asking for RDAP more than a year ago; I filed multiple remedies that went untimely answered and I was deceived by FCI-THA staff a year ago into believing I was being sent to RDAP.

22 NOV. 2022 (TUE.)     [signature]
DATE        SIGNATURE OF REQUESTER

**Part B- RESPONSE**




_____     _____
DATE        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**     CASE NUMBER: _____

CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____     _____     _____     _____
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____     _____
DATE        RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN     PRINTED ON RECYCLED PAPER     BP-229(13) APRIL 1982