| U.S. Department of Justice | Exhibit 12 | Central Office Administrative Remedy Appeal |
|---|---|---|
| Federal Bureau of Prisons | | |

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | D | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** "[F]ormal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision." 28 C.F.R. § 542.14(d)(5). This is such a remedy request: "Only the Assistant Director (or acting Assistant Director), Correctional Programs Division, has the authority to designate an inmate to a [Communications-Management Unit (CMU)]. CMU designation approval authority may not be delegated below this level." Prog. Stat. 5214.02 Communications Management Unit at ch. 3(e) (Apr. 1, 2015). I am denied Residential Drug-Abuse Program (RDAP) purportedly because of my CMU designation. See FCC Terre Haute BP-8—Informal Resolution, Response of M. Myers, Chief Psychologist, included ("[Y]our current placement in the CMU does not allow for you to be moved to an RDAP").

PRISONER'S SINGLE REQUEST—Please send me to RDAP so that I get the one-year credit towards my sentence and the treatment, both of which I am entitled-to by statute and U.S. Const. amends. V, VIII. See, e.g., 18 U.S.C. §§ 3621(e)(1)(C) ("the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment[...] for all eligible prisoners by the end of fiscal year 1997"), 4042(a)(3) (BOP must provide for the "instruction" of "all persons" convicted of offenses against The United States); Calligan v. Wilson, 362 F. App'x 543, 545 (7th Cir. 2009) (citing Piggie v. McBride, 277 F.3d 922, 924 (7th Cir. 2002)) (prisoner "has a protected liberty interest in his good-time credits and credit-earning class, and he may not be deprived of either without the minimum requirements of due process"); Estelle v. Gamble, 429 U.S. 97 (1976) (prison officials liable for damages for failure to provide medical care). PLEASE SEE INCLUDED CONT. PG. ->

| 22 NOV. 2022 (TUE.) | _(signature)_ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

---

| DATE | GENERAL COUNSEL |
|---|---|
| | CASE NUMBER: _____ |

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C—RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | BP-231(13) |
|---|---|---|
| USP LVN | | APRIL 1982 |

BOP agrees I need and qualify for RDAP. See, again, BP-8 Resp., supra ("A review of your record reveals you are qualified for RDAP and are eligible for the 3621 (e)[sic] Early Release"). BOP has never provided me—as would be required to deny me RDAP—"advance written notice of the charges, a limited right to call witnesses and produce docuemnts, a right to be heard before an impartial decision-maker, and a written statement of the evidence relied on," Calligan, supra. It has never provided me this due process to justify either depriving me of RDAP or placing me in a CMU. See Aref v. Lynch, 833 F.3d 242, 257 (D.C. Cir. 2016) ("[W]e find the designation [to a CMU] meets Sandin's [atypicality and significance] requirements") (citing Sandin v. Conner, 515 U.S. 472 (1995)); Calligan, supra.

I am, moreover, a minimum-security prisoner with no public-safety factors. See SENTRY, Male Custody Classification Form, Gottesfeld, Martin S. No legitimate "safety and security" concern, as claimed, e.g., in the BP-8 response, precludes me from RDAP and BOP could not provide any such "safety and security" concern at the required hearing, which it has never convened.

Further, the RDAP subsection, 18 U.S.C. § 3621(e), provides no exception to BOP's mandatory duty to provide me RDAP on any basis whatsoever; high-security penitentiary inmates with public-safety factors receive RDAP, yet, I, a "camper" stand denied. This is unlawful and nonsensical.

I began asking for RDAP in summer 2021; I filed multiple remedies that went unanswered or untimely answered and I was deceived by FCI-THA staff a year ago into believing I was being sent to RDAP when I was not. I was transferred back to FCI-THA from USP-MAR while my Remedy Request ("BP-9") was pending for RDAP after my BP-8 waited three-plus months for an answer. Now, with First Step Act (FSA) kicking-in, time is of the essence.

I have a corresponding Standard Form 95 ("SF-95") due for an answer by the North Central region by Dec. 1, 2022.

In sum, I have done more than could reasonably be expected of any prisoner to attend RDAP.

22 NOV. 2022 (TUE.)                              by: [signature]
                                                    Martin Gottesfeld

```
MARTIN GOTTESFELD
REG. NO. 12982-104
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 33
TERRE HAUTE, IN 47808
```




```
         ⇔12982-104⇔
         Office Of General Counsel
         Bureau of Prisons
         320 1ST ST NW
         Washington, DC 20534
         United States


Central Office Administrative Remedy Appeal ("BP-11") re RDAP
                22 NOV. 2022 (Tue.)
                    CONTENTS—
    •) Central Office Administrative Remedy Appeal ("BP-11");
            •) Cont. Pg. in quadruplicate;
    •) FCC Terre Haute BP-8—Informal Resolution (1 pg.); and
        •) BP-8 Resp. of M. Myers, Chief Psychologist.
```

---

**NAME:** MARTIN GOTTESFELD
**NUMBER:** 12982-104
Federal ~~Prison Camp~~ Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

 

```
        Tuesday, November 22, 2022; Houston v. Lack, 487 U.S. 266 (1988)
         ⇔12982-104⇔
            Office Of General Counsel
            Bureau of Prisons
            320 1ST ST NW
            Washington, DC 20534
            United States


        BP-11 RE COMMISSARY SPENDING LIMIT
```