| U.S. Department of Justice | Exhibit 16 | Regional Administrative Remedy Appeal |

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.    12982-104    I    USP-MARION
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** This is a resubmission of rem. no. 1120431-R2, given to prison officials for mailing at the opportunity immediately following when the rejection was given to me—see Late Administrative Remedy/Delay Memo, included herewith. I seek expungement of incident report (IR) 3338082—see DHO report included herewith—sanctions entered Dec. 20, 2019, charged prohibited-act code 204A Extortion, Attempted. In support of this singular request to expunge IR 3338082 I note 28 C.F.R. §§ 115.52(b)(1) ("The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse"); 115.67(c) (BOP "shall act promptly to remedy" PREA retaliation, incl. IRs). The IR was plainly retaliatory—and therefore unconstitutional—written immediately after I handed its author Rebekka Eisele a PREA complaint re FCI-THA D-unit Manager Todd Royer—now the subject of an internal-affairs investigation. Royer was alternate DHO D. Matthews's fellow alternate DHO, whom he protected and avenged. The PREA complaint was in the same set of papers I handed to Eisele with the cop-out that became subject of the IR. Also in support of this singular request to expunge IR 3338082, I note that remedies were unavailable to me at FCI-THA due to affirmative misconduct of its officials so I filed this remedy only after my transfer to USP-MARION. For details in support of the unavailability of remedies prior to my transfer, see *Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 1 (Petition, Jan. 7, 2020) at 23, § IV (citing, *inter alia*, *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 n. 3 (7th Cir. 2013); *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Kaba v. Stepp*, 458 F.3d 678, 685–86 (7th Cir. 2006) (adopting *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)); *O'Brien v. Town of Caledonia*, 748 F.2d 403, 409 (7th Cir. 1984)) and dkt. 100 (Declaration of Martin Gottesfeld re *Exhaustion, Retaliation & Justiciability*). PLEASE SEE CONTINUATION PAGE ->

09 Aug. 2022 (Tue.)
DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**




DATE                                    REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar

ORIGINAL: RETURN TO INMATE              CASE NUMBER: _____

**Part C - RECEIPT**                    CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

I note in further support of my single request to expunge IR 3338082 that DHO D. Matthews was biased. *See* Petition § III, *Gottesfeld v. Lammer, supra*, dkt. 1 at 13. My warden-appointed staff rep. neglected her duties and my rights. *Id.* In further support of my single request to expunge IR 3338082 I note I was denied witnesses, *e.g.*, Rebekka Eisele and William Harris, and also denied exculpatory evidence, *e.g.*, a copy of the cop-out in question in time for me to prepare a written statement.

I note in further support of my single request to expunge IR 3338082 that submitting a cop-out as a prerequisite for litigation, as the IR charges, is protected conduct. *See id.* at 3, § II (citing, *inter alia*, *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *Edelson PC v. Bandas Law Firm PC*, 2018 U.S. Dist. LEXIS 19423, No. 16 C 11057 (N.D. Ill. Feb. 6, 2018); *Sellers v. Beto*, 345 F. Supp. 499, 501 (S.D. Tex. 1972)); *id.* at 26, ¶ 133 (quoting *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004); *Perez*)).

Moreover, I note in further support of my single request to expunge IR 3338082: "The court also expressed a concern that '[a]llowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another." *Edelson* at *20-21 (citing *United States v. Pendergraft*, 297 F.3d 1198, 1207 (11th Cir. 2002); *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003)). *See also Pendergraft*, 297 F.3d at 1208 ("[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system"); *Deck*, 349 F.3d at 1258 (joining a "multitude of other courts in holding that meritless litigation is not extortion").

by: [signature]
Martin Gottesfeld

09 Aug. 2022 (Tue.)

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

   

⇐ 12982-104 ⇒
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

 



RESUBMISSION OF REM. NO. 1120431-R2
TO EXPUNGE COURT-ACCESS IR 3338082
TUESDAY, AUGUST 9, 2022