U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Exhibit 18

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.    12982-104    I    USP-MARION
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** I appeal the rejection of rem. ID 1120431-R3 (hereinafter "the BP-10") that follows. As plainly visible on the rejection notice, *id.*, regional did not "inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal." 28 C.F.R. § 542.17(b) Notice. I thus timely appeal the rejection: "When a Request [BP-9] or Appeal [BP-10] is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection[...] to the next appeal level." 28 C.F.R. § 542.17(c) Appeal of Rejections.

Regional based its rejection solely on untimeliness. *See* Rej. Ntc. at REJECT REASON 1. This violates the Prison Rape Elimination Act (PREA): "The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse." 28 C.F.R. § 115.52(b)(1). Instead BOP "shall act promptly to remedy" PREA retaliation, including incident reports. 28 C.F.R. § 115.67(c).

An Office of Internal Affairs (OIA) investigation is underway regarding this same subject matter, i.e. retaliation against PREA reporting at FCI Terre Haute, specifically on behalf of Unit Manager Mr. Todd Royer.

As I explained in the BP-10: "The IR was plainly retaliatory—and therefore unconstitutional—written immediately after I handed its author Rebekka Eisele a PREA complaint re FCI-THA D-unit Manager Todd Royer." Incident report 3338082 was heard by then-Alternate DHO Mr. D. Matthews. *See* DHO Rep. "Royer was alternate DHO D. Matthews's fellow alternate DHO, whom he protected and avenged. The PREA complaint [against Royer] was in the same set of papers I handed to [Report Author] Eisele with the cop-out that became subject of the IR." BP-10 at PART A. "Also in support of this singular request to expunge IR 3338082, I note that remedies were unavailable to me at FCI-THA due to affirmative misconduct of its officials so I filed this remedy only after my transfer to USP-MARION." *Id.* Please direct regional to process the BP-10 in accordance with PREA.

30 SEPT. 2022 (FRI.)
DATE    SIGNATURE OF REQUESTER

**Part B - RESPONSE**


DATE    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

**Part C - RECEIPT**    CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959



⇔ 12982-104 ⇔
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States

APPEAL OF REJECTION OF REM. NO. 1120431-R3

RRIDAY, SEPTEMBER 30, 2022

CONTENTS—

•) CENTRAL OFFICE ADMINISTRATIVE REMEDY APPEAL FORM BP-231(13);

•) TIMELINESS MEMO. (1 PG.); AND

•) "BP-10" (REJ. NTC. (1 PG.), TIMEL. MEMO. (1 PG.), FORM BP-230(13), CONT. PG. IN QUADRUPLICATE (4 PGS.) & DHO REP. (3 PGS.)).