Exhibit 20

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

**Administrative Remedy Number:** 1121339-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on May 6, 2022, in which you allege you were subjected to retaliation by staff members at the United States Penitentiary Marion, Illinois. You were not specific in your request for relief.

Program Statement 5324.12, <u>Sexually Abusive Behavior Prevention and Intervention Program</u> states, "The agency shall establish a policy to protect all inmates and staff who report sexual abuse or sexual harassment or cooperate with sexual abuse or sexual harassment investigations from retaliation by other inmates or staff, and shall designate which staff members or departments are charged with monitoring retaliation." Your allegation has been referred to the appropriate authorities for investigation. A thorough investigation will be conducted and you will be notified of the outcome.

Based on the above, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

7/1/22
Date

Andre Matevousian, Regional Director

I/M received 8/1/22 WS

**PREA** — See, e.g., 28 C.F.R. §§ 115.67(e) and 115.54

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.         12981-104         I         USP MARION
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT       INSTITUTION

**Part A - REASON FOR APPEAL** DHO Jason Bradley is withholding his DHO report re incident report (IR) 3549119 in violation of BOP policy, PREA and U.S. Const. amend. I. Please either produce the written report or expunge the IR. He entered sanctions five months ago (Dec. 1, 2022) but wrote and delivered no report to me. See, e.g., Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 9, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decision and disposition, ordinarily within 15 work days of the decision") and Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007) (due process requires, inter alia, ability to call witnesses, disclosure of exculpatory evidence, an impartial decision maker and written findings). Unit Manager Todd Royer was subject of the call in question and I had and have PREA complaint filed against him. Bradley retaliates against my PREA reporting of his friend and fellow DHO Mr. [illegible] rather than follow BOP policy and PREA, e.g., 28 C.F.R. §§ 115.54 ("The agency shall establish a method to receive third-party reports of sexual abuse and sexual harassment [...]"), 115.54(a)(1) ("Separate the alleged victim and abuser") and 115.67(a) (monitor for "possible retaliation," e.g., "any inmate disciplinary reports," and "act promptly to remedy any such retaliation"), Program Statement 5264.08 Inmate Telephone Regulations (Jan. 24, 2008) ("Inmates may submit telephone numbers for any pers they choose, including numbers for [...] news media") and PS 5270.09, supra. I was denied the staff rep. of my choice; my warden-appointed rep. violated my rights. I was denied witnesses, e.g., Jodi Wampler, exculpatory evidence, e.g., a copy of call audio to challenge the transcription, and an impartial decision maker, viz. not Royer's fellow IDM-DHO buddy. PREA was never followed, e.g., 28 C.F.R. §§ 115.54, 115.54(a)(1), 115.73(a) and 115.67(c). The IR and withholding of Bradley's report are parts of a retaliation campaign by FCI-IMA staffers Bradley, Royer, Elsale, Wheeler, Sherman, Larner, Baker, Edwards, et al. and W. Virginia staffers, e.g. Wampler, in violation of PREA and U.S. Const. amend. I. My calls are not subject to my security assurances not to be quoted to the press.

Apr. 29, 2022 (Fri.)
   DATE                                         SIGNATURE OF REQUESTER

**Part B - RESPONSE**




---

     DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE       CASE NUMBER: _____

**Part C - RECEIPT**
                                                       CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION
SUBJECT: _____

     DATE                      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)