PREA—See, e.g., 28 C.F.R. §§ 115.67(c) 115.54

U.S. Department of Justice

Exhibit 21

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.   12982-104   I   USP-MARION
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL** This is an appeal of rem. no. 1121369-R1. I seek only the DHO report re incident report (I 3549119 to comply with my due-process right to a copy of the factfinder's written reason(s) for the action taken, or, in the alternative, the expungement of the IR. Bradley (DHO) entered sanctions Dec. 1, 2021, eight months ago, but wrote and delivered no report to me. See, e.g., Program Statement 5270.09, CN-1, Inmate Discipline Program at ch. 5 (Nov. 8, 2020) ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days[sic] of the decision"); Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007) (due process requires, inter alia, ability to call witnesses, disclosure of exculpatory evidence, an impartial decisionmaker and written findings). A relevant OIA inquiry, as alluded-to by Reg. Dir. Matevousian in his response, does not negate these policy or due-process requirements. Unit Manager Mr. Todd Royer was subject of the call in question and I had and have PREA complaints filed against him. Bradley, the DHO, retaliates against my PREA reporting of Mr. Royer, Bradley's friend and fellow DHO, and violates BOP policy and PREA, e.g., 28 C.F.R. §§ 115.54 ("The agency shall establish a method to receive third-party reports of sexual abuse and sexual harassment [...]"), 115.64(a)(1) ("Separate the alleged victim and abuser"), 115.67(a) (monitor for "possible retaliation," e.g., "any inmate disciplinary reports," and "act promptly to remedy any such retaliation"); Program Statement 5264.08 Inmate Telephone Regulations (Jan. 24, 2008) ("Inmates may submit telephone numbers for any person they choose, including numbers for [...] news media"); Prog. Stat. 5270.09, CN-1, supra. I was denied the staff rep. of my choice; my warden-appointed rep. violated my rights. I was denied witnesses, e.g., Ms. Jodi Wampler, exculpatory evidence e.g., a copy of the call audio to challenge the transcription, and an impartial decisionmaker, i.e. not Royer's fellow FCI-THA DHO Buddy. *PLEASE SEE INCLUDED CONTINUATION PAGE ->*

1 AUG. 2022 (MON.)   <-SAME DAY I RECEIVED REG.'S RESPONSE.   [signature]
DATE                                                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____

DATE                                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE              CASE NUMBER: _____

**Part C - RECEIPT**                    CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
DATE                                                                            BP-231(13)
                                                                                JUNE 2002

APPEAL OF REM. NO. 1121369-R1; PREA—*See, e.g.*, 28 C.F.R. §§ 115.67(c), 115.54

GOTTESFELD, MARTIN S.     12982-104     I-UNIT     USP-MARION

PREA was never followed, *e.g.*, 28 C.F.R. §§ 115.54, 115.64(a)(1), 115.73(a), 115.67(c). The IR and withholding of Bradley's DHO report are parts of a retaliation campaign by FCI-THA staffers Bradley, Royer, Siereveld, Lammer, Eisele, Wheeler, Baker, Sherman, Edwards *et al.* and West Virginia staffers, *e.g.*, Jodi Wampler, in violation of PREA and U.S. Const. amend. I. My calls are not subject to my securing assurances not to be quoted to the press, esp. regarding flagrant violations by Bureau of Prisons communications-management unit (CMU) staffers of the Prison Rape Elimination Act (PREA).

 The Reg. Director's response was withheld from me from July 1, 2022, until today, August 1, 2022, when I immediately composed this reply. *See* included timeliness memo., and, *cf.*, *Houston v. Lack*, 487 U.S. 266 (1988) (creating the prison-mailbox rule because unrepresented prisoners are unable to secure timely marshaling of mailings). *See also* 28 C.F.R. § 540.203(a), (c) (mail to and from CMU prisoners and BOP regional and central offices is pre-screened for contents).

by: /s/ MARTIN GOTTESFELD       1 AUGUST 2022 (MON.)

— CONTINUATION PAGE 1 OF 1 —

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959



12982-104
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States

MONDAY, AUGUST 1, 2022
APPEAL OF REM. NO. 1121369-R1