Exhibit 23

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 19, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      MARION USP    UNT: I    QTR: I01-009L
      P.O. BOX 2000
      MARION, IL 62959

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1120386-A1    CENTRAL OFFICE APPEAL
DATE RECEIVED  : JULY 26, 2022
SUBJECT 1      : DHO APPEAL - PROCEDURES
SUBJECT 2      :
INCIDENT RPT NO: 3552752

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL. YOU SHOULD HAVE FILED AT THE
                 INSTITUTION, REGIONAL OFFICE, OR CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

RECEIVED SEP 01 2022

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 22, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      MARION USP    UNT: I    QTR: I01-009L
      P.O. BOX 2000
      MARION, IL 62959


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1120386-A2     CENTRAL OFFICE APPEAL
DATE RECEIVED   : JULY 26, 2022
SUBJECT 1       : DHO APPEAL - PROCEDURES
SUBJECT 2       :
INCIDENT RPT NO: 3552752

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL. YOU SHOULD HAVE FILED AT THE
                 INSTITUTION, REGIONAL OFFICE, OR CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S. | 12982-104 | I | USP MARION
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL** This is a resubmission of rem. no. 1120386-R2. The relevant DHO action was taken Dec. 1, 2022; the charge was code 397; I have never been provided the DHO report, I never signed-off that I received it. Either produce the written DHO report re incident report (IR) 3552752 or expunge the IR. Jason Bradley entered sanctions seven months ago, Dec. 1, 2021, but wrote and gave me no report, in violation of U.S. Const. amend. I, PREA and BOP policy. See Prog. Stat. 5270.09, CN-1, Inmate Discipline Program at ch. 5 (Nov. 8, 2020) ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days[sic] of the decision"); Dougherty v. Clark, 1993 U.S. App. LEXIS 12444, No. 91-3344 at *4 (DHO "proceedings 'may be invalidated by evidence that they were retaliatory in nature'" quoting Cain v. Lane, 857 F.2d 1139, 1145 (7th Cir. 1988)). Todd Royer was the sole UDC member, against whom I and others had and have Prison Rape Elimination Act (PREA) complaints filed. Royer was subject of my relevant phone call, over which the charge was brought against me. See 28 C.F.R. §§ 541.7(b) ("UDC members will not be [...] significantly involved in the incident"), 115.64(a)(1) (staff must "Separate the alleged victim," i.e. me, and "abuser," i.e. Royer), 115.67(c) (BOP must monitor alleged abusers and abused for "changes that may suggest possible retaliation" and "act promptly to remedy any such retaliation," including "inmate disciplinary reports"). Royer was involved significantly in the incident, was never separated from any of his accusers, including me, and BOP failed to monitor for and promptly remedy this retaliation. Bradley retaliates openly against my PREA reporting of his fellow FCI-THA DHO, Royer, in violation of U.S. Const. amend. I. I was denied witnesses, e.g., Jodi Wampler, evidence, e.g., the call audio, in order to challenge its transcription, and surveillance audio of S.I.S. Ms. Jamie Wheeler's saying I may read the same statement from the call out loud in the unit, and an impartial decisionmaker not friends with Royer, as well as separation from Royer under PREA. *SEE CONTINUATION PAGE ->*

11 JULY 2022 (MON.) | [signature]
DATE | SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JUL 2 5 2022
Administrative Remedy Section
Federal Bureau of Prisons

DATE | REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar

ORIGINAL: RETURN TO INMATE | CASE NUMBER: 1120386-A1A

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION
SUBJECT: _____

DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN    12982-104    I    USP MARION
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** Please either produce the written DHO report re incident report (IR) 3552752, action taken Dec. 1, 2021, prohibited-act code 397, or expunge the IR. Jason Bradley entered sanctions six months ago but wrote and gave me no report, in violation of U.S. Const. amend. I, PREA and BOP policy. See, e.g., Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision"); Dougherty v. Clark, 1993 U.S. App. LEXIS 12444, No. 91-3344 at *4 (DHO proceedings 'may be invalidated by evidence that they were retaliatory in nature'" (quoting Cain v. Lane, 857 F.2d 1139, 1145 (7th Cir. 1988)). The sole UDC member was Todd Royer, against whom I and others had and have filed PREA complaints and who was subject of the relevant phone call. See, e.g., 28 C.F.R. §§ 541.7(b) ("UDC members will not be [....] significantly involved in the incident"), 115.64(a)(1) (staff must "Separate the alleged victim," i.e. me, and "abuser," Royer), and 115.67(c) (BOP must monitor alleged abusers and abused for "changes that may suggest possible retaliation" and "act promptly to remedy any such retaliation," including "inmate disciplinary reports"); U.S. Const. amend. I. Bradley retaliates against my PREA reporting of his fellow DHO Mr. Royer. I was denied witnesses, e.g., Jodi Wampler, evidence, e.g., the call audio to challenge the transcription and surveillance audio of S.I.S. Ms. Jamie Wheeler's saying I may read the same statement for which I was sanctioned, an impartial decision maker not friends with Royer, separation from Royer under PREA, and, now, the DHO report, without which I am denied access to court. The call posed no articulable threat to safety or orderly operations none was ever presented. Instead Bradley openly took exception to negative but true reports to journalists re Royer and FCI Terre Haute's failures to follow PREA. I was denied advance notice of the charge, code 397, which Bradley adopted sua sponte at the hearing minutes before his decision. My staff rep. neglected her duties and my rights. This is a resubmission of

June 3, 2022 (Fri.)    rem. no. 1120386-R1, signed the day    /s/ MG
DATE    I was given the rejection.    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED JUN 13 2022 REGIONAL DIRECTOR'S OFFICE NORTH CENTRAL REGION

RECEIVED JUL 26 2022 Administrative Remedy Section Federal Bureau of Prisons

DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 1120386-A1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)