U.S. Department of Justice  Exhibit 24           Regional Administrative Remedy Appeal
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.           12982-104           I           USP-MARION
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.          UNIT        INSTITUTION

**Part A - REASON FOR APPEAL** This is a *second* resubmission of rem. no. 1120386-R2. *See, generally,* enclosed. I have verified with the institution that the DHO, Mr. Jason Bradley, never wrote and delivered the DHO report re incident report (IR) 3552752, disciplinary action taken Dec. 1, 2021, prohibited-act code 397. *See*, enclosed, Memo. of Nathan Simpkins re Administrative Remedy #1120386-R2. I obviously, therefore, cannot include the DHO report with this appeal. Moreover, I have a right to the report, which DHO Bradley never wrote and delivered to me to support his findings.

My singular request is to produce the DHO report, or, in the alternative, to expunge IR 3552752. *See, e.g.,* Prog. Stat. 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days [*sic*] of the decision"); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007) (quoting *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992)) (prisoners entitled to "24 hours [...] written notice," "the opportunity to call witnesses and present documentary evidence," "the opportunity to be heard by an impartial decision maker," exculpatory evidence and "a written statement by the fact finder"); *Wolff v. McDonnell,* 418 U.S 539 (1974) (same).

In addition, the IR violates U.S. Const. amend. I, PREA and BOP policy. Todd Royer was the sole UDC member, against whom I and others had and have Prison Rape Elimination Act (PREA) complaints filed. Royer was subject of my relevant phone call, over which the charge was brought against me. *Contrast* Prog. Stat. 5270.09, CN-1, *supra* (quoting 28 C.F.R. § 541.7 (b) ("UDC members will not be [...] significantly involved in the incident"); 28 C.F.R. §§ 115.64(a)(1) (staff must "Separate the alleged victim," i.e. me, from the "abuser," i.e. Royer), 115.67(c) (BOP must monitor alleged abusers and abused for "changes that may suggest possible retaliation" and "act promptly to remedy any such retaliation," including "inmate disciplinary reports"). SEE CONTINUATION PAGE →

05 NOV. 2022 (SAT.)                                                    [signature]
DATE                                                                   SIGNATURE OF REQUESTER

**Part B - RESPONSE**




_____                                           _____
DATE                                                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                      CASE NUMBER: _____

**Part C - RECEIPT**
                                                                CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.    UNIT          INSTITUTION
SUBJECT: _____

_____                      ⊕       _____
DATE                                               SIGNATURE, RECIPIENT OF REGIONAL APPEAL
                                                                                 BP-230(13)

Royer was involved significantly in the incident, was never separated from me or any of his many other accusers and BOP failed to monitor for and promptly remedy this retaliation. DHO Bradley is Royer's fellow DHO and openly retaliated against my PREA reporting of Royer at the DHO hearing itself, thus violating both PREA and U.S. Const. amend. I, as well as 28 C.F.R. § 541.7(b).

I was denied witnesses, e.g., Jodi Wampler, evidence, e.g., the call audio and transcription, in order to challenge the transcription, and surveillance audio of S.I.S. Ms. Jamie Wheeler's telling me that I may read the same statement from the call out loud in the unit, and an impartial decisionmaker not friends and fellow DHO with Royer, as well as separation from Royer under PREA.

Now, absent the DHO report—which was never been produced—I am denied access to court. The call in question in IR 3552752 posed no articulable threat to safety or orderly operations; none was ever presented; it was a call to a jorunalist, Mr. Arthur "Jordan" Bloom of *The American Conservative*. DHO Bradley took exception to my naming Royer to a journalist notwithstanding that policy expressly allowed me to do so: "Inmate may submit telephone numbers for any person[s] they choose, including [...] members of the news media." Prog. Stat. 5264.08 Inmate Telephone Regulations at ch. 8 (Jan. 24, 2008). Third-party PREA reporting of the type for which Bradley punished me is protected by regulation and program statements. *See, e.g*, 28 C.F.R. § 115.54; Prog. Stat. 5324.12 Sexually Abusive Behavior Prevention and Intervention Program (June 4, 2015) (quoting 28 C.F.R. § 115.54). *See also* U.S. Const. amend. I.

Bradley took open exception to my true reports to journalists re Royer and FCI Terre Haute's systemic failure to follow PREA.

I wsa denied adequate notice of the charge, code 397, which Bradley adopted *sua sponte* during the hearing minutes before his decision. *Contrast Scruggs, supra.*

My staff rep. neglected her duties and my rights, e.g., as to the aforecited.


05 NOV. 2022                                        by: /s/ Martin Gottesfeld