UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARTIN GOTTESFELD, Petitioner, *pro se*, <br><br> v. <br><br> T. RULE, Warden of The Federal Correctional Institution, Respondent. | ) ) ) ) ) ) ) ) )     No. 2:22-cv-571-JRS-MJD |

## SECOND SUPPLEMENTAL PETITION FOR A WRIT OF HABEAS CORPUS (§ 2241)

117. MARTIN GOTTESFELD, Petitioner, *pro se*, hereby supplements the instant Petition for a Writ of Habeas Corpus (28 U.S.C. § 2241) ("Petition"), dkt. no 1, and Supplemental Petition for a Writ of Habeas Corpus (§ 2241) ("FSP"), dkt. no. unknown.

118. "Petitioner executed Petition Mon., Dec. 5, 2022," and, "at his next opportunity thereafter, on Tue., Dec. 6, 2022, turned over care, custody and control of Petition to agent of Respondent Ms. Jamie Wheeler for mailing to the Court." FSP at 1, ¶¶ 87—88 (citing Petition at 21, § X ("Executed Mon., Dec. 5, 2022")).

119. Petitioner then executed FSP on Sun., Dec. 11, 2022, and turned over care, custody and control thereof to Respondent on Mon., Dec. 12, 2022, for mailing to the Court USPS Priority Mail bearing U.S.P.S. tracking no. 9114 9022 0078 9988 6602 90. FSP at 9.

120. As of 9:00 A.M. Eastern Time, Fri., Dec. 16, 2022, FSP had not entered the U.S.P.S. tracking system. *See* https://www.usps.gov/ tracking information for no. 9114 9022 0078 9988 6602 90.

121. Between Petitioner's filing of Petition on Dec. 5, 2022, and its entry ca. Dec. 12, 2022, "Petitioner was less than surprised the morning of Thu., Dec. 8, 2022, when agent of Respondent Case Manager Ms. Rebekka Eisele delivered to him the two overdue DHO reports in controversy, for the *RT* IR 3549119 and the *TAC* IR 3552752." FSP at 2, ¶ 94. *See also id.* at ¶ 93 ("Respondent had read Petition for contents on Tue., Dec. 6, 2022") (citing U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5214.02 Communications Management Unit (Apr. 1, 2015) ("CMU P.S.") at

- PAGE 1 OF 5 -

ch. 5(c)(1) ("Incoming and outgoing written general correspondence is ordinarily reviewed by CTU staff before delivery to the inmate or further processing to the post office") (citing 28 C.F.R. § 540.203 (mail to U.S. courts and judges is treated as general correspondence and read for contents))).

122. Petitioner was sure to note he had "still received no response to his Bradley BP-11 Re *RT* IR 3549119," and, "That response remains overdue." FSP at 3, ¶ 99 (citing Bradley BP-11 Re *RT* IR 3549119 Rem. Ack. & Ntc. of Ext. (BP-11 response was due Oct. 24, 2022), Petition, Exh. 22). "All issues pleaded in the BP-11 remain exhausted." *Id.* (listing pleaded issues; quoting U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 1330.18 Administrative Remedy Program (Jan. 6, 2014) ("ARP P.S.") at ch. 12 (quoting 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level"))).

123. Petitioner was again less than surprised when, after Respondent had read FSP, he belatedly delivered two central-office remedy packets to Petitioner on Wed., Dec. 14, 2022. One was the answer to central-office appeal of *RT* IR 3549119. *See* Bradley BP-11 Re *RT* IR 3549119 As Ans. (Dec. 14, 2022), Exh. 29.

124. Respondent's central office acknowledged that Petitioner "allege[s] due process violations regarding the incident report and believe your right to be free from retaliation has been violated." Bradley BP-11 Re *RT* IR 3549119 Cent. Office's Resp. (Nov. 10, 2022) (emphasis added), Exh. 29 at 4. "[Y]our allegation was referred to the proper authority for review. A thorough review will be conducted and proper action taken as deemed necessary." *Id.*

125. The central office provided no definite time in which to expect the "proper action" to be "taken." *Id.* The central office stamped Petitioner's BP-11 "RECEIVED AUG 25 2022." Bradley BP-11 Re *RT* IR 3549119 Form As Ret., Exh. 29 at 2. It had taken 24 days between Petitioner's preparation of the remedy on "1 AUG. 2022" for Respondent's central office to stamp it received. *Id.* From the "AUG 25 2022" date Respondent's central office took a further 77 days to sign the remedy answer "November 10, 2022." Bradley BP-11 Re *RT* IR 3549119 Cent. Office's Resp., Exh. 29 at 4. A further 33 days passed before that response was delivered to Petitioner "DEC 14 2022." Bradley

BP-11 Re *RT* IR 3549119 Rct. of Adm. Rem., Exh. 29 at 1.

126. In total, 110 days passed between the central office's receipt of the remedy and its delivery of its response to Petitioner. This is nearly twice the 60-day maximum allowed by Respondent's own policy. *See* ARP P.S. at ch. 12 (quoting 28 C.F.R. § 542.18 (central office has 40 days plus a 20-day extension in which to answer appeals)).

127. Moreover, Petitioner spent 199 days ~~between~~ ^after^ his initial filing of the first relevant remedy only to reach no closer point to administrative relief. *See* Bradley BP-10 Re *RT* IR 3549119 As Subm. (Apr. 29, 2022), *Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.) (*Lammer*), dkt. 100-68.

128. Petitioner hereby asserts 1) he had exhausted as to the *RT* IR 3549119 prior to the filing of the instant Petition; 2) remedies never were available for the *RT* IR 3549119, as demonstrated by the indefinite time frame asserted by both the regional and central offices for administrative relief and 3) remedies were and remain unavailable for all of the other relief sought in the instant case, including for the Court-access IR 3338082 and the TAC IR 3552752, for the same reasons; any administrative review of retaliation following Petitioner's relevant reporting of agent of the Respondent Mr. Todd Royer is on an indefinite time frame.

129. The other remedy packet Respondent delivered to Petitioner on Wed., Dec. 14, 2022, *supra*, ¶ 123, was for the Court-access IR 3338082. Petitioner continues to assert remedies were never available for the Court-access IR 3338082—and he believes he has more than adequately proved this point. Out of an abundance of caution, as well as to further buttress his argument, however, he timely followed-up. *See* Matthews BP-10 Re Court-access IR 3338082 IV ^[Declpl.]^ (Dec. 16, 2022), Exh. 30.

130. The belated answer to this second BP-11 was similarly unsurprising after Respondent read FSP, which stated: "the Court-access IR 3338082 [memo.], 'was written and sent on 10-5.'" FSP at 1, ¶ 89 (quoting Inmate Request to Staff Re Remedies As Ans. (Dec. 7, 2022), Exh. 25). *See also* Petition at 17, ¶¶ 66—67 (Petitioner had received no response to the Matthews BP-11 Re Court-access IR 3338082 after 66 days).

131. Twenty-five days passed between Petitioner's execution of the relevant BP-11 and Respondent's central office stamping it "RECEIVED OCT 25 2022." Matthews BP-11 Re Court-access IR 3338082 Form As Ret., Exh. 30 at 8. A further 23 days elapsed before the central office decided

to reject the remedy. *See* Matthews BP-11 Re Court-access IR 3338082 Rej. Ntc. (Nov. 17, 2022), Exh. 30 at 7. A further 27 days elapsed before Respondent delivered the rejection to Petitioner. *See* Matthews BP-11 Re Court-access IR 3338082 Rct. of Adm. Rem. (Dec. 14, 2022), Exh. 30 at 6.

132. In total 50 days elapsed between the rejection and its delivery to Petitioner, and the round-trip time for the BP-11 itself was 75 days.

133. This time the central office told Petitioner: "STAFF MEMO, IF DEEMED APPROPRIATE, MUST JUSTIFY TWO-YEAR DELAY IN FILING. OTHERWISE, YOUR APPEAL IS UNTIMELY." Matthews BP-11 Re Court-access IR 3338082 Rej. Ntc. at REMARKS, Exh. 30 at 7.

134. But Petitioner had asserted that regional's "rejection solely on untimeliness[...] violates the Prison Rape Elimination Act." Matthews BP-11 Re Court-access IR 3338082 Form as Ret., Exh. 30 at 8 (quoting 28 C.F.R. §§ 115.52(b)(1) ("The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse"), 115.67(c) (BOP "shall act promptly to remedy" PREA retaliation, including incident reports (IRs))).

135. None of the relevant federal regulations or U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statements state that any such "STAFF MEMO" is required. *See, in toto,* ARP P.S. (quoting 28 C.F.R. §§ 542.10 *et seq.*); U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5324.12 Sexually Abusive Behavior Prevention and Intervention Program (June 4, 2015) ("PREA P.S.") (quoting 28 C.F.R. §§ 115.5 *et seq.*); U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5270.09, Change Notice 1, Inmate Discipline Program (Nov. 8, 2020) ("Inm. Disc. P.S.") (quoting 28 C.F.R. §§ 541.1 *et seq.*).

136. Thus the administrative rulebook cannot be said to require a "STAFF MEMO[.]" for a prisoner to assert that the BOP "shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse." PREA P.S. (quoting 28 C.F.R. § 115.52(b)(1)).

137. And when a grievance meets all of the Administrative Code's written requirements, it cannot be dismissed because of a requirement on which the administrative rulebook is silent. *Dole v. Chandler,* 438 F.3d 804, 810 (7th Cir. 2006) (citing *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002)). *See also* Amended Reply In Support of § 2241 Petition at 12, *Lanier,* dkt. 101 (noting the same holding in regards to other remedies illegitimately rejected by Respondent).

138. Petitioner hereby asserts that the rejections of Matthews BP-10 Re Court-access IR 3338082 III and Matthews BP-11 Re Court-access IR 3338082 are illegitimate and that the remedy process is exhausted.

139. But Petitioner is risk-adverse to potential forfeiture of his rights, so he has, nonetheless, complied with the central office's instruction to secure a staff memorandum. *See* Cop-out for Timel. Memo. Re Matthews BP-10 Re Court-access IR 3338082 IV (Dec. 16, 2022), Exh. 31. Petititoner shall turn over to the BOP care, custody and control of Matthews BP-10 Re Court-access IR 3338082 IV and the corresponding cop-out request for the timeliness memo. at the same time as this Second Supplemental Petition for a Writ of Habeas Corpus (§ 2241). Petitioner asserts that Respondent cannot deny him the requested memo. without conceding the unavailability of the remedy procedures as they are found in the administrative rulebook. It is for the central office, not for Respondent, under Respondent's own rules, to determine the sufficiency of the memo. as requested. Petitioner, in his cop-out, merely requests Respondent to verify the facts as delineated.

140. Petitioner shall turn over to Respondent care, custody and control of this Second Supplemental Petition on Mon., Dec. 19, 2022, for mailing to the Court in an envelope bearing sufficient affixed First Class U.S. postage and tracking no. 9114 9022 0078 9988 6604 29.


I verify that the foregoing is true and correct under the penalty of perjury under the laws of The United States of America. 28 U.S.C. §§ 1746, 2242. Executed Sun., Dec. 19, 2022.


by: _____
    Martin Gottesfeld, *pro se*
    Reg. no. 12982-104
    Federal Correctional Institution
    P.O. Box 33
    Terre Haute, IN 47808

Exhr. 29



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution ☐ Region ⊗ Central

CMU D04-040L___ Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | GOTTESFELD, MARTIN | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | 1121369-A1 | | |

Received on this _____ day of _____, 2022

**RECEIVED**
DEC 1 4 2022
BY: INMATE

P2 — csw R.Eisele
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2022.

Edits received by Unit Team on this _____ day of _____, 2022.

_____
Signature/Title of Staff

Inmate Copy

PREA – See, e.g., 28 C.F.R. §§ 115.67(c) 115.54

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: | GOTTESFELD, MARTIN S. | 12982-104 | I | USP-MARION
--- | --- | --- | --- | ---
 | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A – REASON FOR APPEAL** This is an appeal of rem. no. 1121369-R1. I seek only the DHO report re incident report (IR) 3549119 to comply with my due-process right to a copy of the factfinder's written reason(s) for the action taken, or, in the alternative, the expungement of the IR. Bradley (DHO) entered sanctions Dec. 1, 2021, eight months ago, but wrote and delivered no report to me. *See, e.g.,* Program Statement 5270.09, CN-1, Inmate Discipline Program at ch. 5 (Nov. 8, 2020) ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days[*sic*] of the decision"); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007) (due process requires, *inter alia,* ability to call witnesses, disclosure of exculpatory evidence, an impartial decisionmaker and written findings). A relevant OIA inquiry, as alluded-to by Reg. Dir. Matevousian in his response, does not negate these policy or due-process requirements. Unit Manager Mr. Todd Royer was subject of the call in question and I had and have PREA complaints filed against him. Bradley, the DHO, retaliates against my PREA reporting of Mr. Royer, Bradley's friend and fellow DHO, and violates BOP policy and PREA, *e.g.,* 28 C.F.R. §§ 115.54 ("The agency shall establish a method to receive third-party reports of sexual abuse and sexual harassment [...]"), 115.64(a)(1) ("Separate the alleged victim and abuser"), 115.67(a) (monitor for "possible retaliation," *e.g.,* "any inmate disciplinary reports," and "act promptly to remedy any such retaliation"); Program Statement 5264.08 Inmate Telephone Regulations (Jan. 24, 2008) ("Inmates may submit telephone numbers for any person they choose, including numbers for [...] news media"); Prog. Stat. 5270.09, CN-1, *supra.* I was denied the staff rep. of my choice; my warden-appointed rep. violated my rights. I was denied witnesses, *e.g.,* Ms. Jodi Wampler, exculpatory evidence *e.g.,* a copy of the call audio to challenge the transcription, and an impartial decisionmaker, i.e. not Royer's fellow

FCI-THA DHO Buddy. *PLEASE SEE INCLUDED CONTINUATION PAGE –>*

1 AUG. 2022 (MON.)  <–SAME DAY I RECEIVED REG.'S
DATE                RESPONSE.                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
AUG 25 2022
Administrative Remedy Section
Federal Bureau of Prisons

---

DATE                              GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE        CASE NUMBER: 1121369-A1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
 | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN                    PRINTED ON RECYCLED PAPER              BP-231(13)
                                                                 JUNE 2002

CENTRAL OFFICE ADMINISTRATIVE REMEDY APPEAL CONT. PAGE

APPEAL OF REM. NO. 1121369-R1; PREA——*See, e.g.*, 28 C.F.R. §§ 115.67(c), 115.54

GOTTESFELD, MARTIN S.       12982-104           I-UNIT   USP-MARION

PREA was never followed, *e.g.*, 28 C.F.R. §§ 115.54, 115.64(a)(1), 115.73(a), 115.67(c). The IR and withholding of Bradley's DHO report are parts of a retaliation campaign by FCI-THA staffers Bradley, Royer, Siereveld, Lammer, Eisele, Wheeler, Baker, Sherman, Edwards *et al.* and West Virginia staffers, *e.g.*, Jodi Wampler, in violation of PREA and U.S. Const. amend. I. My calls are not subject to my securing assurances not to be quoted to the press, esp. regarding flagrant violations by Bureau of Prisons communications-management unit (CMU) staffers of the Prison Rape Elimination Act (PREA).

The Reg. Director's response was withheld from me from July 1, 2022, until today, August 1, 2022, when I immediately composed this reply. *See* included timeliness memo., and, c*f.*, *Houston v. Lack*, 487 U.S. 266 (1988) (creating the prison-mailbox rule because unrepresented prisoners are unable to secure timely marshaling of mailings). *See also* 28 C.F.R. § 540.203(a), (c) (mail to and from CMU prisoners and BOP regional and central offices is pre-screened for contents).


by: MARTIN GOTTESFELD                              1 AUGUST 2022 (MON.)


- CONTINUATION PAGE 1 OF 1 -

**Administrative Remedy No. 1121369-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal where you allege retaliation by staff at FCI Terre Haute for
filing PREA complaints against staff.  You claim the Discipline
Hearing Officer (DHO) has withheld from you the DHO report for
incident report number 3549119, sanctioned on December 1, 2021.  You
allege due process violations regarding the incident report and
believe your right to be free from retaliation has been violated.
You request to be provided with a copy of the DHO report to comply
with your due process rights or to have incident report number 3549119
expunged.

A review of your appeal reveals the Regional Director adequately
addressed your complaint and advised your allegation was referred
to the proper authority for review.  A thorough review will be
conducted and proper action taken as deemed necessary.

In addition, the institution has been contacted in regards to a copy
of the DHO report for incident report number 3549119.  You should
follow-up with your Unit Team for further disposition.

This response is provided for informational purposes.


November 10, 2022                    *A. Connors*
Date                                 Ian Connors, Administrator
                                     National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: ___GOTTESFELD, MARTIN S.___ ___12982-104___ ___D___ ___FCI-THA___
         LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL** This is a resubmission of rem. 1120431-R3, given to my unit team for mailing five days after I received the relevant instructions from the central office. *See* incl'd Timel. Memo. Due to the other relevant event: verified, *id.*, I note: "The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse." Prog. Stat. 5324.12 Sexually Abusive Behavior Prevention and Intervention Program (June 4, 2015) (quoting 28 C.F.R. § 115.52(b)(1)). And BOP "shall act promptly to remedy" PREA retaliation. *Id.* (quoting 28 C.F.R. § 115.67(c)).

PRISONER'S SINGLE REQUEST—Please expunge incident report (IR) 3338082, sanctions entered Dec. 20, 2019, charged prohibited-act code 204A Extortion, Attempted. *See* incl'd DHO report. I note that remedies were unavailable to me at FCI-THA due to affirmative misconduct of its staffers, *e.g.*, failure to separate my sexual abuser Mr. Todd Royer from me and retaliation against my attempts to report Royer to OIG. *See* facts verified in Timel. Memo., *supra* (quoting, *inter alia*, P.S. 5324.12 (quoting 28 C.F.R. § 115.64(a)(1) (responding security staff must "Separate alleged vicitm and abuser"); citing 28 C.F.R. § 115.51(b) (BOP must allow anonymous PREA reports to outside entity)). So I began this remedy series only upon my transfer to USP-MARION. For further details in support of the unavailability of remedies prior to my transfer, *see Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 1 (Petition, entered Jan. 7, 2020) at 23, § IV (citing, *inter alia*, *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 n. 3 (7th Cir. 2013); *Ramírez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Kaba v. Stepp*, 458 F.3d 678, 685-86 (7th Cir. 2006) (adopting *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)); *O'Brien v. Town of Caledonia*, 748 F.2d 403, 409 (7th Cir. 1984)), dkt. 100 (Declaration of Martin Gottesfeld re *Exhaustion, Retaliation & Justiciability* ty). SEE CONTINUATION PAGE ->

___16 DEC. 2022 (FRI.)___          _____
        DATE                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br>

_____          _____
        DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE            CASE NUMBER: _____

**Part C—RECEIPT**

                                               CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____

USP LVN     DATE          Previous editions not usable          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

                                                             BP-230(13)
                                                             APRIL 1982

REGIONAL ADMINISTRATIVE REMEDY APPEAL RE IR 3338082 CONT. PG. 1 OF 1

GOTTESFELD, MARTIN S.    REG. NO. 12982-104    D-UNIT                    FCI-THA

The IR was plainly retaliatory—and therefore unconstitutional—written, as it was, immediately after I handed its author Ms. Rebekka Eisele a PREA complaint against her colleague and future-D-unit Manager Mr. Todd Royer. *See*, *again*, facts verified in incl'd Time1. Memo. Mr. Royer is now the subject of an Office of Internal Affairs (OIA) investigation. *See*, *e.g.*, Cent. Office's Resp. to rem. 1121369-A1; Michelle Malkin, *#FreeMartyG: Exposing America's Secret Prisons* (syndicated Jan. 21, 2022), available at https://www.csnnews.com/commentary/michelle-malkin-freemartyg-exposing-americas-secret-prisons (OIG referred investigation to OIA).

Royer was alternate DHO Mr. D. Matthews's fellow alternate DHO, whom Matthews protected and avenged, and Eisele was Matthews's fellow case manager, in whose favor he ruled. *See Malone v. United States AG*, 858 F. App'x 296, 297 (11th Cir. 2021) ("[S]ome facilities also employ alternate DHOs who assist with the disciplinary case load as a 'collateral duty,' meaning that alternate DHOs continue to fulfill their primary job[s]").

My PREA complaint against Royer was in a set of papers I gave Complainant Eisele Dec. 9, 2019. Eisele then filed IR 3338082 against me, charging me with attempted extortion based on a court-related request I had given to her more than 48 hours earlier on Dec. 6, 2019. More than 24 hours had elapsed between my handing Eisele the request in question in the IR 3338082 and my handing her remedy no. 1000236-F1 against Royer. In that time Eisele did not file IR 3338082. *See* Prog. Stat. 5270.09 Inmate Discipline Program (Nov. 8, 2020) at ch. 2 (quoting 28 C.F.R. § 541.5 ("You will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident")). She did so only after I handed her rem. 1000236-F1 against Royer. No warden's memo. documented or excused the delay from Dec. 6, 2019, through Dec. 9, 2019. *Contrast:* "The reason for the delay must be documented in the discipline record." Prog. Stat. 5270.09 Inmate Discipline Program (Nov. 8, 2020) at ch. 2(b).

DHO Matthews was biased. *See* Petition § III, *Gottesfeld v. Lammer*, *supra*, dkt. 1 at 13.

My warden-appointed staff rep. neglected her duties and my rights. *Id.*

I was denied witnesses, *e.g.*, Rebekka Eisele and William O. Harris. *Id.*

I was also denied exculpatory evidence, *e.g.*, a copy of the court-related request in question in IR 3338082 and copies of relevant case law, cited, *infra*, without which I could not prepare a written statement. *Id.*

I further note that submitting a cop-out as a prerequisite for litigation, as the IR charges, is protected conduct. *See id.* at 3, § II (citing, *inter alia*, *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *Edelson PC v. Bandas Law Firm PC*, 2018 U.S. Dist. LEXIS 19423, No. 16 C 11057 (N.D. Ill. Feb. 6, 2018); *Sellers v. Beto*, 345 F. Supp. 499, 501 (S.D. Tex. 1972)); *id.* at 26, ¶ 133 (quoting *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004); *Perez*)).

Moreover, the IR must be expunged because: "The court also expressed a concern that '[a]llowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another." *Edelson* at *20-21 (citing *United States v. Pendergraft*, 297 F.3d 1198, 1207 11th Cir. 2002); *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003)). *See also Pendergraft*, 297 F.3d at 1208 ("[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system"); *Deck*, 349 F.3d at 1258 (joining a "multitude of other courts in holding that meritless litigation is not extortion").

by: _[signature]_                                                      16 DEC. 2022 (FRI.)
Martin Gottesfeld

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

## U.S. DEPARTMENT OF JUSTICE

## FEDERAL BUREAU PRISONS

| | |
|---|---|
| Institution:  FCC Terre Haute | Incident Report number: 3338082 |
| NAME OF INMATE:  Gottesfeld, Martin | REG. NO.:  12982-104    UNIT:  CMU |
| Date of Incident Report:  12-09-2019 | Offense Code: 204A |

Date of Incident:  12-06-2019

Summary of Charges:  Extortion (Attempted)

**I.      NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **12-09-2019** at (time) **1739**  (by staff member) **B. Devlin**.

B. The DHO Hearing was held on (date) **12-20-2019** at (time) **1120**.

C. The inmate was advised of the rights before the DHO by (staff member): **S. Williams, Counselor** on (date) **12-12-2019** and copy of the advisement of rights form is attached.

**II.     STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative.   Yes _____   No **X** .

B. Inmate requested staff representative and appeared.

C. Staff Representative statement:  **No procedural errors noted.  Inmate states he was quoting statute and not attempting to extort anyone.**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) **Warden Appointed** was selected.

E. Staff representative **T. Feuquay, Case Manager** was appointed.

**III.    PRESENTATION OF EVIDENCE**

A. Inmate _____ (admits) **X** (denies) _____ (neither) the charge(s).

B. Summary of inmate statement:
**"That is the document I handed to Ms. Eisele, but I was not extorting anyone, I was quoting DC statute. This incident happened on the 6th not the 9th so the report is late. Video and audio will show this."**

C. Witnesses:
1. Inmate waived right to witness.  Yes _____  No **X**

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below). **Inmate Gottesfeld waived in person witness and the following witness provided a written statement. William Harris #40743-050. "Marty did not intend to extort anything from R. Eisele. He simply was requesting the copy of his order of commitment which is consistent with the statutes regarding the same. Eisele read Marty's document before leaving the library."**

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **Written correspondence from inmate Gottesfeld addressed to Ms. Eisele and other individuals, US and DC statutes, video and audio recordings of the of the incident.**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because: **N/A.**

**IV.    FINDINGS OF THE DHO**

**X** A. The act was committed as charged.     _____ C. No prohibited act was committed:
                                                                  Expunge according to Inmate Discipline PS.

_____ B. The following act was committed:

# INMATE COPY

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

## U.S. DEPARTMENT OF JUSTICE

## FEDERAL BUREAU PRISONS

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| Gottesfeld, Martin | 12982-104 | 12-20-2019 |

V.   SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

You were advised of your rights before the Discipline Hearing Officer and stated that you understood those rights. You requested staff members SOS S. Harvey, SOS B. Eddy and Counselor R. Orr to be your staff representative all of which declined. You were then appointed Case Manager T. Feuquay.  Additionally, you requested the inmate William Harris as a witness and authorized use of a written statement.  You presented the following as documentary evidence on your behalf: Inmate Request to Staff Member, dated 12/06/2019, Title 18 USC §3621(c), D.C Code §16-1905, D.C Code §13-421, D.C Code §13-422, D.C Code §13-423(a).

The DHO finds that on December 6, 2019, you committed the prohibited act of Code 204A, Attempted Extortion or Blackmail.

The DHO considered the Incident Report which the reporting officer states, "On the evening of December 6, 2019, at approximately 1920 hrs, inmate Gottesfeld, Martin, Reg. No. 12982-104, handed me two inmate Requests for processing. I briefly glanced at them, noticed he requested a copy of what I thought was his Judgement and Commitment, on one of them and I verbally explained to him he would have to ask the Records Department to view his Judgement to see if it is any different from the copy I had already given him. I brought the requests to my office, scanned them and left them for further processing on the next business day. On December 9, 2019, I began processing the requests I had collected and noticed inmate Gottesfeld's request includes a demand for a "statutorily-mandated sum" which I interpreted as money. The demand is to myself and approximately 72 other individuals, agencies, and entities demanding a true copy of his Order of Commitment. Specifically he states" I have searched my records for an order of commitment (sic) allowing each of you, jointly and severely (sic), to hold me against my will and found no such order… I hereby demand a true copy of the order of commitment (sic) under which each of you, jointly and severely(sic) is detaining me against my will. This demand is self-executing every twenty-four (24) hours; and each of you whom neglects to deliver to me a true copy of the required order of commitment (sic) shall forfeit to me the statutorily-mandated sum."

I feel threatened by inmate Gottesfeld's demands and I believe he is trying to extort me (and others), both personally and professionally. Inmate Gottesfeld is attempting to intimidate and compel me (and other staff, agencies, entities) by threat of financial demise into providing him a document (to which I have no access) and potentially assisting him in securing a fraudulent release from custody."

The DHO considered your statement to the investigating Lieutenant, where you stated, "This is unconstitutional and retaliatory to my pending litigation. I request for the record that you save the video and audio files of this encounter."

The DHO considered your statement to the UDC stating, "I did not extort anyone. I quoted relevant law nearly verbatim. See attached. This incident report is unconstitutional and those involved with its preparation and any sanctions will likely be held not to have qualified immunity."

The DHO considered the statement by your staff representative stating "No procedural errors noted. Inmate states he was quoting statute and not attempting to extort anyone."

The DHO considered your statement to the DHO stating, "I did give Ms. Eisele those papers but I was not extorting anyone. This incident report is late. It happened on the 6th and I wasn't given a copy until the 9th. I used language right from the DC statue."

The DHO considered your statement and denial to the charge against you, but was not convinced. The DHO believes you would deny the charge to avoid possible disciplinary sanctions, if found guilty. Staff clearly report that you attempted to extort or blackmail them. You admitted to giving Ms. Eisele the written correspondence that contained threatening language. The DHO can find no evidence that the date of incident should have been December 6, 2019, instead of December 9, 2019. The video of the incident was reviewed by the DHO and your interaction with Ms. Eisele was not captured inside the Law Library. The audio was reviewed by the DHO and was only able to make out muffled voices. Ms. Eisele clearly states in the incident report she did not become aware of the incident until December 9, 2019. You received a copy of the incident on December 9, 2019, at 5:39 p.m. Therefore, the DHO finds the incident report is within the timeline outlined in policy. The DHO

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU PRISONS**

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| Gottesfeld, Martin | 12982-104 | 12-20-2019 |

considered your statement that you were quoting statute and not attempting to extort anyone but was not convinced. Upon reviewing the statutes you requested the DHO finds while you have the right to litigation, however; you do not have the right to attempt to extort or blackmail staff into complying with your demands.

Therefore, based on the greater weight of evidence the DHO finds you committed the prohibited act of Code 204A: Attempting to Extort or Blackmail.

**VI.    SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):**

Code 204A:
27 Days Disallow Good Conduct Time
90 Days Loss of Phone
90 Days Loss of Commissary
$50.00 Fine
(balance $401.55 as of 12-20-2019)

**VII.   REASON FOR EACH SANCTION OR ACTION TAKEN:**

The action/behavior on the part of any inmate to carry out an act of extortion/blackmail on another inmate or staff member, poses a very serious threat to the health, safety and welfare of not only the inmate involved, but that of all inmates and staff. Past acts of this nature have resulted in drugs, guns and other weapons entering the institution, as well as escape attempts being carried out. This type of action/behavior cannot be tolerated at any time. The sanction(s) imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times. Although not directly related to the infraction, loss of privileges was invoked to deter the inmate from this behavior in the future.

**VIII. APPEAL RIGHTS:    X    The inmate has been advised of the findings, specific evidence relied on action and reasons for the action. The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.**

| IX.    Discipline Hearing Officer | | |
|---|---|---|
| Printed Name | Signature | Date |
| D. Matthews, Alternate DHO | *D. Matthews* | 01-22-2020 |

DHO report delivered to Inmate by: _*R.E*_____

| _R. Eisele_ | _*R.E*_ | _01/24/2020  1504hrs._ |
|---|---|---|
| Printed Name (Staff) | Signature: | Date and Time: |

# INMATE COPY

3



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution   ☐ Region   ⊗ Central

CMU D04-040L    Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | GOTTESFELD, MARTIN | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | 1120431-A1 | | |

**RECEIVED**
DEC 1 4 2022
BY: INMATE

Received on this _____ day of _____, 2022.

____T.D.____    CSW   R.Eisele_____

Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2022.

Edits received by Unit Team on this _____ day of _____, 2022.

_____

Signature/Title of Staff

*Inmate Copy*

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 17, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI    UNT: CMU    QTR: D02-011LDS
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1120431-A1     CENTRAL OFFICE APPEAL
DATE RECEIVED   : OCTOBER 25, 2022
SUBJECT 1       : DHO APPEAL - PROCEDURES
SUBJECT 2       :
INCIDENT RPT NO: 3338082

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

REJECT REASON 2: SEE REMARKS.

REMARKS         : STAFF MEMO, IF DEEMED APPROPRIATE, MUST JUSTIFY
                  TWO-YEAR DELAY IN FILING. OTHERWISE, YOUR APPEAL IS
                  UNTIMELY.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | I | USP-MARION |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** I appeal the rejection of rem. ID 1120431-R3 (hereinafter "the BP-10") that follows. As plainly visible on the rejection notice, *id.*, regional did not "inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal." 28 C.F.R. § 542.17(b) Notice. I thus timely appeal the rejection: "When a Request [BP-9] or Appeal [BP-10] is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection[...] to the next appeal level." 28 C.F.R. § 542.17(c) Appeal of Rejections.

Regional based its rejection solely on untimeliness. *See* Rej. Ntc. at REJECT REASON 1. This violates the Prison Rape Elimination Act (PREA): "The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse." 28 C.F.R. § 115.52(b)(1). Instead BOP "shall act promptly to remedy" PREA retaliation, including incident reports. 28 C.F.R. § 115.67(c).

An Office of Internal Affairs (OIA) investigation is underway regarding this same subject matter, i.e. retaliation against PREA reporting at FCI Terre Haute, specifically on behalf of Unit Manager Mr. Todd Royer.

As I explained in the BP-10: "The IR was plainly retaliatory—and therefore unconstitutional—written immediately after I handed its author Rebekka Eisele a PREA complaint re FCI-THA D-unit Manager Todd Royer." Incident report 3338082 was heard by then-Alternate DHO Mr. D. Matthews. *See* DHO Rep. "Royer was alternate DHO D. Matthews's fellow alternate DHO, whom he protected and avenged. The PREA complaint [against Royer] was in the same set of papers I handed to [Report Author] Eisele with the cop-out that became subject of the IR." BP-10 at PART A. "Also in support of this singular request to expunge IR 3338082, I note that remedies were unavailable to me at FCI-THA due to affirmative misconduct of its officials so I filed this remedy only after my transfer to USP-MARION." *Id.* Please direct regional to process the BP-10 in accordance with PREA.

| 30 SEPT. 2022 (FRI.) | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

DIR

RECEIVED

OCT 25 2022

Administrative Remedy Section
Federal Bureau of Prisons

| | GENERAL COUNSEL |
|---|---|
| DATE | |

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 1120431·A1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

UPN LVN                    PRINTED ON RECYCLED PAPER                    BP-231(13)
JUNE 2002



**U.S. Department of Justice**
Federal Bureau of Prisons

*United States Penitentiary*

---

*4500 Prison Road*
*Marion, IL 62959*

October 5, 2022

MEMORANDUM FOR ALL CONCERNED

FROM:        N. Simpkins, Case Manager

SUBJECT:        **GOTTESFELD, Martin**
**Register #12982-104**
**Administrative Remedy #1120431-R3**

Please accept this memorandum for the attached documents for Martin Gottesfeld. As you can see it was not received at the institution until 8-8-22. His rejection notice was not given to him until 9-27-22 and he returned his appeal to be mailed out on Thursday 10-6-22. Being a CMU inmate their mail must be scanned and cleared before ever being delivered to them OR leaving the institution.

Thank you in advance for your time.

If you have any questions pertaining to this subject, please do not hesitate to contact me at (618) 964-1441, ext. 1360.

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 9, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      MARION USP   UNT: I   QTR: I01-009L
      P.O. BOX 2000
      MARION, IL 62959


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1120431-R3      REGIONAL APPEAL
DATE RECEIVED  : AUGUST 17, 2022
SUBJECT 1      : DHO APPEAL – PROCEDURES
SUBJECT 2      :
INCIDENT RPT NO: 3338082

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REMARKS        : YOU BEGAN THIS APPEAL 5/6/22 AND RECEIVED A NOTICE
                 TO PROVIDE THE DHO REPORT TWO TIMES. YOU HAVE NOW
                 COMPLIED; HOWEVER; YOU RECEIVED THE REPORT IN 2020.



U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | I | USP-MARION |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** This is a resubmission of rem. no. 1120431-R2, given to prison officials for mailing at the opportunity immediately following when the rejection was given to me—*see* Late Administrative Remedy/Delay Memo, included herewith. I seek expungement of incident report (IR) 3338082—*see* DHO report included herewith—sanctions entered Dec. 20, 2019, charged prohibited-act code 204A Extortion, Attempted. In support of this singular request to expunge IR 3338082 I note 28 C.F.R. §§ 115.52(b)(1) ("The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse"); 115.67(c) (BOP "shall act promptly to remedy" PREA retaliation, incl. IRs). The IR was plainly retaliatory—and therefore unconstitutional—written immediately after I handed its author Rebekka Eisele a PREA complaint re FCI-THA D-unit Manager Todd Royer—now the subject of an internal-affairs investagion. Royer was alternate DHO D. Matthews's fellow alternate DHO, whom he protected and avenged. The PREA complaint was in the same set of papers I handed to Eisele with the cop-out that became subject of the IR. Also in support of this singular request to expunge IR 3338082, I note that remedies were unavailable to me at FCI-THA due to affirmative misconduct of its officials so I filed this remedy only after my transfer to USP-MARION. For details in support of the unavailability of remedies prior to my transfer, *see Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 1 (Petition, Jan. 7, 2020) at 23, § IV (citing, *inter alia*, *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 n. 3 (7th Cir. 2013); *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Kaba v. Stepp*, 458 F.3d 678, 685–86 (7th Cir. 2006) (adopting *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)); *O'Brien v. Town of Caledonia*, 748 F.2d 403, 409 (7th Cir. 1984)) and dkt. 100 (Declaration of Martin Gottesfeld re *Exhaustion, Retaliation & Justiciability*). PLEASE SEE CONTINUATION PAGE ->

| 09 Aug. 2022 (Tue.) | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

RECEIVED
AUG 17 2022

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 1120431-R3

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

UPN LVN                    PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

REGIONAL ADMINISTRATIVE REMEDY APPEAL——CONTINUATION PAGE 1 OF 1 〰

GOTTESFELD, MARTIN S.     REG. NO. 12982-104     I-UNIT   USP-MARION

I note in further support of my single request to expunge IR 3338082 that DHO
D. Matthews was biased. *See* Petition § III, *Gottesfeld v. Lammer, supra*, dkt.
1 at 13. My warden-appointed staff rep. neglected her duties and my rights.
*Id.* In further support of my single request to expunge IR 3338082 I note I
was denied witnesses, *e.g.*, Rebekka Eisele and William Harris, and also denied
exculpatory evidence, *e.g.*, a copy of the cop-out in question in time for me
to prepare a written statement.

    I note in further support of my single request to expunge IR 3338082 that
submitting a cop-out as a prerequisite for litigation, as the IR charges, is
protected conduct. *See id.* at 3, § II (citing, *inter alia, Perez v. Fenoglio*,
792 F.3d 768, 783 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th
Cir. 2000); *Edelson PC v. Bandas Law Firm PC*, 2018 U.S. Dist. LEXIS 19423, No.
16 C 11057 (N.D. Ill. Feb. 6, 2018); *Sellers v. Beto*, 345 F. Supp. 499, 501
(S.D. Tex. 1972)); *id.* at 26, ¶ 133 (quoting *Thompson v. Washington*, 362 F.3d
969, 971 (7th Cir. 2004); *Perez*)).

    Moreover, I note in further support of my single request to expunge IR
3338082: "The court also expressed a concern that '[a]llowing litigants to be
charged with extortion would open yet another collateral way for litigants to
attack one another." *Edelson* at *20—21 (citing *United States v. Pendergraft*,
297 F.3d 1198, 1207 (11th Cir. 2002); *Deck v. Engineered Laminates*, 349 F.3d
1253, 1258 (10th Cir. 2003)). *See also Pendergraft*, 297 F.3d at 1208
("[P]rosecuting litigation activities as federal crimes would undermine the
policies of access and finality that animate our legal system"); *Deck*, 349
F.3d at 1258 (joining a "multitude of other courts in holding that meritless
litigation is not extortion").


by: _[signature]_                          09 Aug. 2022 (Tue.)
Martin Gottesfeld



- CONTINUATION PAGE 1 OF 1 -



**U.S. Department of Justice**

Federal Bureau of Prisons

_United States Penitentiary_

_4500 Prison Road_

_Marion, IL  62959_

August 8, 2022

MEMORANDUM FOR:   Administrative Remedy Coordinator

FROM:                    M. Wallace, Administrative Remedy Clerk
                         USP Marion, IL

SUBJECT:              Late Administrative Remedy/Delay Memo

On August 8, 2022, Administrative Remedy Rejection 1120431-R2 was placed in the inmate mailbox back to the inmate.  Please use your judgment in accepting his appeal accordingly.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 30, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      MARION USP    UNT: I    QTR: I01-009L
      P.O. BOX 2000
      MARION,  IL 62959

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1120431-R2      REGIONAL APPEAL
DATE RECEIVED  : JUNE 27, 2022
SUBJECT 1      : DHO APPEAL - PROCEDURES
SUBJECT 2      :
INCIDENT RPT NO: 3338082

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF THE   DHO REPORT YOU
                 WISH TO APPEAL OR    IDENTIFY THE CHARGES AND DATE
                 OF THE DHO ACTION.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.



U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.   12982-104   I   USP MARION
       LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL** This is a resubmission of remedy ID 1120431-R1, seeking only the expungement of incident report ("IR") 3338082, DHO action taken 12-20-2019, charge 204A attempted extortion. In support of this singular request, I note 28 C.F.R. §§ 115.52(b)(1) ("The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse"); 115.67(c) (BOP "shall act promptly to remedy" PREA retaliation, including IRs). The IR was plainly retaliatory—and therefore unconstitutional—written immediately after I handed its author Rebekka Eisele a PREA re FCI-THA D-unit manager Mr. Todd Royer—now the subject of an internal-affairs investigation. Royer was alternate DHO Mr. D. Matthews fellow alternate DHO, whom he protected and took revenge for. The PREA was in the same set of papers I handed to Eisele with the cop-out that became subject of the IR. Also in support of this singular request to expunge the IR, I note that remedies were unavailable to me at FCI-THA due to affirmative misconduct of its officials so I filed this remedy only after my transfer to USP-MARION. For details in support of the unavailability of remedies prior to my transfer, *see Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 1 (Petition, Jan. 7, 2020) at 23, § IV (citing, *inter alia, Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 n. 3 (7th Cir. 2013); *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Kaba v. Stepp*, 458 F.3d 678, 684–86 (7th Cir. 2006) (adopting *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)); *O'Brien v. Town of Caledonia*, 748 F.2d 403, 409 (7th Cir. 1984)). I note in further support of my single request to expunge the IR that DHO D. Matthews was biased. *See id.* at 13, § III. My warden-appointed staff rep. neglected her duties and my rights. *Id.* In further support of my single request to expunge the IR I note that I was denied witnesses, *e.g.*, Rebekka Eisele and William Harris, and exculpatory evidence, *e.g.*, a copy of the cop-out in question. *PLEASE SEE CONTINUATION PAGE ->*

June 15, 2022 (Wed.)—the same day I received the
rejection

DATE   SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JUN 27 2022
REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

_____   _____
DATE   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE   CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: 1120431 - R2

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____   _____
DATE   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN   PRINTED ON RECYCLED PAPER   BP-230(13)
JUNE 2002

REGIONAL ADMINISTRATIVE REMEDY APPEAL——CONTINUATION PAGE 1 OF 1

GOTTESFELD, MARTIN S.      REG. NO. 12982-104    I-UNIT  USP-MARION

I note in further support of my single request to expunge the IR that submitting a cop-out as a prerequisite for litigation, as the IR charges I did, is protected conduct. *See id.* at 3, § II (citing, *inter alia*, *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *Edelson PC v. Bandes Law Firm PC*, 2018 U.S. Dist. LEXIS 19423, No. 16 C 11057 (N.D. Ill. Feb. 6, 2018); *Sellers v. Beto*, 345 F. Supp. 499, 501 (S.D. Tex. 1972)) and *id.* at 26, § 133 (quoting *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004); *Perez*, *supra*)).

Moreover, I note in further support of my single request to expunge the IR, "[t]he court also expressed a concern that '[a]llowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another." *Edelson* at *20-21 (citing *United States v. Pendergraft*, 297 F.3d 1198, 1207 (11th Cir. 2002); *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003)). *See also Pendergraft* at 1208 ("[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system"); *Deck* at 1258 (joining a "multitude of other courts in holding that meritless litigation is not extortion").

Martin Gottesfeld

2022-06-15 (Wed)
Date

- CONTINUATION PAGE 1 OF 1 -



**U.S. Department of Justice**
Federal Bureau of Prisons

*United States Penitentiary*

---

*4500 Prison Road*
*Marion, IL 62959*

June 23, 2022

MEMORANDUM FOR ALL CONCERNED

FROM:        N. Simpkins, Case Manager

SUBJECT:        **GOTTESFELD, Martin**
**Register #12982-104**
**Administrative Remedy #1120431-R1**


Please accept this memorandum for the attached documents for Martin Gottesfeld. As you can see it was not received at the institution until 6-8-22. His rejection notice was not given to him until 6-15-22 and he returned his appeal to be mailed out on Thursday 6-16-22. Being a CMU inmate their mail must be scanned and cleared before ever being delivered to them or leaving the institution, which is the reason for it just now leaving the institution. Due to our procedures, he will technically be out of his timeframe.

Thank you in advance for your time.

If you have any questions pertaining to this subject, please do not hesitate to contact me at (618) 964-1441, ext. 1360.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 16, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      MARION USP   UNT: I    QTR: I01-007L
      P.O. BOX 2000
      MARION,  IL 62959

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1120431-R1      REGIONAL APPEAL
DATE RECEIVED  : MAY 6, 2022
SUBJECT 1      : DHO APPEAL - PROCEDURES
SUBJECT 2      :
INCIDENT RPT NO: 3338082

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF THE   DHO REPORT YOU
                 WISH TO APPEAL OR   IDENTIFY THE CHARGES AND DATE
                 OF THE DHO ACTION.

REJECT REASON 2: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                 THAN ONE INCIDENT REPORT (INCIDENT NUMBER).   YOU MUST
                 FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                 OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.





PREA—See 28 C.F.R. §§ 115.52(b)(1) ("The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse") and 115.67(c) ("shall act promptly to remedy" retaliation, incl. incident reports).

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **GOTTESFELD, MARTIN S.**    **12982-104**    **I**    **USP MARION**

         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** Please expunge incident report (IR) 3338082. Remedies were unavailable to me at FCI-IHA due to affirmative misconduct of its officials. *See* Habeas Petition, *Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 1 (Jan. 7, 2020) at 23, § IV (citing, *inter alia, Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 n. 3 (7th Cir. 2013); *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Kaba v. Stepp*, 458 F.3d 678, 684–86 (7th Cir. 2006) (adopting *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)); and *O'Brien v. Town of Caledonia*, 748 F.2d 403, 409 (7th Cir. 1984)).

DHO Matthews was biased. *See id.* at 13, § III. My warden-appointed staff rep. neglected her duties and my rights. *Id.* I was denied witnesses, *e.g.*, Rebekka Eisele and William Harris, and exculpatory evidence, *e.g.*, a copy of the cop-out in question. Submitting a cop-out, as the IR charges I did, as a prereq. to litigation, is protected conduct. *See id.* at 3, § II (citing *inter alia, Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *Edelson PC v. Bandas Law Firm PC*, 2018 U.S. Dist. LEXIS 19423, No. 16 C 11057 (N.D. Ill. Feb. 6, 2018); and *Sellers v. Beto*, 345 F. Supp. 499, 501 (S.D. Tex. 1972)) and *id.* at 26, § 133 (quoting *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004) and *Perez, supra*).

Moreover, "[t]he court also expressed a concern that '[a]llowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another.'" *Edelson* at *20–21 (citing *United States v. Pendergraft*, 297 F.3d 1198, 1207 (11th Cir. 2002) and *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003)). "[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system." *Pendergraft* at 1208. *See also Deck* at 1258 (joining a "multitude of other courts in holding that meritless litigation is not extortion").

Apr. 29, 2022 (Fri.)

————————————————      ————————————————
     DATE                     SIGNATURE OF REQUESTER

**Part B - RESPONSE** The incident report was plainly retaliatory, written immediately after I handed its author Rebekka Eisele admin. rem. no. 1000236-F1 (which she then took two days on a PREA to turn over to the admin.-remedy clerk). *See* BP-No. 1000236-F1, *Gottesfeld v. Lammer, supra*, dkt. 47-1 (July 14, 2020) at 4. Todd Royer was Matthews's fellow FCI-IHA alternate DHO. In reality the BP-9 was in the same stack as the cop-out in question when I handed both to IR-writer Eisele. Eisele saw that admin. rem. no. 1000236-F1 is a PREA against her boss, Unit Manager Royer, and lodged the incident report before the PREA BP-9.

RECEIVED
MAY 0 6 2022
REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

————————————————      ————————————————
     DATE                     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE              CASE NUMBER: ————————————

**Part C - RECEIPT**

                                          CASE NUMBER: **1120431-R1**

Return to: ————————————————————————————————————————————————
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: ————————————————————————————————————————————

————————————————      ————————————————
     DATE                 SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN           PRINTED ON RECYCLED PAPER          BP-230(13)
                                                  JUNE 2002

MARTIN GOTTESFELD
REG. NO. 12982-104
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 33
TERRE HAUTE, IN 47808

**UNITED STATES**
**POSTAL SERVICE®**

USPS TRACKING #

9114 9022 0078 9988 6602 45

⇔12982-104⇔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

RESUBMISSION OF REM. 1120431-R3 TO EXPUNGE COURT-ACCESS IR 3338082
FRIDAY, DECEMBER 16, 2022
CONTENTS—•) TIMEL. MEMO. RE REM. 1120431-A1; •) FORM BP-230(13) ("BP-10");
•) CONT. PG. IN QUADURPLICATE; •) DHO REPORT RE IR 3338082 (3 PGS.);
•) RCT. OF REM. 1120431-A1 (1 PG.); •) REJ. NTC. 1120431-A1;
•) FORM BP-231(13) ("BP-11"); •) TIMEL. MEMO. RE 1120431-R3;
•) REJ. NTC. 1120431-R3; •) BP-10 1120431-R3; •) -R3 CONT. PG. IN QUADRUPLICATE;
•) TIMEL. MEMO. RE 1120431-R2; •) REJ. NTC. 1120431-R2; •) BP-10 1120431-R2;
•) -R2 CONT. PG. IN QUADRUPLICATE; •)TIMLE. MEMO. 1120431-R1; ~~AND~~
•)R1 REJ. NTC., AND •) BP-10 1120431-R1.

Exhr 31

To Case Manager, FCI-THA D-Unit
From Gottesfeld, Martin S., Reg. no. 12982-104
1145 hrs. Fri., Dec. 16, 2022
Re Timeliness Mëmo. for Remedy No. 1120431 re IR 3338082

To Whom It May Concern:

I hope you are well.

Pursuant to the central office's remarks re remedy 1120431-A1, I hereby request a timeliness memo. verifying the following facts.

1. I received central office's rejection notice of 1120431-A1 on Dec. 14, 2022.

2. Ca. June 27, 2019, I sent a CORRLINKS message accusing Mr. Todd Royer of sexual abuse under the Prison Rape Elimination Act (PREA), i.e. sexual voyeurism, quoting 28 C.F.R. § 115.6.

3. Ca. June 28, 2019, I tried to mail a PREA complaint against Royer to the U.S. Dep't of Justice Office of the Inspector General (OIG). Case Manager Ms. Rebekka Eisele returned the mailing to me the next business day, which I had not been allowed to seal, and she refused to mail it. Eisele did not separate Royer from me. Cf. U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5324.12 Sexually Abusive Behavior Prevention and Intervention Program (June 4, 2015) (quoting 28 C.F.R. § 115.64(a)(1) (responding security staff must "Separate alleged victim and abuser")) ("In the Bureau, all institution staff are 'security staff'").

4. Ca. June 28, 2019, FCI Terre Haute S.I.S. Lt. Mr. Jamie Baker came to the CMU to interview me about the alleged PREA violation, which had been recorded on closed-circuit audio and video that was immediately available for his review. Lt. Baker did not separate Royer from me. Cf. Prog. Stat. 5324.12, supra, ¶ 3.

5. Ca. July 1, 2019, I mailed a declaration to court accusing Royer of sexual abuse under PREA, i.e. sexual voyeurism. See Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG-GWG (S.D.N.Y.), dkt. 63 at 5–8 (quoting 28 C.F.R. § 115.6). I later gave a copy of this declaration to FCI Terre Haute S.I.S. Lt. Mr. J. Sherman. Sherman did not separate Royer from me.

6. Ca. Nov. 26, 2019, I turned in to Eisele an Administrative Remedy—Informal Resolution ("BP-8"), stating, inter alia, "My prior attempt to anonymously report a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. [Mr. Jamie] Baker['s] trying to interview me in the CMU and this was wholly inappropriate[...] Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the 'Request to Staff' button is no longer disabled in the CMU." Eisele et al. never answered this BP-8.

7. The morning of Mon., Dec. 9, 2019, I handed Eisele remedy no. 1000236-F1, stating, inter alia, "My prior attempt to report anonymously a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. [Mr. Jamie] Baker['s] trying to interview me in the CMU and this was wholly inappropriate" and "Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the 'Request to Staff' button is no longer disabled in the CMU."

8. Later on Dec. 9, 2019, Eisele filed incident report (IR) 3338082 against me, charging me with attempted extortion based on a court-related request I had given to her more than 48 hours earlier on Fri., Dec. 6, 2019. More than 24 hours had elapsed between my handing Eisele the request in question in the IR and my handing Eisele remedy no. 1000236-F1, and in that time Eisele did not file IR 3338082; she filed IR 3338082 only after I handed her remedy no. 1000236-F1, supra, ¶ 7. Cf. U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5270.09 Inmate Discipline Program (Nov. 8, 2020) at ch. 2 (quoting 28 C.F.R. § 541.5 ("You will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident").

9.  FCI Terre Haute Lt. Mr. B. Devlin delivered the IR and placed me in the SHU.  I told Devlin immediately upon receipt of the IR that it was retaliatory.  At no point did any FCI Terre Haute staffer ever separate me from Royer.

10.  On Dec. 20, 2019, IR 3338082 was decided by Mr. D. Matthews.  Matthews and Complainant Eisele were both case managers at FCI Terre Haute and Matthews and Royer were both alternate disciplinary-hearing officers (DHOs) at FCI Terre Haute.  *See, e.g.*, *Malone v. United States, AG*, 858 F. App'x 296, 297 (11th Cir. 2021) ("[S]ome facilities also employ alternate DHOs who assist with the disciplinary case load as a 'collateral duty,' meaning that alternate DHOs continue to fulfill their primary job[s]").

11.  Either while rem. no. 1000236-F1 was assigned to my then-unit manager Ms. D. Thomas for investigation, or very shortly thereafter, Warden Brian Lammer made Royer my new unit manager.

12.  Royer remained my unit manager until my transfer to U.S.P. Marion on Jan. 21, 2022.

13.  I remained in SARS-CoV-2 quarantine at Marion until the evening of Feb. 4, 2022.

14.  I was released from SARS-CoV-2 quarantine straight into the national lockdown resulting from the 2022 incident at Beaumont.

15.  After the national lockdown I still had not received my property, i.e. legal papers, from FCI Terre Haute when my unit at Marion entered a three-week SARS-CoV-2 lockdown until Mar. 21, 2022.

16.  I did not receive my property, i.e. legal papers, until Mar. 24, 2022.  More lockdowns followed.

17.  At Marion I participated in Pesach (Passover) from Apr. 15 through Apr. 23, 2022, which precluded me from working.

18.  After Pesach ended I requested Form BP-230(13)s ("BP-10s") but did not receive them for several days, as then customary at U.S.P. Marion I-unit.

19.  Upon my receipt of the BP-10s I promptly turned over to my unit team care, custody and control of remedy appeal 1120431-R1 for mailing to regional, accurately dated Apr. 29, 2022.

20.  I was transferred back to FCI Terre Haute Nov. 10, 2022, and Royer remains an acting associate warden here and there is still no separation order precluding his access to me.


If you have any difficulty verifying any of the above facts please let me know in writing and I will help you identify the relevant records.  Likewise, if you feel I am materially mistaken as to any of the above, then please specify any such discrepencies to me in writing and I will re-examine my records and get back to you.


Thank you for your prompt attention to this time-sensitive matter,


by: 
    Martin Gottesfeld, 12982-104