UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
01/09/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

MARTIN GOTTESFELD, Petitioner, )
*pro se*, )
)
v. )   No. 2:22-cv-571-JRS-MJD.
)
T. RULE, Warden of The )
Federal Correctional Institution, )
Terre Haute, Indiana. )
Respondent. )

## SUPERSEDING MOTION TO AMEND

MARTIN GOTTESFELD, Petitioner, *pro se*, hereby supersedes his previous Motion for Leave to Supplement or Amend and Second Motion for Leave to Supplement or Amend, dkts. 5-1, 7-1.

The Petition, dkt. 1, "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. And, "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Parvis v. United States*, 662 F.3d 939, 945 (7th Cir. 2011) (assuming habeas petitioner "would have been able to amend" to include newly available *Johnson* claim).

Petitioner has provided his provisional amendedment with this motion. *See* Amended Petition for a Writ of Habeas Corpus (28 U.S.C. § 2241) (hereinafter the "Amended Pet."):

The Amended Pet. would avoid a need to file a third supplement to address further events after Petitioner's Second Motion for Leave to Supplement or Amend, dkt. 7-1. Petitioner learned thereafter, for example, that Respondent had rejected one of his relevant remedies for FSA credit. Amended Pet. at 17, ¶ 94 (citing FSA-credit BP-9 As Rej., Dec. 21, 2022). Petitioner challenges said rejection under 28 C.F.R. § 542.14(d)(5) (remedy may be initially filed with the Bureau office that made the original decision). *See* Amended Pet. at 17, ¶ 96 (citing FSA-credit BP-11 As Subm., Dec. 21, 2022). The Amended Pet. also details further events relevant to the availability or unavailability of potentially relevant administrative remedies. *Id.* at 30, ¶¶ 191–244 (after Petitioner sought a timeliness memo. as per BOP's central office that was adverse to Eisele, Eisele, the incorrect official, demanded Petitioner pay $1,300 in a single payment to the Inmate Fin-

ancial Responsibility Program (IFRP), far more than the $25 he had been paying every three months, or, effectively, lose his RDAP eligibility; Wheeler and Eisele deleted Petitioner's approved contacts for his wife and three NBC producers; Wheeler made clear she did not wish to preserve evidence requested by Petitioner).

A further supplement, which would be potentially confusing for the parties and the Court, is also inappropriate because amendment is necessary to correct a nondispositive but consequential calculation error in the initial petition. *Contrast* Petition, dkt. 1 at 1 (claiming Petitioner's rightful release date was Sept. 14, 2022), to Amended Pet. at 1 (Petitioner's rightful release date was in fact Oct. 22, 2022). *See also* Amended Pet. at 11, ¶ 37, Table 1 (calculating Petitioner's release date progressively as he earned FSA credit).

Last, Petitioner, an unrepresented prisoner, strengthened his arguments in the Amended Pet. and the Amended Pet. better presents the relevant issues to ease both Respondent's burden parsing the pleading and the Court's.

Respondent is yet to file anything in this case, and, due to the relevant regulations, he will be served a copy of the Amended Pet. before he ever does so. *See* Amended Pet. at 3, ¶ 11 (Respondent reads Petitioner's court filings before they are mailed) (citations omitted). Thus, there is no likely prejudice to Respondent as a result of Petitioner's timely amendment.

Should the Court grant this motion, Petitioner assents to the Court's denials as moot of both his earlier relevant motions, dkts. 5-1, 7-1.

Respectfully filed Mon., Jan. 2, 2023, under the prison-mailbox rule, *Houston v. Lack*, 487 U.S. 266 (1988), by mailing to the Court in an envelope bearing sufficient affixed pre-paid U.S. Priority Mail postage and tracking no. 9114 9022 0078 9988 6603 82, handed at the next opportunity to the FCI Terre Haute communications-management unit team in its official capacity as an agent of Respondent and of his counsel,

by: [signature]
Martin Gottesfeld, *pro se*
Reg. no. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Martin Gottesfeld, *pro se*, certify that on Jan. 2, 2023, or my first opportunity thereafter, I caused a digital copy of the foregoing document to be served upon Respondent in the above-captioned case by mailing this copy to the Court; *see* 28 C.F.R. § 540.203 (mail to U.S. courts and judges is read for contents),

by: *[signature]*
Martin Gottesfeld