| | |
|---|---|
| MARTIN GOTTESFELD, Petitioner, *pro se*, <br> v. <br> T. RULE, Warden of The Federal Correctional Institution, Terre Haute, Indiana, Respondent. | No. 2:22-cv-571-JRS-MJD. |

## MOTION FOR LEAVE TO SUPPLEMENT OR AMEND

MARTIN GOTTESFELD, Petitioner, *pro se*, moves the Court for leave to supplement, or, in the alternative to amend the instant petition, dkt. 12, to address Respondent's 1) atypical and significant prior restraints against Petitioner's communications with Petitioner's wife, attorneys and others, enacted after Petitioner's filing of the operative Amended Petition; and 2) assertion that prisoners' refusals to participate in Respondent's Inmate Financial Responsibility Program (IFRP) precludes credit earning under the FSA.

The petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). Petitioner provided his provisional Supplemental Petition with this motion. *See* Supplemental Petition for a Writ of Habeas Corpus (§ 2241).

No prejudice would result to Respondent as a result of Petitioner's supplementation.

But, should the Court find a supplement not in order, Petitioner moves, in the alternative, for leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires"); *Parvis v. United States*, 662 F.3d 939, 945 (7th Cir. 2011) (assuming habeas petitioner "would have been able to amend" to include newly available *Johnson* claim).

In the event of leave to amend, Petitioner moves the Court to order the Clerk to merge the operative Petition, dkt. 12, with the herewith-provided supplement as a new docket entry. The paragraph and exhibit numbers run consecutively across the pleadings such that the Clerk need only separate the exhibits from the Amended Petition, docket the Amended Petition, the Supplemental Petition, then the exhibits to the Amended Petition followed by the exhibits to the Supplemental.

Respectfully filed Sun., Jan. 22, 2023, under the prison-mailbox rule, *Houston v. Lack*, 487 U.S. 266 (1988), by mailing to the Court in an envelope bearing sufficient affixed pre-paid First Class U.S. postage and tracking no. 9114 9022 0078 9988 6616 00, handed at the next opportunity to (circle one) Mr. Klink or ~~Mr. Schmalensee~~ of the FCI Terre Haute D-unit team in his official capacity as an agent of Respondent and of Respondent's counsel,

by: /s/
Martin Gottesfeld
Reg. no. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

CERTIFICATE OF SERVICE

I, Martin Gottesfeld, *pro se*, certify that on Jan. 22, 2023, or my first opportunity thereafter I caused a digital copy of the foregoing document to be served upon the Respondent in the above-captioned case and on his counsel by mailing this copy to the Court; *see* 28 C.F.R. § 540.203 (mail to U.S. courts and judges is read for contents).

by: /s/
Martin Gottesfeld