UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
01/25/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

```
MARTIN GOTTESFELD, Petitioner,   )
          pro se,                )
                                 )
              v.                 )   No. 2:22-cv-571-JRS-MJD.
                                 )
T. RULE, Warden of The           )
Federal Correctional Institution,)
    Terre Haute, Indiana,        )
              Respondent.        )
                                 )
```

## NOTICE

MARTIN GOTTESFELD, Petitioner, *pro se*, notifies the Court and Respondent as follows. He brings no motion at this time but may, if the docketing troubles detailed, *infra*, persist, move in the near future for an order requiring Respondent to allow Petitioner to seal Petitioner's mailings to this Court, or, in the alternative, requiring Respondent to ensure that Petitioner's mailings to the Court are properly sealed with all pages contained therein in the same order as when Petitioner provides his Court mailings to Respondent for marshaling to the post office, and ultimately the Court.

First Petitioner has learned that his previous Notice, dkt. 8, was entered without the accompanying exhibit. Petitioner has provided another copy in the same envelope of this mailing and at his own expense. Petitioner notes the accumulating history of problems with his mailings to this Court from Respondent's administrative communications-management units (CMUs). *See, e.g., Gottesfeld v. Lammer*, No. 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 91 ("envelope arrived damage"; entered June 21, 2022).

Second, Petitioner located his sentence computation data. *See* Sentence Monitoring Computation Data As of 10-25-2022, Exh. 1 ("[...] FSA CREDITS.: 244 DAYS"; "HOME DETENTION ELIGIBILITY DATE ....: 10-11-2023"). Petitioner previously referenced this document, Amended Petition at ¶¶ 85–86, dkt. 12 at 17 (Petitioner "was given his very first" FSA-credit calculation Oct. 27, 2022, showing 244 days of FSA time credit). Petitioner notes his statutory release date, as calculated by the

Bureau of Prisons ("BOP") and applied prior to FSA credit, has, in the time since he was provided the aforesaid calculation, advanced 27 days from Dec. 11, 2024, to Nov. 14, 2024. Petitioner reasonably infers his home-detention-eligibility date must have similarly advanced from Oct. 11, 2023, to Sept. 14, 2023, and possibly further due to since-earned FSA credit.

Next, Petitioner located evidence of his previous $25-per-quarter Inmate Financial Responsibility Program (IFRP) schedule. *See* Individualized Needs Plan–Program Review, Aug. 11, 2022, Exh. 2 at 1, FRP Payment Plan ("Inmate Decision: AGREED $25.00 Frequency: QUARTERLY"). Petitioner made a relevant assertion in his Amended Petition at ¶ 194 (citing $25-per-quarter schedule at U.S.P. Marion), dkt. 12 at 31.

Next, Respondent untimely answered Petitioner's relevant Request for Administrative Remedy ("BP-9") for RDAP from Nov. 22, 2022, on Jan. 3, 2023, i.e. the day after Petitioner's timely filing of his Amended Petition under the prison-mailbox rule. *See* Terre Haute RDAP BP-9 as Ans., Exh. 3. Petitioner referenced his original filing of same in his Amended Petition at ¶ 70, dkt. 12 at 15.

Petitioner timely filed a Regional Administrative Remedy Appeal ("BP-10"). *See* Terre Haute RDAP BP-10 As Subm. Key Pg. and Proof of Mailing, Jan. 3, 2023, Exh. 4.

Next, Respondent rejected Petitioner's fourth BP-10 re Court-access IR 3338082. *See* Matthews BP-10 Re Court-access IR 3338082 IV As Rej. Key Pgs., Jan. 10, 2023, Exh. 5. Petitioner referenced his original filing of same in his Amended Petition at ¶¶ 162, 177, 189, dkt. 12 at 26.

No timeliness memo. was returned to Petitioner with the rejected filing, and the rej. ntc., Exh. 5 at 2, makes clear Eisele had not provided one. *Cf.* Amended Petition at ¶¶ 189 (Petitioner requested timel. memo. from Eisele), 239–41 (Wheeler indicated no timel. memo. would be provided and that Respondent would not provide Petitioner confirmation of whether or not it had been withheld; Petitioner sought preservation of audio and video of the conversation), dkt. 12 at 30.

In the time between Petitioner's submission of the BP-10 and its rejection, however, Eisele left the unit team and a new official was informally designated to handle timel. memos. The new official told Petitioner he would consider writing a timel. memo. only after a relevant rejection. Assuming, *arguendo*, that Respondent may at times require additional exhaustion steps not

found in the administrative rulebook, Petitioner does not stipulate that requiring a rejection before providing a timel. memo. is valid. It, *inter alia*, requires Petitioner to waste money on postage.

In any event, Petitioner composed a new request for a timel. memo. and BP-10. *See* Inmate Request to Staff to Schmalensee, Unit Mgr., for Timel. Memo. As Subm., Jan. 10, 2023, Exh. 6; Matthews BP-10 Re Court-access IR 3338082 V As Subm. Key Pgs., Jan. 10, 2023, Exh. 7.

After Petitioner turned over that BP-10 and request he received back a response. *See* Inmate Request to Staff to Schmalensee, Unit Mgr., for Timel. Memo. As Ans. Key Pg., Jan. 13, 2023, Exh. 8. Petitioner was denied a timel. memo. without any reference to policy or law. *Id.*

Last, Petitioner notes that as of Jan. 20, 2023, ca. the time this filing reasonably may be expected to leave the institution for entry, he will have overserved his sentence by 100 days and earned a further 55 days FSA credit. *Cf.* Table 1—2022 FSA Dates & Earnings, Amended Petition, dkt. 12 at 11.

Respectfully filed Tue., Jan. 17, 2023, under the prison-mailbox rule, *Houston v. Lack*, 487 U.S. 266 (1988), in an envelope bearing sufficient affixed pre-paid First Class U.S. postage and track. no. 9114 9022 0078 9988 6628 43, handed to Ms. Jamie Wheeler of the FCI Terre Haute D-unit team in her official capacity as an agent of Respondent at the next opportunity,

by: /s/
Martin Gottesfeld, *pro se*
Reg. no. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Martin Gottesfeld, *pro se*, certify I caused an electronic version of the foregoing document to be served on Respondent in the above-captioned case; *see, e.g.*, 28 C.F.R. § 540.203 (mail to U.S. courts and judges is read for contents),

by: /s/
Martin Gottesfeld