Exh. 1

```
  MARHT   540*23 *              SENTENCE MONITORING          *      10-25-2022
  PAGE 001          *          COMPUTATION DATA              *      14:52:53
                                 AS OF 10-25-2022


  REGNO..: 12982-104 NAME: GOTTESFELD, MARTIN


  FBI NO..........: 80581RC9           DATE OF BIRTH: [      ]   AGE:  38
  ARS1............: MAR/A-DES
  UNIT............: I                  QUARTERS.....: I01-009L
  DETAINERS.......: NO                 NOTIFICATIONS: NO

  FSA ELIGIBILITY STATUS IS: ELIGIBLE

  THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

  HOME DETENTION ELIGIBILITY DATE....: 10-11-2023

  FINAL STATUTORY RELEASE FOR INMATE.: 12-11-2024 VIA GCT REL
          WITH APPLIED FSA CREDITS.: 244  DAYS
  THE INMATE IS PROJECTED FOR RELEASE: 04-11-2024 VIA FSA REL


  ---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

  COURT OF JURISDICTION...........: MASSACHUSETTS
  DOCKET NUMBER...................: 1: 16 CR 10305 -1- N
  JUDGE...........................: GORTON
  DATE SENTENCED/PROBATION IMPOSED: 01-10-2019
  DATE COMMITTED..................: 04-01-2019
  HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
  PROBATION IMPOSED...............: NO

              FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
  NON-COMMITTED.: $200.00       $00.00        $00.00        $00.00

  RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $442,930.00

  REMARKS.......: 1:  16 CR 1035  - 1  - NMG




  G0002       MORE PAGES TO FOLLOW . . .
```

Exh. 2



| Individualized Needs Plan - Program Review   (Inmate Copy) | SEQUENCE: 01992432 |
|---|---|
| Dept. of Justice / Federal Bureau of Prisons | Team Date: 08-11-2022 |
| Plan is for inmate: GOTTESFELD, MARTIN  12982-104 | |

| | | | |
|---|---|---|---|
| Facility: | MAR MARION USP | Proj. Rel. Date: | 12-11-2024 |
| Name: | GOTTESFELD, MARTIN | Proj. Rel. Mthd: | GOOD CONDUCT TIME |
| Register No.: | **12982-104** | DNA Status: | MIM16001 / 02-18-2016 |
| Age: | 38 | | |
| Date of Birth: | 03-05-1984 | | |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| NO DETAINER | |

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| MAR | I UNASSG | I UNIT INMATES UNASSIGNED | 06-07-2022 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| MAR | ESL HAS | ENGLISH PROFICIENT | 04-15-2019 |
| MAR | GED HAS | COMPLETED GED OR HS DIPLOMA | 06-11-2019 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| MAR CMU | C | CMU DIABETES AWARENESS | 02-11-2022 | 04-29-2022 |
| MAR CMU | C | CMU DRAWING CLASS | 02-11-2022 | 04-29-2022 |
| THA CMU | C | ACE HANDBALL & CULTURE CLASS | 07-27-2020 | 07-27-2020 |
| THA CMU | C | CMU AEROBICS CLASS | 07-18-2019 | 09-12-2019 |
| THA CMU | C | CMU ABS CLASS | 07-06-2019 | 09-12-2019 |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|
| ** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ** | |

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 04-12-2019 |
| CARE1-MH | CARE1-MENTAL HEALTH | 08-19-2019 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| C19-RCVRD | COVID-19 RECOVERED | 03-10-2022 |
| NO PAPER | NO PAPER MEDICAL RECORD | 04-02-2019 |
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 04-12-2019 |
| YES F/S | CLEARED FOR FOOD SERVICE | 04-12-2019 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| DAP QUAL | RESIDENT DRUG TRMT QUALIFIED | 04-20-2022 |
| ED COMP | DRUG EDUCATION COMPLETE | 07-08-2021 |
| ELIGIBLE | 18 USC 3621 RELEASE ELIGIBLE | 04-22-2022 |
| NR WAIT | NRES DRUG TMT WAITING | 03-24-2022 |

### FRP Payment Plan

| Most Recent Payment Plan | | | |
|---|---|---|---|
| FRP Assignment: | **PART** | **FINANC RESP-PARTICIPATES** | **Start: 01-31-2022** |
| Inmate Decision: | **AGREED** | **$25.00** | Frequency: **QUARTERLY** |
| Payments past 6 months: | **$25.00** | Obligation Balance: **$442,305.00** | |

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $200.00 | $0.00 | IMMEDIATE | COMPLETEDZ |
| | | ** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ** | | | |



**Individualized Needs Plan - Program Review    (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: GOTTESFELD, MARTIN  12982-104

SEQUENCE: 01992432
Team Date: 08-11-2022

| Most Recent Payment Plan | | | | | |
|---|---|---|---|---|---|
| No. | Type | Amount | Balance | Payable | Status |
| 2 | REST FV | $442,930.00 | $442,305.00 | IMMEDIATE | AGREED |

| | Adjustments: | Date Added | Facl | Adjust Type | Reason | | Amount |
|---|---|---|---|---|---|---|---|
| | | 06-10-2022 | MAR | PAYMENT | INSIDE PMT | | $25.00 |

## FRP Deposits

Trust Fund Deposits - Past 6 months:   $ N/A          Payments commensurate ?   N/A

New Payment Plan:   ** No data **

## Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 11-20-2019 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 08-23-2022 |
| N-ANTISO Y | NEED - ANTISOCIAL PEERS YES | 08-23-2022 |
| N-COGNTV Y | NEED - COGNITIONS YES | 08-23-2022 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-30-2021 |
| N-EDUC N | NEED - EDUCATION NO | 08-23-2022 |
| N-FIN PV Y | NEED - FINANCE/POVERTY YES | 08-23-2022 |
| N-FM/PAR Y | NEED - FAMILY/PARENTING YES | 08-23-2022 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 08-23-2022 |
| N-MEDICL N | NEED - MEDICAL NO | 08-23-2022 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 08-23-2022 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 08-23-2022 |
| N-TRAUMA Y | NEED - TRAUMA YES | 08-23-2022 |
| N-WORK Y | NEED - WORK YES | 08-23-2022 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 08-23-2022 |

## Progress since last review

** No notes entered **

## Next Program Review Goals

** No notes entered **

## Long Term Goals

** No notes entered **

## RRC/HC Placement

## Comments

PREA Risk factors were reviewed. Inmate would benefit from financial programming as there is no evidence he has an established bank account.

Exh. 3



**U.S. DEPARTMENT of JUSTICE**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☒ Institution    ☐ Region    ☐ Central

CMU D04-040L ____ Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | GOTTESFELD, MARTIN | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | 1144014-F1 | | |

Received on this _____ day of _____, 2022.

_____

Signature/Title of Staff

JAN 0 3 2023
INMATE

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2022.

Edits received by Unit Team on this _____ day of _____, 2022.

_____

Signature/Title of Staff

# Inmate Copy

Remedy No.: 1144014-F1                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted December 7, 2022, in which you allege you are improperly being denied Residential Drug Abuse Program (RDAP) Treatment. For relief, you request to be designated to an institution where you can participate in RDAP.

A review of your request reveals participation in an RDAP program is contingent upon many factors. Although you are in DAP QUAL status and within the parameters for participation, other factors are preventing your participation. Factors such as security level, security concerns and programming requirements can affect designation to an RDAP. You are currently designated to and are in programming in a Communication Management Unit (CMU) Program. Once you complete the CMU program, you will be referred for a transfer for an RDAP facility in accordance with Program Statement 5330, <u>Psychology Treatment Programs.</u>

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_12-29-22_
Date

_____
T. Rule, Warden

- PAGE 8 OF 21 -

U.S. DEPARTMENT OF JUSTICE        **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** GOTTESFELD, MARTIN S.      12982-104      D      FCI-THA
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.     UNIT      INSTITUTION

**Part A– INMATE REQUEST**    Please send me to the Residential Drug-Abuse Program (RDAP) so that I get the one-year credit towards my sentence and the treatment, both of which I am entitled to by statute and U.S. Const. amends. V, VIII. See, e.g., 18 U.S.C. § 3621(e)(1)(C) ("the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment[...] for all eligible prisoners by the end of fiscal year 1997"); § 4042(a)(3) (BOP to provide for the "instruction" of "all persons" convicted of offenses against the United States); Calligan v. Wilson, 362 F. App'x 543, 545 (7th Cir. 2009) (citing Piggie v. McBride, 277 F.3d 922, 924 (7th Cir. 2002)) (prisoner "has a protected liberty interest in his good-time credits and credit-earning class, and he may not be deprived of either without the minimum requirements of due process"); Estelle v. Gamble, 429 U.S. 97 (1976) (prison officials liable for damages for failure to provide medical care).

     BOP agrees I qualify for RDAP. See BP-8 Resp., included herewith. BOP has never provided me—as would be required to deny me RDAP—"advance written notice of the charges, a limited right to call witnesses and produce documents, a right to be heard before an impartial decision-maker, and a written statement of the evidence relied on," Calligan, supra. I am a minimum-security prisoner with no public-safety factors. See SENTRY, Male Custody Classification Form, Gottesfeld, Martin S. No legitimate "safety and security" concern, as articulated in the BP-8 response, precludes me from RDAP, and BOP could not provide one at the required hearing that it has never convened. Moreover, the RDAP subsection, i.e. 18 U.S.C. § 3621(e), allows for no exception to BOP's mandatory duty on the basis of safety and security; high-security penitentiary inmates receive RDAP, yet, I, a "camper," may not?! This is unlawful and nonsensical. I began asking for RDAP more than a year ago; I filed multiple remedies that went untimely answered and I was deceived by FCI-THA staff a year ago into believing I ~~was being sent to RDAP.~~

22 NOV. 2022 (TUE.)                  _MG_
      DATE                             SIGNATURE OF REQUESTER

**Part B– RESPONSE**

*S. Bryan*
*12/7/2022*

     DATE                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE              CASE NUMBER: 1144014-F1

                                         CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

                            - PAGE 9 OF 21 -

     DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                                BP–229(13)
                                                APRIL 1982

U.S. Department of Justice

Exh. 4

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | D | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** Please send me to the Residential Drug-Abuse Program (RDAP) so that I get the one-year credit toward my sentence and treatment, both of which I am entitled to by statute and U.S. Const. amends. V, VIII. *See, e.g.,* 18 U.S.C. §§ 3621(e)(1)(C) ("the Bureau of Prisons shall, subject to the availability of appropriations, provide res idential substance abuse treatment[...] for all eligible prisoners by the end of fiscal year 1997"), 4042(a)(3) (BOP to provide for the "instruction" of "all persons" convicted of offenses against The United States); *Calligan v. Wilson,* 362 F App'x 543, 545 (7th Cir. 2009) (citing *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir. 2002)) (prisoner "has a protected liberty interest in his good-time credits and credit-earning class, and he may not be deprived of either without the mini mum requirements of due process"); *Estelle v. Gamble,* 429 U.S. 97 (1976) (prison officials liable for damages for failure to provide medical care). BOP agrees I qualify for RDAP. *See* incl'd BP-8 Resp. BOP has never provided me—as would be re quired to deny me RDAP—"advance written notice of the charges, a limited right to call witnesses and produce documents, a right to be heard before an impartial decision-maker, and a written statement of the evidence relied on." *Calligan, supra.* I am a minimum-security prisoner with no public-safety factors. *See* SENTRY, Male Custody Classification Form, Gottesfeld, Martin, Reg. no. 12982-104. No legitimate factor "such as security level, security concerns and programming requirements," as claimed in the Warden's Resp., precludes me from RDAP, and BOP could not support such an assertion at the required hear ring, which it has never convened. The CMU is not a program, either under the FSA or for residential drug treatment; it provides me no sentence credit at all. Moreover, the RDAP subsection, i.e. 18 U.S.C. § 3621(e), allows for no exception to BOP's mandatory duty to provide RDAP on the basis of safety and security; high-security penitentiary inmates receive RDAP, yet I, a "camper," may not?! This is unlawful and nonsensical. I asked for RDAP over a year ago; I filed multiple remedies

<u>03 JAN. 2023 (TUE.)</u> <- SAME DAY I REC'ED WARDEN'S RESP.  <u>that went unanswered.</u>

DATE                FCI-THA staff lied to me about sending me to RDAP.   SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                                _____
DATE                                                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
                    LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

- PAGE 10 OF 21 -

_____                                _____
DATE                                                      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

MARTIN GOTTESFELD
REG. NO. 12982-104
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 33
TERRE HAUTE, IN 47808



**UNITED STATES POSTAL SERVICE ®**

**USPS TRACKING #**

9114 9022 0078 9988 6625 15



⟷12982-104⟷
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

Tuesday, January 3, 2022; Appeal of rem. 1144014-F1 Terre Haute RDAP BP-9

CONTENTS—

•) FORM BP-230(13) ("BP-10"); •) RCT. OF ADM. REM. 1144014-F1;

•) WARDEN'S RESP. IN DUPLICATE;

•) FORM BP-229(13) ("BP-9") AS RET. (3 PGS. CARBON PAPER, 1 SHEET COLOR COPIED BY INST.);

AND •) BP-8 AS ANS. (2 PGS.).

Exh. S



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

| ☐ Institution | ⊗ Region | ☐ Central |
|---|---|---|

CMU _____ Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | **GOTTESFELD, MARTIN** | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | 1120431-R4 | | |

Received on this ___10th___ day of ___January___, 2023.

___Jcahul___ /E25___
Signature/Title of Staff


If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2023.

Edits received by Unit Team on this _____ day of _____, 2023.


_____
Signature/Title of Staff

# Inmate Copy

- PAGE 12 OF 21 -

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 28, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI      UNT: CMU      QTR: D04-040L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1120431-R4      REGIONAL APPEAL
DATE RECEIVED  : DECEMBER 27, 2022
SUBJECT 1      : DHO APPEAL - PROCEDURES
SUBJECT 2      :
INCIDENT RPT NO: 3338082

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REJECT REASON 2: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING
                 WAS NOT YOUR FAULT.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : DHO REPORT WAS DELIVERED ON 01-24-2020. APPEAL WAS
                 DUE BY 02-13-2020. PLEASE PROVIDE A STAFF-WRITTEN
                 MEMO EXPLAINING THE DELAY IN YOUR APPEAL.

**U.S. Department of Justice**
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | D | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** This is a resubmission of rem. 1120431-R3, given to my unit team for mailing five days after I received the relevant instructions from the central office. *See* incl'd Timel. Memo. Due to the other relevant event verified, *id.*, I note: "The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse." Prog. Stat. 5324.12 Sexually Abusive Behavior Prevention and Intervention Program (June 4, 2015) (quoting 28 C.F.R. § 115.52(b)(1)). And BOP "shall act promptly to remedy" PREA retaliation. *Id.* (quoting 28 C.F.R. § 115.67(c)).
PRISONER'S SINGLE REQUEST—Please expunge incident report (IR) 3338082, sanctions entered Dec. 20, 2019, charged prohibited-act code 204A Extortion, Attempted. *See* incl'd DHO report. I note that remedies were unavailable to me at FCI-THA due to affirmative misconduct of its staffers, *e.g.*, failure to separate my sexual abuser Mr. Todd Royer from me and retaliation against my attempts to report Royer to OIG. *See* facts verified in Timel. Memo., *supra* (quoting, *inter alia*, P.S. 5324.12 (quoting 28 C.F.R. § 115.64(a)(1) (responding security staff must "Separate alleged vicitm and abuser"); citing 28 C.F.R. § 115.51(b) (BOP must allow anonymous PREA reports to outside entity)). So I began this remedy series only upon my transfer to USP-MARION. For further details in support of the unavailability of remedies prior to my transfer, *see Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 1 (Petition, entered Jan. 7, 2020) at 23, § IV (citing, *inter alia*, *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 n. 3 (7th Cir. 2013); *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Kaba v. Stepp*, 458 F.3d 678, 685–86 (7th Cir. 2006) (adopting *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)); *O'Brien v. Town of Caledonia*, 748 F.2d 403, 409 (7th Cir. 1984)), dkt. 100 (Declaration of Martin Gottesfeld re *Exhustion, Retaliation & Justiciabili-ty*). SEE CONTINUATION PAGE ->

| 16 DEC. 2022 (FRI.) | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

RECEIVED
DEC 27 2022

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE     CASE NUMBER: 1120431-R4

**Part C—RECEIPT**

- PAGE 14 OF 21 -     CASE NUMBER: _____

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

BP-230(13)

Exh. 6

INMATE REQUEST TO STAFF

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: Name and Title of Staff Member: SCHMALENSEE, UNIT MANAGER MR. | DATE: 10 JANUARY 2023 (TUE.) |
|---|---|
| FROM: GOTTESFELD, MARTIN S. | REGISTER NO.: 12982-104 |
| WORK ASSIGNMENT: N/A | UNIT: D |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request. Salutations Mr. Schmalensee:

I hope you are well.

As per our discussion recently at mail call, I reiterate my previous request for a timeliness memo. for my resubmission of rem. 1120431-R4. You advised me you would consider issuing timeliness memos. only after relevant rejections. As you can see on the -R4 and -A1 rejection notices, the central and regional offices have required I secure a timeliness memo. for this remedy. I hereby request such a memo. on the bases enumerated in my previous relevant request, copy attached here for your review.

Thanks for your consideration,

by:
    Martin Gottesfeld,

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

PDF                         Prescribed by P5511
                    - PAGE 15 OF 21 -
                    This form replaces BP-148.070 dated Oct 86
                    and BP-S148.070 APR 94

To Case Manager, FCI-THA D-Unit
From Gottesfeld, Martin S., Reg. no. 12982-104
1145 hrs. Fri., Dec. 16, 2022
Re Timeliness Memo. for Remedy No. 1120431 re IR 3338082

To Whom It May Concern:

I hope you are well.

Pursuant to the central office's remarks re remedy 1120431-A1, I hereby request a timeliness memo. verifying the following facts.

1. I received central office's rejection notice of 1120431-A1 on Dec. 14, 2022.

2. Ca. June 27, 2019, I sent a CORRLINKS message accusing Mr. Todd Royer of sexual abuse under the Prison Rape Elimination Act (PREA), i.e. sexual voyeurism, quoting 28 C.F.R. § 115.6.

3. Ca. June 28, 2019, I tried to mail a PREA complaint against Royer to the U.S. Dep't of Justice Office of the Inspector General (OIG). Case Manager Ms. Rebekka Eisele returned the mailing to me the next business day, which I had not been allowed to seal, and she refused to mail it. Eisele did not separate Royer from me. *Cf.* U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5324.12 Sexually Abusive Behavior Prevention and Intervention Program (June 4, 2015) (quoting 28 C.F.R. § 115.64(a)(1) (responding security staff must "Separate alleged victim and abuser")) ("In the Bureau, all institution staff are 'security staff'").

4. Ca. June 28, 2019, FCI Terre Haute S.I.S. Lt. Mr. Jamie Baker came to the CMU to interview me about the alleged PREA violation, which had been recorded on closed-circuit audio and video that was immediately available for his review. Lt. Baker did not separate Royer from me. *Cf.* Prog. Stat. 5324.12, *supra*, ¶ 3.

5. Ca. July 1, 2019, I mailed a declaration to court accusing Royer of sexual abuse under PREA, i.e. sexual voyeurism. *See Gottesfeld v. Hurwitz, et al.*, 18-cv-10836-PGG-GWG (S.D.N.Y.), dkt. 63 at 5–8 (quoting 28 C.F.R. § 115.6). I later gave a copy of this declaration to FCI Terre Haute S.I.I. Lt. Mr. J. Sherman. Sherman did not separate Royer from me.

6. Ca. Nov. 26, 2019, I turned in to Eisele an Administrative Remedy—Informal Resolution ("BP-8"), stating, *inter alia*, "My prior attempt to anonymously report a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. [Mr. Jamie] Baker['s] trying to interview me in the CMU and this was wholly inappropriate[...] Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS to that the 'Request to Staff' button is no longer disabled in the CMU." Eisele *et al.* never answered this BP-8.

7. The morning of Mon., Dec. 9, 2019, I handed Eisele remedy no. 1000236-F1, stating, *inter alia*, "My prior attempt to report anonymously a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. [Mr. Jamie] Baker['s] trying to interview me in the CMU and this was wholly inappropriate" and "Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the 'Request to Staff' button is no longer disabled in the CMU."

8. Later on Dec. 9, 2019, Eisele filed incident report (IR) 3338082 against me, charging me with attempted extortion based on a court-related request I had given to her more than 48 hours earlier on Fri., Dec. 6, 2019. More than 24 hours had elapsed between my handing Eisele the request in question in the IR and my handing Eisele remedy no. 1000236-F1, and in that time Eisele did not file IR 3338082; she filed IR 3338082 only after I handed her remedy no. 1000236-F1, *supra*, ¶ 7. *Cf.* U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5270.09 Inmate Discipline Program (Nov. 8, 2020) at ch. 2 (quoting 28 C.F.R. § 541.5 ("You will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident").

9. FCI Terre Haute Lt. Mr. B. Devlin delivered the IR and placed me in the SHU. I told Devlin immediately upon receipt of the IR that it was retaliatory. At no point did any FCI Terre Haute staffer ever separate me from Royer.

10. On Dec. 20, 2019, IR 3338082 was decided by Mr. D. Matthews. Matthews and Complainant Eisele were both case managers at FCI Terre Haute and Matthews and Royer were both alternate disciplinary-hearing officers (DHOs) at FCI Terre Haute. *See, e.g., Malone v. United States, AG*, 858 F. App'x 296, 297 (11th Cir. 2021) ("[S]ome facilities also employ alternate DHOs who assist with the disciplinary case load as a 'collateral duty,' meaning that alternate DHOs continue to fulfill their primary job[s]").

11. Either while rem. no. 1000236-F1 was assigned to my then-unit manager Ms. D. Thomas for investigation, or very shortly thereafter, Warden Brian Lammer made Royer my new unit manager.

12. Royer remained my unit manager until my transfer to U.S.P. Marion on Jan. 21, 2022.

13. I remained in SARS-CoV-2 quarantine at Marion until the evening of Feb. 4, 2022.

14. I was released from SARS-CoV-2 quarantine straight into the national lockdown resulting from the 2022 incident at Beaumont.

15. After the national lockdown I still had not received my property, i.e. legal papers, from FCI Terre Haute when my unit at Marion entered a three-week SARS-CoV-2 lockdown until Mar. 21, 2022.

16. I did not receive my property, i.e. legal papers, until Mar. 24, 2022. More lockdowns followed.

17. At Marion I participated in Pesach (Passover) from Apr. 15 through Apr. 23, 2022, which precluded me from working.

18. After Pesach ended I requested Form BP-230(13)s ("BP-10s") but did not receive them for several days, as then customary at U.S.P. Marion I-unit.

19. Upon my receipt of the BP-10s I promptly turned over to my unit team care, custody and control of remedy appeal 1120431-R1 for mailing to regional, accurately dated Apr. 29, 2022.

20. I was transferred back to FCI Terre Haute Nov. 10, 2022, and Royer remains an acting associate warden here and there is still no separation order precluding his access to me.


If you have any difficulty verifying any of the above facts please let me know in writing and I will help you identify the relevant records. Likewise, if you feel I am materially mistaken as to any of the above, then please specify any such discrepencies to me in writing and I will re-examine my records and get back to you.

Thank you for your prompt attention to this time-sensitive matter,


by: Martin Gottesfeld, 12982-104

U.S. Department of Justice                              **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | D | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** This is a resubmission of rem. 1120431-R4 given to my unit team the day after I rec'ed the latest rejection. As per the rej. ntc. I have reiterated my request for a relevant timel. memo. See incl'd Cop-out. I do not control whether local staffers actually write and include a timel. memo. because I cannot seal my remedy mailings. See P.S. 5214.02 at ch. 5(c)(1) (quoting 28 C.F.R. § 540.203(c)(5) (mail to BOP is not special mail)). I further object to the requirement *ad hoc* of a timeliness memo. When a grievance meets all of the Administrative Code's written requirements, it cannot be dismissed because of a requirement on which the administrative rulebook is silent. *Dole v. Chandler*, 438 F.3d 804, 810 (7th Cir. 2006) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Neither P.S. 5214.12 nor P.S. 1330.18 require any supporting documentation for prisoners to assert: "The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse." P.S. 5324.12 (quoting 28 C.F.R. § 115.52(b)(1)). And the prohibition against time limits carries the force of law. See 34 U.S.C. § 30307(b) (the AG's PREA standards apply to the BOP). Ergo, the law also requires the BOP "shall act promptly to remedy" PREA retaliation. 28 C.F.R. § 115.67(c). I note also that the memo. required would be adverse to those expected to sign it and would subject me to yet more retaliation. PRISONER'S SINGLE REQUEST—Please expunge incident report (IR) 3338082, sanctions entered Dec. 20, 2019, prohibited-act code 204A. See incl'd DHO Rep. Remedies were unavailable to me at FCI-THA due to affirmative misconduct of its staffers, e.g., failure to separate sexual abuser Mr. Todd Royer from me after I reported him and retaliation against my attempts to report Royer to the OIG. See facts requested for verification in incl'd Cop-out. Regional may verify all of the facts I stated in my request for the memo. regardless of whether staff provide the memo. For further details supporting the unavailability of remedies prior to my transfer from THA see the R4 BP-10. See CONTINUATION PAGE ->

| 10 JAN. 2023 (TUE.) <-THE DAY I REC'VED THE REJ. | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

<br>

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

- PAGE 18 OF 21 -

| Return to: | | | | |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

BP-230(13)

REGIONAL ADMINISTRATIVE REMEDY APPEAL RE IR 3338082 CONT. PG. 1 OF 1

GOTTESFELD, MARTIN S.    REG. NO. 12982-104    D-UNIT        FCI-THA

The IR was plainly retaliatory—and therefore unconstitutional—written, as it was, immediately after I handed its author Ms. Rebekka Eisele a PREA complaint against her colleague and future-D-unit Manager Mr. Todd Royer. *See*, *again*, facts verified in incl'd Time1. Memo. Mr. Royer is now the subject of an Office of Internal Affairs (OIA) investigation. *See*, *e.g.*, Cent. Office's Resp. to rem. 1121369-A1; Michelle Malkin, *#FreeMartyG: Exposing America's Secret Prisons* (syndicated Jan. 21, 2022), available at https://www.csnnews.com/commentary/michelle-malkin-freemartyg-exposing-americas-secret-prisons (OIG referred investigation to OIA).

Royer was alternate DHO Mr. D. Matthews's fellow alternate DHO, whom Matthews protected and avenged, and Eisele was Matthews's fellow case manager, in whose favor he ruled. *See Malone v. United States AG*, 858 F. App'x 296, 297 (11th Cir. 2021) ("[S]ome facilities also employ alternate DHOs who assist with the disciplinary case load as a 'collateral duty,' meaning that alternate DHOs continue to fulfill their primary job[s]").

My PREA complaint against Royer was in a set of papers I gave Complainant Eisele Dec. 9, 2019. Eisele then filed IR 3338082 against me, charging me with attempted extortion based on a court-related request I had given to her more than 48 hours earlier on Dec. 6, 2019. More than 24 hours had elapsed between my handing Eisele the request in question in the IR 3338082 and my handing her remedy no. 1000236-F1 against Royer. In that time Eisele did not file IR 3338082. *See* Prog. Stat. 5270.09 Inmate Discipline Program (Nov. 8, 2020) at ch. 2 (quoting 28 C.F.R. § 541.5 ("You will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident")). She did so only after I handed her rem. 1000236-F1 against Royer. No warden's memo. documented or excused the delay from Dec. 6, 2019, through Dec. 9, 2019. *Contrast:* "The reason for the delay must be documented in the discipline record." Prog. Stat. 5270.09 Inmate Discipline Program (Nov. 8, 2020) at ch. 2(b).

DHO Matthews was biased. *See* Petition § III, *Gottesfeld v. Lammer*, *supra*, dkt. 1 at 13.

My warden-appointed staff rep. neglected her duties and my rights. *Id.*

I was denied witnesses, *e.g.*, Rebekka Eisele and William O. Harris. *Id.*

I was also denied exculpatory evidence, *e.g.*, a copy of the court-related request in question in IR 3338082 and copies of relevant case law, cited, *infra*, without which I could not prepare a written statement. *Id.*

I further note that submitting a cop-out as a prerequisite for litigation, as the IR charges, is protected conduct. *See id.* at 3, § II (citing, *inter alia*, *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *Edelson PC v. Bandas Law Firm PC*, 2018 U.S. Dist. LEXIS 19423, No. 16 C 11057 (N.D. Ill. Feb. 6, 2018); *Sellers v. Beto*, 345 F. Supp. 499, 501 (S.D. Tex. 1972)); *id.* at 26, ¶ 133 (quoting *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004); *Perez*)).

Moreover, the IR must be expunged because: "The court also expressed a concern that '[a]llowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another." *Edelson* at *20–21 (citing *United States v. Pendergraft*, 297 F.3d 1198, 1207 11th Cir. 2002); *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003)). *See also Pendergraft*, 297 F.3d at 1208 ("[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system"); *Deck*, 349 F.3d at 1258 (joining a "multitude of other courts in holding that meritless litigation is not extortion").

by: _____                                    10 JAN. 2023 (TUE.).
    Martin Gottesfeld

MARTIN GOTTESFELD
REG. NO. 12982-104
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 33
TERRE HAUTE, IN 47808







⇔ 12982-104 ⇔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

Resubmission of rem. 1120431-R4 appealing Court-access IR 3338082
CONTENTS—·) Form BP-230(13) ("BP-10"); ·) Timel. memo.; ·) Cop-out for timel. memo.;
·) Cont. pg. in quadruplicate; ·) R4 Rct. of Adm. Rem.; ·) R4 Rej. Ntc.;·) R4 BP-10;
·) DHO Rep. (3 pgs.); ·) R4 cont. pg. in quadruplicate; ·) A1 Rct. of Adm. Rem.;
·) A1 rej. ntc.; ·) Form BP-231(13) ("BP-11"); ·) R3 timel. memo.;
·) R3 rej. ntc.; R3 BP-10; ·) R3 cont. pg. in quadruplicate; ·) R2 timel. memo.;
·) R2 rej. ntc.; ·) R2 BP-10; R2 cont. pg. in quadruplicate; ·) R1 timel. memo.;
·) R1 rej. ntc.; and ·) R1 BP-10.

Exh. 8

INMATE REQUEST TO STAFF

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) SCHMALENSEE, UNIT MANAGER MR. | DATE: 10 JANUARY 2023 (TUE.) |
|---|---|
| FROM: GOTTESFELD, MARTIN S. | REGISTER NO.: 12982-104 |
| WORK ASSIGNMENT: N/A | UNIT: D |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request. Salutations Mr. Schmalensee:

I hope you are well.

As per our discussion recently at mail call, I reiterate my previous request for a timeliness memo. for my resubmission of rem. 1120431-R4. You advised me you would consider issuing timeliness memos. only after relevant rejections. As you can see on the -R4 and -A1 rejection notices, the central and regional offices have required I secure a timeliness memo. for this remedy. I hereby request such a memo. on the bases enumerated in my previous relevant request, copy attached here for your review.

Thanks for your consideration,

by: Martin Gottesfeld.

(Do not write below this line)

DISPOSITION:



A timeliness memo will not be provided in this case, as you have not shown cause for delay from 2019 to 2022, #2.

| Signature Staff Member | Date 1/13/23 |
|---|---|

Record Copy - File; Copy - Inmate

PDF

Prescribed by P5611

- PAGE 21 OF 21 -

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

```
MARTIN GOTTESFELD, Petitioner,       )
            pro se,                  )
                                     )
                v.                   )        No. 2:22-cv-571-JRS-MJD.
                                     )
T. RULE, Warden of The               )
Federal Correctional Institution,    )
     Terre Haute, Indiana,           )
            Respondent.              )
```

NOTICE *(Re-Filing)*

MARTIN GOTTESFELD, Petitioner, *pro se*, notifies the Court and Respondent simultaneously with his filing of his provisional Amended Petition for a Writ of Habeas Corpus (28 U.S.C. § 2241) that while Petitioner was composing same he received Respondent's rejection of his regional remedy appeal to the Bureau of Prisons (BOP) Designation and Sentence Computation Center and that Petitioner appealed same. *See* FSA-credit BP-10 As Rej., Dec. 29, 2022, and Appealed, Exh. 1.

Petitioner brings no motion at this time; he merely notes that this notice is meant to prevent any material misunderstanding from Amended Pet. at 17, ¶ 95 ("Petitioner has received no answers to the other FSA-credit remedies"). *See, e.g.*, Fed. R. Civ. P. 11(b) (statements must have a factual basis).

Respectfully filed Jan. 2, 2023, under the prison-mailbox rule, *Houston v. Lack*, 487 U.S. 266 (1988), by mailing to the Court in the same envelope as the aforementioned Amended Pet,

by: _____
    Martin Gottesfeld, *pro se*
    Reg. no. 12982-104
    Federal Correctional Institution
    P.O. Box 33
    Terre Haute, IN 47808

- PAGE 1 OF 1 -
- PAGE 1 OF 8 -

Eph, 1

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 19, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      DESIG/SENTENCE COMPUTATION CTR

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI     UNT: CMU     QTR: D04-040L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1144715-R2      REGIONAL APPEAL
DATE RECEIVED  : DECEMBER 16, 2022
SUBJECT 1      : OTHER SENTENCE COMPUTATION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,   REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : PER PS 1330.18 ADMINISTRATIVE REMEDIES MUST FIRST BE
                 FILED AT THE FACILITY TO WHICH YOU ARE ASSIGNED AND
                 APPEALED TO THE REGION.

- PAGE 2 OF 8 -

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball–point pen.  If attachments are needed, submit four copies.  One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.     12982-104     D     FCI-THA

     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL**

REC'D DEC 1 6 2022

     PLEASE SEE CONTINUATION PAGE INCLUDED.

30 NOV. 2022 (WED.)                   

DATE                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____ DATE              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel.  Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE              CASE NUMBER: _____

**Part C—RECEIPT**

                                    CASE NUMBER: _____

Return to: _____ - PAGE 3 OF 8 - _____

     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

BP–230(13)

REGIONAL ADMINISTRATIVE REMEDY APPEAL CONT. PG. 1 OF 1

GOTTESFELD, MARTIN S.          12982-104          D-UNIT   FCI-THA

"[F]ormal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision." 28 C.F.R. § 542.14(d)(5). This is just such a request: BOP's Federal Time Credits (FTCs) auto-calculation application originated in and is overseen by the DSCC, and my single request is for the DSCC to adjust the auto-calculation of my FTCs to obey all laws as follows.

Under 18 U.S.C. § 3585(a) my sentence commenced Jan. 10, 2019. If my credits do not already reflect that I began presumed participation Jan. 10, 2019, then it should be updated to do so. The Bureau has conceded that one may earn FTCs in the community, e.g., before I was taken from the county jail to MDC Brooklyn on Feb. 15, 2019. My credits should reflect I earned 10 days from Jan. 10–Feb. 8, 2022, then 15 days for each 30 days participation thereafter. See, e.g., Pillow v. Bureau of Prisons, 2022 U.S. Dist. LEXIS 192489, No. 4:22-cv-713 PSH (E.D. Ark. Oct. 21, 2022) at *9, ¶¶ 5–6, 14 (prisoner earned 100 days credit for 211-day presumed-participation period, i.e. 10 days for the first 30 days participation then 15 days for each 30 days further participation). In total I should have 370 days' participation from Jan. 10, 2019, to Jan. 14, 2020, and either 180 days time credits or 175 days time credits and 10 days carry-over participation.

Next I took Drug Ed. in 2021, which is a productive activity (PA). The class lasted ca. 10 weeks, i.e. another 70 days participation. That should be either another 35 days time credits, to total 215 days time credits, or another 30 days time credits with another 10 days carry-over participation, to total 205 days time credits and 20 days carry-over participation.

Last, I should have another 321 days participation from Jan. 14, 2022, through the time I'm writing this on Nov. 30, 2022. That should mean either a final 160 days time credits, to total 375 days time credits, or another 150 days time credits with 21 days carried-over, to total 370 days time credits with 11 days carry-over participation, and counting.

The only paperwork I ever received purporting to show my FSA time credits was dated ca. Oct. 27, 2022, and listed 244 days time credits—almost 50 days too few. I have zero visibility into the mechanics of the auto-calculation application so I know not where the discrepency or discrepencies may lie. Any insight would be appreciated.

Thanks for your consideration,


by: _____                               30 NOV. 2022 (WED.)
    Martin Gottesfeld

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-ments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.    12982-104    D    FCI-THA
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** I hereby appeal the incl'd rejection of rem. no. 1144715-R2. *See also* incl'd Timel. Memo. "When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection, including a rejection on the basis of an exception as described in [28 C.F.R.] §542.14 (d), to the next appellate level." Prog. Stat. 1330.18 Administrative Remedy Program (Jan. 6, 2014) ("ARP P.S.") at ch. 11 (quoting 28 C.F.R. § 542.17(c)). My original Appeal to the DSCC, incl'd, stated: "[F]ormal administrative remedy re-quests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision" (quoting 28 C.F.R. § 542.14(d)(5)). "This is just such request; BOP' Federal Time Credits (FTCs) auto-calculation application originated in and is overseen by the DSCC, and my single request is for the DSCC to adjust the auto-calculation of my FTCs to obey all laws[...]." *Id.* The DSCC's "REMARKS" are a final denial at the regional level of the construal of the remedy under § 542.14(d)(5): "PER PS 1330.18 ADMINISTRATIVE REMEDIE MUST FIRST BE FILED AT THE FACILITY TO WHICH YOU ARE ASSIGNED AND APPEALED TO THE REGION." Rej. Ntc., incl'd. DSCC thus made clear it will not process or reconsider processing the remedy as initially filed with DSCC. But DSCC is mistaken. 28 C.F.R. § 542.14(d)(5) trumps PS 1330.18. Though subs. (d)(5) is omitted in PS 1330.18, the ELL includes (d)(5) and also notes: "75 FR 34625, 34626, June 18, 2010, added paragraph (d)(5), effective June 18, 2010." *See* ELL print-out, incl'd. My single request is thus for the central office to direct the DSCC to process the remedy as it was submitted, pursuant to 28 C.F.R. § 542.14(d)(5), § 542.17(c) (cent. off. may "direct that the submission be accepted at the lower level"). BOP's omission in PS 1330.18 of para. (d)(5) does not negate (d)(5) as a valid regulatory promulgation. Should central reject this request then § 542.14(d)(5) becomes inoperative in this case and I will consider the matter exhausted

29 DEC. 2022 (THU.) <- SAME DAY I RECEIVED THE REJECTION.
DATE    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

**Part C—RECEIPT**    CASE NUMBER: _____

- PAGE 5 OF 8 -

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

28 C.F.R.

## § 542.14  Initial filing.

(a) Submission. The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred.

(b) Extension. Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 of this part was delayed.

(c) Form.

(1) The inmate shall obtain the appropriate form from CCC staff or institution staff (ordinarily, the correctional counselor).

(2) The inmate shall place a single complaint or a reasonable number of closely related issues on the form. If the inmate includes on a single form multiple unrelated issues, the submission shall be rejected and returned without response, and the inmate shall be advised to use a separate form for each unrelated issue. For DHO and UDC appeals, each separate incident report number must be appealed on a separate form.

(3) The inmate shall complete the form with all requested identifying information and shall state the complaint in the space provided on the form. If more space is needed, the inmate may use up to one letter-size (8 1/2" by 11") continuation page. The inmate must provide an additional copy of any continuation page. The inmate must submit one copy of supporting exhibits. Exhibits will not be returned with the response. Because copies of exhibits must be filed for any appeal (see § 542.15(b)(3)), the inmate is encouraged to retain a copy of all exhibits for his or her personal records.

(4) The inmate shall date and sign the Request and submit it to the institution staff member designated to receive such Requests (ordinarily a correctional counselor). CCC inmates may mail their Requests to the CCM.

(d) Exceptions to Initial Filing at Institution.

(1) Sensitive Issues. If the inmate reasonably believes the issue is sensitive and the

CFR2                                                      1                         From the PLL

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12982104

inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director. The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution. If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.

(2) DHO Appeals. DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located.

(3) Control Unit Appeals. Appeals related to Executive Panel Reviews of Control Unit placement shall be submitted directly to the General Counsel.

(4) Controlled Housing Status Appeals. Appeals related to the Regional Director's review of controlled housing status placement may be filed directly with the General Counsel.

(5) Other requests for formal review of decisions not originating from the Warden. Other than the exceptions listed above, formal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision, and appealed directly to the General Counsel.

**HISTORY:** [44 FR 62250, Oct. 29, 1979; 58 FR 58246, Oct. 29, 1993; 61 FR 86, 88, Jan. 2, 1996; 75 FR 34625, 34626, June 18, 2010]

**[EFFECTIVE DATE NOTE:**

75 FR 34625, 34626, June 18, 2010, added paragraph (d)(5), effective June 18, 2010.]

CFR2                                                         2

© 2022 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12982104

NAME: MARTIN GOTTESFELD
NUMBER: 12982-104
Federal ~~Prison Camp~~ Correctional Institution
P.O. Box 33
Terre Haute, IN 47808
CONTENTS—
• FORM BP-231(13) ("BP-11");
• ELL PRINT-OUT (2 PGS.);
• REJ. NTC. 1144715-R2;
• FORM BP-230(13) ("BP-10"); AND
• BP-10 CONT. PG. IN QUADRUPLICATE.

Thursday, December 29, 2022
⟨⟩12982-104⟨⟩
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States




USPS TRACKING #

9114 9022 0078 9988 6626 38

NAME: MARTIN GOTTESFELD
NUMBER: 12982-104
Federal ~~Prison Camp~~ Correctional Institution
P.O. Box 33
Terre Haute, IN 47808
CONTENTS—
• FORM BP-231(13) ("BP-11");
• RCT. OF ADM. REM. 1131259-R1;
• REG. DIR.'S RESP. IN DUPLICATE;
• FORM BP-230(13) ("BP-10");
• WARDEN'S RESP.;
• FORM BP-229(13) ("BP-9"); AND
• INFORMAL RESOLUTION ("BP-8").

Thursday, December 29, 2022
⟨⟩12982-104⟨⟩
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States




USPS TRACKING #

9114 9022 0078 9988 6626 52