UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
03/09/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

| | |
|---|---|
| MARTIN GOTTESFELD, Petitioner, *pro se*, <br><br> v. <br><br> T. RULE, Warden of The Federal Correctional Institution, Terre Haute, Indiana, Respondent. | No. 2:22-cv-571-JRS-MJD. |

## MOTION TO NOTE OBJECTION

MARTIN GOTTESFELD, Petitioner, *pro se*, moves the Court to note his objection to any mootness finding should Respondent claim to have released Petitioner.

"The heavy burden of demonstrating mootness lies with the party asserting it." *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). "When a former inmate still serving a term of supervised release challenges the length or computation of his sentence, his case is not moot so long as he could obtain 'any potential benefit' from a favorable decision." *Id.* (quoting *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001) ("Unless we are confident that [the former inmate] *cannot* benefit from success on appeal, the case is not moot")) (footnote omitted).

Upon Petitioner's release he has been ordered to complete three years of supervised release. *See* Judgment in a Criminal Case, *United States v. Gottesfeld*, No. 16-cr-10305-NMG (D. Mass.).

"It is true that a finding that [Petitioner] spent too much time in prison would not automatically entitle him to less supervised release." *Pope*, 889 F.3d at 414 (citing *United States v. Johnson*, 529 U.S. 53, 59–60 (2000)). "Nevertheless, such a finding would carry 'great weight' in a § 3583(e) motion to reduce [Petitioner]'s term." *Id.* (citing *Johnson* at 60). "This is enough" to maintain justiciability. *Id.* (citations omitted). *See also United States v. Sutton*, 962 F.3d 979, 982–83 (7th Cir. 2020) (refusing to find mootness because the First Step Act allows sentence reductions of supervised release for overserved time).

Moreover, "excess time spent in prison for [Petitioner's] crime of conviction can be credited toward a prison term for revocation of supervised release tied to that crime." *Parker v. Sproul*, 2022 U.S. App. LEXIS 14405, No. 18-1697 (7th Cir. Jan. 27, 2022) at *5-6 (citing *United States v. Jackson*, 952 F.3d 492, 498 (4th Cir. 2020)). "If a prisoner is released late ('past due') because of staff error, a court order or executive clemency and is later returned as a supervised release or probation violator, the late release time shall be awarded on the supervised release or probation violator term." *Id.* at *6 (quoting U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5880.28 Sentence Computation Manual—CCA of 1984 at pg. 1-14C-D (July 19, 1999)) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837 (1984)).

Respondent's release of Petitioner thus cannot moot this case.

Respectfully submitted Friday, March 3, 2023, under the prison-mailbox rule, *Houston v. Lack*, 487 U.S. 266 (1988), by mailing to the Court in an envelope bearing sufficient affixed pre-paid First Class U.S. postage and handed to Ms. Jamie Wheeler of the FCI Terre Haute D-unit team in her official capacity as an agent of Respondent and of his counsel at the next opportunity,

by: /s/ 
Martin Gottesfeld, *pro se*.
Reg. no. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Martin Gottesfeld, *pro se*, certify that I caused a digital copy of the foregoing document to be served upon Respondent in the above-captioned case and upon his counsel by mailing this copy to the Court; *see* 28 C.F.R. § 540.203 (mail to U.S. courts and judges is read for contents),

by: /s/
Martin Gottesfeld.