UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
03/30/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

MARTIN GOTTESFELD, Petitioner,
    *pro se*,

v.

T. RULE, Warden of The
Federal Correctional Institution,
    Terre Haute, Indiana,
        Respondent.

No. 2:22-cv-571-JRS-MJD.

## OPPOSITION TO MOTION FOR ENLARGEMENT OF TIME; MOTION FOR HEARING

MARTIN GOTTESFELD, Petitioner, *pro se*, hereby opposes Respondent's Motion for Enlargement of Time, dkt. 23, and requests a hearing on the merits.

Petitioner only today received a copy of the aforesaid motion, and not the one that Respondent's counsel certified to this Court that he "will" mail to Petitioner. *See* Declaration of Martin Gottesfeld ("Gottesfeld Decl.") at ¶¶ 2–3, Exh. 1.

In support of this Opposition, Petitioner incorporates by reference his Urgent Motion to Note Objections, dkt. 17 (citing 28 U.S.C. § 2243 (the "order to show cause [...] shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed")) (other citations omitted); Supplemental or Renewed Motion to Note Objections, dkt. 19 (noting continued retaliation against Petitioner).

Foremost, Respondent's requested extension is manifestly unlawful under 28 U.S.C. § 2243. He already has had more than twice the maximum period allowed by law.

Next, Respondent moved for this extension at the last possible moment, giving neither the Court nor Petitioner any opportunity to conduct or request a hearing before the passing of the relevant deadline to show cause. This Court has been quick to rule against Petitioner when he missed a single deadline due to weeks-long SARS-CoV-2 lockdowns that precluded his law library access. *See* Motions for Extensions, Orders Denying Extensions, Judgment, in *Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.). In that case no prejudice was ever alleged against Respondent. In this case,

where prejudice to Petitioner is manifest from, *inter alia*, his unlawful imprisonment past the time allowed by law, while Respondent also exercises prior restraints and retaliation against Petitioner's marital, journalistic and free-speech rights, imposing upon Petitioner atypical and significant prison hardships as to his communications and living conditions, this Court should be equally quick to rule summarily against Respondent.

Respondent's motion, moreover, evidences no likelihood whatsoever that Respondent may succeed on the merits of any of the dispositive issues requiring Petitioner's immediate release. Nor does it demonstrate a truly exceptional circumstance that warrants tolling § 2243's immutable deadline.

In particular, Respondent has not provided one scintilla of evidence to support his denial of Petitioner's assertion of sentence credit under 18 U.S.C. § 3621(e)(2)(B).

In enacting the statutory limit, § 2243, that Respondent has now exceeded twice over, "Congress was undoubtedly influenced by the possibility that the habeas corpus petitioner might be unlawfully imprisoned, and the time limits demonstrate its concern for an expeditious determination of that issue." *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 923 (7th Cir. 1974). "This legislative schedule evidences the viewpoint of the Congress that dispatch is of utmost importance in habeas corpus proceedings." *Id.* In a situation not wholly different from this one, "It would have been appropriate for the district court to censure the staff of the Illinois Attorney General and to refuse to consider the tardy return." *Id.* at 924.

In any event, "The district court should have proceeded," once the respondent had blown by the show-cause deadline, "as if it had received a return." *Id.* "[T]hat is, it should have proceeded as provided at the close of 28 U.S.C. § 2243: 'The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.'" *Id.* (citations omitted).

Petitioner would welcome such a hearing—the sooner the better. He, for one, has made proper use of the months since the opening of this case last December. *See, in toto*, Gottesfeld Decl. (citing filings of central-office remedies ("BP-11s") and answers thereto).

Respectfully filed Thursday, March 23, 2023, under the prison-mailbox rule, *Houston v. Lack*, 487 U.S. 266 (1988), by mailing to the Court in an envelope bearing sufficient affixed pre-paid Priority Mail postage and track. no. 9114 9022 0078 9988 6618 39, handed to Ms. Jamie Wheeler of the FCI Terre Haute D-unit team in her official capacity as an agent of Respondent and of his counsel at the next opportunity,

by: /s/
Martin Gottesfeld, *pro se*
Reg. no. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Martin Gottesfeld, *pro se*, certify that on Thursday, March 23, 2023, or my first opportunity thereafter, I caused a digital copy of the foregoing document to be served on counsel for Respondent in the above-captioned case, *see* 28 C.F.R. § 540.203 (mail to U.S. courts and judges is read for contents),

by: /s/
Martin Gottesfeld.