Exh. 1

## Declaration of Martin Gottesfeld

1. I am Martin Gottesfeld, Petitioner, *pro se*, in *Gottesfeld v. Rule*, 2:22-cv-571-JRS-MJD (S.D. Ind.) (hereinafter the "case").

2. Today, Thursday, March 23, 2023, I received for the first time a copy of Respondent's Motion for Enlargement of Time, dkt. 23.

3. The copy of the aforesaid motion that I received was not mailed to me by Respondent or by Respondent's counsel; I have never received the copy that Respondent's counsel certified he "will serve [...] by mailing [...] by first-class U.S. Mail," dkt. 23 at 2.

4. On March 16, 2023, I received regional's answer to my remedy appeal ("BP-10") re Respondent's Residential Drug Abuse Program (RDAP). *See* Terre Haute RDAP BP-10 As Ans., Attachm. 1.

5. I promptly filed my final remedy appeal on that same issue. *See* Terre Haute RDAP BP-11 II As Subm., Mar. 19, 2023, Attachm. 2.

6. Respondent had already had a sufficient opportunity to answer the remedy at the central-office level, however, pursuant to 28 C.F.R. § 542.14(d)(5) (75 FR 34625, 34626, June 18, 2010). *See* Terre Haute RDAP BP-11 As Rej., Feb. 23, 2023, Attachm. 3.

7. Also on March 16, 2023, I received regional's answer to my second—gratuitous—BP-10 re the *RT* IR 3549119. *See* Bradley BP-10 Re RT IR 3549119 II As Ans., Attachm. 4.

8. Again, I promptly filed my *second* final remedy appeal on the issue. *See* Bradley BP-11 Re *RT* IR 3549119 II As Subm., Mar. 19, 2023, Attachm. 5.

9. For the first set of remedies on the *RT* IR 3549119, *see* Amended Pet. at ¶¶ 255–312 (citations omitted), dkt. 10-1 at 38.

10. On Feb. 7, 2023, I received regional's rejection of my fifth BP-10 re the Court-access IR 3338082, citing no authorities to address my assertion of timeliness under 34 U.S.C. § 30307(b) (The U.S. attorney general's Prison Rape Elimination Act (PREA) standards apply to the Bureau of Prisons (BOP)), 28 C.F.R. § 115.52(b)(1) ("The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse"). *See* Matthews BP-10 Re Court-access IR 3338082 V As Rej., Attachm. 6.

11. I promptly filed my second final remedy appeal on the issue. *See* Matthews BP-11 Re Court-access IR 3338082 II As Subm., Feb. 7, 2023, Attachm. 7.

12. For the earlier set of remedies on the Court-access IR 3338082, *see* Amended Pet. at ¶¶ 101–247, dkt. 10-1 at 18

13. Also on March 16, 2023, I received regional's answer to my third—gratuitous—BP-10 re TAC IR 3552752. *See* Bradley BP-10 Re TAC IR 3552752 III As Ans., Attachm. 8.

14. An answer on that issue had been overdue since February 18, 2023. *See* Rem. Ack. & Ntc. of Ext., Attachm. 9 ("RESPONSE DUE: FEBRUARY 18, 2023") ("INCIDENT RPT NO: 3552752").

15. Again, I promptly filed my final remedy on the issue. *See* Bradley BP-11 Re TAC IR 3552752 As Subm., Mar. 19, 2023, Attachm. 10.

16. On Feb. 16, 2023, I received Respondent's answer to one of my relevant remedies on the Inmate Financial Responsibility Program (IFRP). *See* IFRP BP-9 As Ans., Attachm. 11.

17. Again, I promptly appealed. *See* IFRP BP-10 As Subm., Feb. 20, 2023, Attachm. 12.

18. Every single remedy appeal I have ever tried to file pursuant to 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level"), has been rejected, the regulation notwithstanding. *See, e.g.,* Typewriter BP-10 As Rej., Feb. 21, 2023, Attachm. 13.

19. Respondent will be unable to show a single instance where one of my many remedy filings relying on 28 C.F.R. § 542.18 has been accepted for processing, and, I believe, discovery would show this violation of § 542.18 to be uniform throughout FCC Terre Haute, the BOP's North Central Region, and possibly nationwide.

20. Respondent, similarly, has never once honored 28 C.F.R. § 542.14(d)(5) (prisoner may start the remedy process for decisions originating above the warden and his staff at the appropriate BOP office). *See, e.g.,* Terre Haute RDAP BP-11 As Rej., Feb. 23, 2023, Attachm. 3; Food-service CPI BP-11 As Rej., Feb. 7, 2023, Attachm. 14; FSA Credit BP-11 As Rej., Feb. 21, 2023, Attachm. 15; and Commissary Limit BP-11 As Rej., Feb. 23, 2023, Attachm. 16.

21. I continue to be denied telephone and electronic communications without any hearing or written finding whatsoever.

I declare the foregoing is true and correct under the penalty of perjury under the laws of The United States of America. 28 U.S.C. §§ 1746, 2242. Executed Thursday, March 23, 2023.

by:

Martin Gottesfeld.

Attachm. 1



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

| ☐ Institution | ⊗ Region | ☐ Central |
|---|---|---|

CMU Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | **GOTTESFELD, MARTIN** | Reg. No.: | **12982-104** |
|---|---|---|---|
| Administrative Remedy No.: | **1144014-R1** | | |

Received on this ___16ᵗʰ___ day of ___March___, 2023.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2023.

Edits received by Unit Team on this _____ day of _____, 2023.

_____
Signature/Title of Staff

# Inmate Copy

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:**   1144014-R1

This is in response to your Regional Administrative Remedy Appeal received January 9, 2023, in which you request a transfer to participate in the Residential Drug Abuse Treatment (RDAP) program.

We have reviewed your appeal and the Warden's response dated December 29, 2022.   The Bureau of Prisons has the authority to make designation assignments deemed appropriate and necessary to ensure the safe and orderly operation of its facilities and the protection of the public.   You were designated to the CMU to ensure additional monitoring of your communications could be accomplished.   This may be the result of current offense behavior or other verified information.   Those inmates who require heightened monitoring will continue to be designated to the CMU.   Bureau of Prisons' Program Statement 5100.08, Inmate Security Designation and Custody Classification, states, "Each inmate will be placed in a facility commensurate with their security and program needs through an objective and consistent system of classification which also allows staff to exercise their professional judgment; and, staff will systematically and objectively review an inmate's classification making the environment in which they are housed safer for both inmates and staff while protecting the public from undue risk."   Based on this information, your transfer to the CMU for greater communications management was necessary for the safe, secure, and orderly operation of Bureau institutions, as well as protection of the public.   You are deemed to be appropriately classified at this time; therefore, a transfer is not appropriate.   As such, your case will continue to be reviewed during each program review conducted by your unit team.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

03/02/2023
Date

Andre Matevousian, Regional Director

**U.S. Department of Justice**

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | D | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** Please send me to the Residential Drug-Abuse Program (RDAP) so that I get the one-year credit toward my sentence and treatment, both of which I am entitled to by statute and U.S. Const. amends. V, VIII. *See, e.g.,* 18 U.S.C. §§ 3621(e)(1)(C) ("the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment[...] for all eligible prisoners by the end of fiscal year 1997"), 4042(a)(3) (BOP to provide for the "instruction" of "all persons" convicted of offenses against The United States); *Calligan v. Wilson,* 362 F App'x 543, 545 (7th Cir. 2009) (citing *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir. 2002)) (prisoner "has a protected liberty interest in his good-time credits and credit-earning class, and he may not be deprived of either without the minimum requirements of due process"); *Estelle v. Gamble,* 429 U.S. 97 (1976) (prison officials liable for damages for failure to provide medical care). BOP agrees I qualify for RDAP. *See* incl'd BP-8 Resp. BOP has never provided me—as would be required to deny me RDAP—"advance written notice of the charges, a limited right to call witnesses and produce documents, a right to be heard before an impartial decision-maker, and a written statement of the evidence relied on." *Calligan, supra.* I am a minimum-security prisoner with no public-safety factors. *See* SENTRY, Male Custody Classification Form, Gottesfeld, Martin, Reg. no. 12982-104. No legitimate factor "such as security level, security concerns and programming requirements," as claimed in the Warden's Resp., precludes me from RDAP, and BOP could not support such an assertion at the required hearing, which it has never convened. The CMU is not a program, either under the FSA or for residential drug treatment; it provides no sentence credit at all. Moreover, the RDAP subsection, i.e. 18 U.S.C. § 3621(e), allows for no exception to BOP's mandatory duty to provide RDAP on the basis of safety and security; high-security penitentiary inmates receive RDAP, yet I, a "camper," may not?! This is unlawful and nonsensical. I asked for RDAP over a year ago; I filed multiple remedies

| 03 JAN. 2023 (TUE.) | <- SAME DAY I REC'ED WARDEN'S RESP. | that went unanswered. | |
|---|---|---|---|
| DATE | FCI-THA staff lied to me about sending me to RDAP. | SIGNATURE OF REQUESTER | |

**Part B - RESPONSE**

RECEIVED
JAN 09 2023
[stamp, illegible]

_____
DATE                                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: 1144014-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

_____
DATE                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

ATTACHMT 2

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: ___GOTTESFELD, MARTIN S.___ ___12982-104___ ___D___ ___12982-104___
        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

Part A—REASON FOR APPEAL Please ensure I get the Residential Drug-Abuse Program (RDAP) and its one-year credit toward my sentence, both of which I am entitled-to by statute and U.S. Const. amends. V, VIII. *See, e.g.*, 18 U.S.C. §§ 3621(e)(1)(C) ("the Bureau of Prisons, shall, subject to the availability of appropriations, provide residential substance abuse treatment[...] for all eligible prisoners by the end of fiscal year 1997"), 4042(a)(3) (BOP to provide for the "instruction" of "all persons" convicted of offenses against the United States); *Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009) (citing *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002)) (prisoner "has a protected liberty interest in his good-time credits and credit-earning class, and he may not be deprived of either without the minimum requirements of due process"); *Estelle v. Gamble*, 429 U.S. 97 (1976) (prison officials liable for damages for failures to provide medical care). BOP agrees I qualify for RDAP. *See* incl'd "BP-8" Resp. BOP has never provided me—as would be required for it to deny me RDAP credit—"advance written notice of the charges, a limited right to call witnesses and produce documents, a right to be heard before an impartial decision-maker, and a written statement of the evidence relied on." *Calligan, supra*. I am a minimum-security prisoner with no public-safety factors. *See* SENTRY, Male Custody Classification Form, Gottesfeld, Martin, Reg. no. 12982-104. No legitimate factor "such as security level, security concerns and programming requirements, as claimed in the Warden's Resp., precludes me from RDAP, the BOP could not support any such assertion at the required hearing, which it has never convened, and, under § 3621(e)(1)(C)'s mandatory language, none of the reasons proffered by either the warden or regional are sufficient to deny me the RDAP or its sentence credit. The CMU is not a program, either under the FSA or for residential drug treatment; it is indefinite in duration and provides no sentence credit at all. BOP allows maximum-security penitentiary prisoners to take the RDAP, but not me, a camper. I asked for the RDAP nearly two years ago and filed multiple remedies.

___19 MAR. 2023 (SUN.)___ <- TWO DAYS AFTER I REC'VED REG.'S RESP.
        DATE             SIGNATURE OF REQUESTER

Part B—RESPONSE

 

_____
DATE                       GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

                                CASE NUMBER: _____

Part C—RECEIPT

                                CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL  -  PAGE 6 OF 55  -  REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE               SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN           Printed on Recycled Paper             BP-231(13)
                                                        APRIL 1982

MARTIN GOTTESFELD
REG. NO. 12982-104
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 33
TERRE HAUTE, IN 47808



⇔12982-104⇔
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States

Sunday, March 19, 2023; Appeal of rem. no. 1144014-R1 re RDAP
CONTENTS—• FORM BP-231(13) ("BP-11"); • -10 RCT. OF ADM. REM.; • REG. DIR.'S RESP.;
• FORM BP-230(13) ("BP-10") AS RET'NED; • -9 RCT. OF ADM. REM.; • WARDEN'S RESP.;
• FORM BP-229(13) ("BP-9") AS RET'NED; AND • "BP-8" RESP. (TWO PAGES).

*Attchm. 3*



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution   ☐ Region   ⊗ Central

CMU Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | **GOTTESFELD, MARTIN** | Reg. No.: | **12982-104** |
|---|---|---|---|
| Administrative Remedy No.: | **1144014-A1** | | |

Received on this ___23rd___ day of ___Feb___, 2023.

___CSW  TS.M.___
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2023.

Edits received by Unit Team on this _____ day of _____, 2023.

_____
Signature/Title of Staff

# Inmate Copy

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 23, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI     UNT: CMU    QTR: D04-040L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1144014-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED   : DECEMBER 5, 2022
SUBJECT 1       : SUBSTANCE ABUSE PROGRAMS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,  REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR  REGIONAL OFFICE
                 ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM OR   A COPY
                 OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

REJECT REASON 3: SEE REMARKS.

REMARKS         :  F1 IS PENDING RESPONSE. APPEAL TO NEXT LEVEL UPON
                   RECEIPT OF WARDEN'S RESPONSE OR AFTER 12/27/22.


- PAGE 9 OF 55 -

U.S. Department of Justice                                   **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-ments must be submitted with this appeal.

From: | GOTTESFELD, MARTIN S. | 12982-104 | D | FCI-THA
--- | --- | --- | --- | ---
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL** "[F]ormal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision." 28 C.F.R. § 542.14(d)(5). This is such a remedy request: "Only the Assistant Director (or acting Assistant Director), Correctional Programs Division, has the authority to designate an inmate to a [Communications-Management Unit (CMU)]. CMU designation approval authority may not be delegated below this level." Prog. Stat. 5214.02 Communications Management Unit at ch. 3(e) (Apr. 1, 2015). I am denied Residential Drug-Abuse Program (RDAP) purportedly because of my CMU designation. See FCC Terre Haute BP-8—Informal Resolution, Response of M. Myers, Chief Psychologist, included ("[Y]our current placement in the CMU does not allow for you to be moved to an RDAP").

PRISONER'S SINGLE REQUEST—Please send me to RDAP so that I get the one-year credit towards my sentence and the treatment, both of which I am entitled-to by statute and U.S. Const. amends. V, VIII. See, e.g., 18 U.S.C. §§ 3621(e)(1)(C) ("the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment[...] for all eligible prisoners by the end of fiscal year 1997"), 4042(a)(3) (BOP must provide for the "instruction of "all persons" convicted of offenses against The United States); Calligan v. Wilson, 362 F. App'x 543, 545 (7th Cir. 2009) (citing Piggie v. McBride, 277 F.3d 922, 924 (7th Cir. 2002)) (prisoner "has a protected liberty interest in his good-time credits and credit-earning class, and he may not be deprived of either without the minimum requirements of due process"); Estelle v. Gamble, 429 U.S. 97 (1976) (prison officials liable for damages for failure to provide medical care). PLEASE SEE INCLUDED CONT. PG. ->

22 NOV. 2022 (TUE.)
DATE                                         SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

DEC 5 2022

Administrative Remedy Section
Federal Bureau of Prisons

---

DATE                                                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                      CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____ - PAGE 10 OF 55 -

---

DATE                                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                                    BP-231(13)
                                                                           APRIL 1982

CENTRAL OFFICE ADMINISTRATIVE REMEDY APPEAL CONT. PG. 1 OF 1

GOTTESFELD, MARTIN S.          12982-104          D-UNIT          FCI-THA

BOP agrees I need and qualify for RDAP. See, again, BP-8 Resp., supra ("A review of your record reveals you are qualified for RDAP and are eligible for the 3621 (e)[sic] Early Release"). BOP has never provided me—as would be required to deny me RDAP—"advance written notice of the charges, a limited right to call witnesses and produce docuemnts, a right to be heard before an impartial decision-maker, and a written statement of the evidence relied on," Calligan, supra. It has never provided me this due process to justify either depriving me of RDAP or placing me in a CMU. See Aref v. Lynch, 833 F.3d 242, 257 (D.C. Cir. 2016) ("[W]e find the designation [to a CMU] meets Sandin's [atypicality and significance] requirements") (citing Sandin v. Conner, 515 U.S. 472 (1995)); Calligan, supra.

I am, moreover, a minimum-security prisoner with no public-safety factors. See SENTRY, Male Custody Classification Form, Gottesfeld, Martin S. No legitimate "safety and security" concern, as claimed, e.g., in the BP-8 response, precludes me from RDAP and BOP could not provide any such "safety and security" concern at the required hearing, which it has never convened.

Further, the RDAP subsection, 18 U.S.C. § 3621(e), provides no exception to BOP's mandatory duty to provide me RDAP on any basis whatsoever; high-security penitentiary inmates with public-safety factors receive RDAP, yet, I, a "camper" stand denied. This is unlawful and nonsensical.

I began asking for RDAP in summer 2021; I filed multiple remedies that went unanswered or untimely answered and I was deceived by FCI-THA staff a year ago into believing I was being sent to RDAP when I was not. I was transferred back to FCI-THA from USP-MAR while my Remedy Request ("BP-9") was pending for RDAP after my BP-8 waited three-plus months for an answer. Now, with First Step Act (FSA) kicking-in, time is of the essence.

I have a corresponding Standard Form 95 ("SF-95") due for an answer by the North Central region by Dec. 1, 2022.

In sum, I have done more than could reasonably be expected of any prisoner to attend RDAP.


22 NOV. 2022 (TUE.)                              by: _____
                                                    Martin Gottesfeld

Attachm. 4



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution   ⊗ Region   ☐ Central
CMU Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | **GOTTESFELD, MARTIN** | Reg. No.: | **12982-104** |
|---|---|---|---|
| Administrative Remedy No.: | **1145484-R1** | | |

Received on this _16th_ day of _March_, 2023.

_____ CSS
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2023.

Edits received by Unit Team on this _____ day of _____, 2023.

_____
Signature/Title of Staff

## Inmate Copy

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Administrative Remedy Number: 1145484-R1**

---

This is in response to your Regional Administrative Remedy Appeal received on December 20, 2022, regarding the decision of the Discipline Hearing Officer (DHO). You were found to have committed the prohibited act of Code #297, Phone Abuse-Circumvention. You appeal this decision stating the incident report was issued late without a Warden's delay memo and the DHO purposely withheld your DHO report. You further claim you were denied your witness and the DHO falsified the DHO report stating you waived your right to witnesses. You request the incident report be expunged.

A review of the disciplinary action indicated that you were provided due process as required by Program Statement 5270.09, Inmate Discipline Program. You were given advance written notice of the charge against you more than 24 hours prior to your appearance before the DHO. You were afforded the opportunity to have staff representation and to call witnesses. You were offered the chance to be present at your hearing, make a statement to the DHO, and present documentary evidence on your behalf. You were given a written copy of the decision and advised of your right to appeal. Although the written copy of your decision was delivered outside of the *ordinary* 15-work day time frame, it did not hinder your ability to appeal this decision.

Program Statement 5270.09, states the incident report will ***ordinarily*** be delivered to the inmate within 24 hours of the time staff become aware of the inmate's alleged misconduct. Staff did not become aware of the misconduct until September 20, 2021. Your incident report was written and delivered in accordance with policy.

According to the Notice form, you requested the reporting officer as a witness. The DHO documented in section V of the DHO report the reason for the denial of the witness. However, section III.C.1. incorrectly stated you waive your right to a witness. The DHO report has been corrected and a copy is attached for your records. If you disagree with the amendment, you may include this in your appeal to the next level.

The Bureau of Prisons policy directs the DHO to consider all evidence presented at the hearing and to make the decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence. The DHO found you guilty based on the greater weight of the evidence. Evidence weighed against you consisted of the written account of the reporting officer, transcript of phone call, and news article. This evidence, coupled with your decision not to present credible or verifiable exculpatory evidence which may have exonerated you from the charge, reasonably led the DHO to make a guilty finding.

The DHO report clearly indicates the basis for the finding you committed the prohibited act and explains the purpose of imposing the sanctions that are within policy. The discipline process was conducted in accordance with Program Statement 5270.09.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

3/3/23
Date

Andre Matevousian, Regional Director

BP-A0308
JAN 17

**DISCIPLINE HEARING OFFICER REPORT**

U.S. DEPARTMENT OF JUSTICE  ·  AMENDED

**FEDERAL BUREAU PRISONS**

| | |
|---|---|
| Institution: **FCC Terre Haute** | Incident Report number: **3549119** |
| NAME OF INMATE: **GOTTESFIELD, Martin** | REG. NO.: **12982-104**   UNIT: **CMU** |
| Date of Incident Report: **09-20-2021** | Offense Code: **297** |
| Date of Incident: **09-16-2021** | |

Summary of Charges: **Phone Abuse**

I.   NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **09-20-2021**  at (time) **1300**  (by staff member) **McPherson.**

B. The DHO Hearing was held on (date) **12-01-2021**  at (time) **1300.**

C. The inmate was advised of the rights before the DHO by (staff member): **Eisle**  on (date) **09-22-2021**  and copy of the advisement of rights form is attached.

II.   STAFF REPRESENTATIVE

A. Inmate waived right to staff representative.  Yes _____   No **X** .

B. Inmate requested staff representative and _____ appeared.

C. Staff Representative statement: **I met with the inmate prior to the hearing. I reviewed the incident report packet which appears to be complete.**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) **Warden Appointed**  was selected.

E. Staff representative **A. Payton**  was appointed.

III.   PRESENTATION OF EVIDENCE

A. Inmate ____(admits) **X** (denies) _____(neither) the charge(s).

B. Summary of inmate statement:
**I did not give an interview. I was just answering questions. This incident report is being written in retaliation.**

C. Witnesses:
1. Inmate waived right to witness.  Yes_____  No **X**

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):**See section V for explanation**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below).

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **Recorded phone call, RT news article, telephone transcript, inmate's written statement.**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because: _____.

IV.   FINDINGS OF THE DHO

**X** A. The act was committed as charged.

_____ B. The following act was committed:

_____

_____ C. No prohibited act was committed: Expunge according to Inmate Discipline PS.

- PAGE 14 OF 55 -

1

BP-A0366
JAN 17

U.S. DEPARTMENT OF JUSTICE          AMENDED          FEDERAL BUREAU PRISONS

DISCIPLINE HEARING OFFICER REPORT

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| GOTTESFELD, Martin | 12982-104 | 12-01-2021 |

V.    SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

You were advised of your rights before the Discipline Hearing Officer and stated that you understood those rights. You requested a staff representative, and you were provided with one. A written statement was provided on your behalf.

Administrative notice is given to you request for the reporting officer as your witness. The DHO chose not to call the reporting officer to the hear as his statement is well documented in Section 11 of the incident report. In addition, the reporting would be considered an adverse witness.

The DHO finds that you committed the prohibited act of Code 297: Phone Abuse.

The DHO considered the Incident Report which the reporting officer states, An unnamed journalist published an article on the RT website (https://on.rt.com/bgyv) on September 18, 2021, at approximately 1:12 p.m. The article was titled, " The law doesn't apply in America anymore,' hacktivist Marty Gottesfeld tells RT from jail." A review of the published article revealed inmate Gottesfeld participated in a telephone media interview with the RT journalist. Specifically, the article stated, "...he tells RT, in an exclusive telephone interview from jail," "...Marty Gottesfeld tells RT," and "...the accused cyber attacker claims, adding..." A review of the inmate's communications revealed Gottesfeld made a call to Dana Gottesfeld, his wife, on September 16, 2021, at approximately 5:20 p.m. The review revealed the RT article was nearly verbatim to the communications in this call. At approximately two minutes in to the call, Dana mentioned she had a few questions that she would like to read to the inmate. The inmate gave his approval for her to read them. The first question she read annoyed the inmate and he stated, "I wonder if I want to be answering this series of questions or if someone should just go pound sand. Because that's the other option. I can just not answer at all, so...," which is a reflection of his acknowledgement of this being a 3rd party's question, not his wife's. Dana continued with reading the additional questions and the inmate answered each at length. Multiple times throughout the call, the inmate made comments to reflect his acknowledgment that the questions were from a 3rd party interviewer, one of which is notated above. Additionally, the inmate stated, "I've dealt with enough hostile people who don't want to do their homework" and "Yeah, tell him...(stutter and pause)...that's fine." (At this point, the inmate quickly changed their conversation to other subjects.) Further review of the article revealed it was filled with quotes purportedly made by the inmate, although, the communication review revealed he had in-fact only made these comments during the call to Dana. It has been determined inmate Gottesfeld and Dana, both, knowingly conspired to circumvent monitoring procedures by relaying interview questions and responses between the inmate and an unknown 3rd party.

The DHO made a review of your written statement and found no exculpatory information.

The DHO made a review of the telephone transcript/recorded phone call and the RT news article, which reaffirms that inmate relayed information to a third party.

The DHO considered your statement to the investigating Lieutenant stating, "this incident report was written as retaliation" "due to statements I made about PREA violations involving staff during the phone call."

The DHO considered your statement to the UDC stating, "I did not such interview. I have been provided neither a transcript of the call nor a recording of the call to challenge the accuracy of this report." Inmate further states in summary that the incident report was written in retaliation.

2

BP-A0304
JAN 17

**DISCIPLINE HEARING OFFICER REPORT**
AMENDED

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU PRISONS**

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| GOTTESFELD, Martin | 12982-104 | 12-01-2021 |

The DHO considered your statement to the DHO stating, I did not give an interview. I was just answering questions. This incident report is being written in retaliation.

The DHO considered your statement and denial to the charge against you but was not convinced. The DHO believes you would deny the charge to avoid possible disciplinary sanctions, if found guilty. You state the incident report was written due to retaliation. However, from a review of the recorded phone/transcripts and review of the RT new article it is very apparent that you conducted an interview with your approved contact. You did this with the purpose of forwarding the information to a third party. By doing this you circumvented staff's ability to effectively monitor your communications meeting the elements of the prohibited act. The DHO based the decision on the greater weight of the evidence. Greater weight is given to the incident report, telephone transcripts, recorded telephone call, and to the RT new article.

Therefore, based on the greater weight of the evidence the DHO finds you committed the prohibited act of Code 297: Phone Abuse.

VI.    SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):

Code 297:
27 Days Disallow Good Conduct Time
180 Days Loss of Phone
180 Days Loss of Email

VII.   REASON FOR EACH SANCTION OR ACTION TAKEN:

The action on the part of any inmate to use the telephone in an unauthorized manner poses a serious threat to the ability of staff to control the use of the telephone and monitor whether inmates are making calls for prohibited or illegal purposes.  It is indicative of the intent to participate in unauthorized activities that could lead to disruptive behavior.  The use of telephones is a privilege for inmates to maintain contact with their family and to maintain ties with them and not for criminal use.  The sanctions imposed by the DHO were taken to express the gravity of the infraction and let the inmate know that he, and he alone, will be held responsible for his actions at all times.

VIII. APPEAL RIGHTS:  __X__  The inmate has been advised of the findings, specific evidence relied on action and reasons for the action.  The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.  A copy of this report has been given to the inmate.

IX.    Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| J. Bradley DHO | | 09-28-2022 |

DHO report delivered to Inmate by: _____

| Printed Name (Staff) | Signature: | Date and Time: |
|---|---|---|

Prescribed by P5270                    Replaces BP-A0304 of AUG 11

3

**U.S. Department of Justice**                     **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.          12982-104          D          FCI-THA
        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A—REASON FOR APPEAL** This is an appeal of the guilty finding for incident report (IR) 3549119, "Offense Code: 297," "DHO Hearing" by Mr. Jason Bradley on "12-01-2021." *See* DHO Rep., Attachm. 1. The "delivered to Inmate" date of 12-08-22, *id.* at 3, § IX, is accurate and this appeal is timely and properly filed. *See* incl'd Timel. Memo.; Prog. Stat. 1330.18 Administrative Remedy Program (Jan. 6, 2014) ("PS ARP") at chs. 8 (citing 28 C.F.R. § 542.14(d)(2) (DHO appeals are properly filed "initially to the Regional Director for the region where the inmate is currently located")), 9 (citing 28 C.F.R. § 542.15(a) (20-day time to file a reg. appeal)).

The decision cannot stand because, *e.g.*, I was denied a dispositive witness, Ms. Jodi Wampler, i.e. the complainant. *See* U.S. Dep't of Justice, Fed. Bureau of Prisons, Notice of Discipline Hearing Before the (DHO), 09/22/2021, electing to call Wampler, Attachm. 2. Absent Wampler I could not challenge, *e.g.*, the untimeliness of the IR, the accuracy of the call transcript, the retaliatory nature of the IR or the simple fact that Wampler 1) knew "my frequency of phone use, 2) that she knew the contents of my call, and 3) that she knew the number called." Disciplinary-hearing statement of Martin S. Gottesfeld ("Inm. Stat.") at 1–3 (enumerating key questions for Wampler) (citing, *inter alia*, Prog. Stat. 5270.09 Inmate Disciplinary Program (July 8, 2011) ("PS Disc. Prog.") at Table 1, code 297 ("Use of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor the frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act")), Attachm. 3.

Bradley falsified his DHO report—as he tends to do—to claim "Inmate waived right to witness." DHO Rep. § III(C)(1), Attachm. 1 at 1. But I never waived witnesses and no signed documentation exists to that effect. *Contrast* Inm. Stat. (enumerating questions I intended to ask Wampler). *PLEASE SEE CONT. PG., INCL'D ->*
08 DEC. 2022 <- THE SAME DAY I REC'VED THE DHO REPORT.          _____
DATE                                                         SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                              _____
DATE                                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel.  Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 1145484-R1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____          **- PAGE 17 OF 55 -**
        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

USP LVN          DATE          Previous editions not usable          SIGNATURE, RECIPIENT OF REGIONAL APPEAL          BP-230(13)
                                                                                  APRIL 1982

Attachm. 5

U.S. Department of Justice                                    **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | D | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL This is an appeal of rem. no. 1145484-R1 seeking expungement of incident report (IR) 3549119, "Offense Code 297," "DHO Hearing" by Mr. Jason Bradley on "12-01-2021." See incl'd Amended DHO Rep. The DHO's decision cannot stand because, e.g., I was denied a dispositive witness, Ms. Jodi Wampler, i.e. the complainant, who, if truthful, would have testified that she was at all times monitoring the number called, the content of the call and my frequency of phone use, and that I neither committed nor furthered a high-category prohibited act. See U.S. Dep't of Justice, Fed. Bureau of Prisons, Notice of Discipline Hearing Before the (DHO), 09/22/2021, electing to call Wampler, Attach 2 to BP-10. Absent Wampler I could not challenge the untimeliness of the IR, the accuracy of the call transcript, the retaliatory nature of the IR or the simple fact that Wampler knew 1) my "frequency of phone use", 2) the "content of the call" and 3) "the number called," and that no high-category prohibited act was committed, furthered or attempted. See Disciplinary-hearing statement of Martin Gottesfeld ("Inm. Statem.") at 1—3 (enumerating key questions for Wampler) (citing Prog. Stat. 5270.09 Inmate Discipline Program (July 8, 2011) ("PS Disc. Prog.") at Table 1, code 297 ("Use of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor the frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act")) (other citations omitted), Attachm. 3 to BP-10.

*PLEASE SEE CONT. PG., INCL'D ->*

| 19 MAR. 2023 (SUN.) <- two days after I rec'ved the | |
|---|---|
| DATE     BP-10 response. | SIGNATURE OF REQUESTER |

Part B—RESPONSE

| DATE | GENERAL COUNSEL |
|---|---|

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: _____

Part C—RECEIPT                                          CASE NUMBER: _____

- PAGE 18 OF 55 -

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | BP-231(13) |
|---|---|---|

Central
~~REGIONAL~~ ADMINISTRATIVE REMEDY APPEAL OF IR 3549119 CONT. PG. 1 OF 1

GOTTESFELD, MARTIN S.      REG. NO. 12982-104          D-UNIT      FCI-THA

And "[t]he IR neither alleges nor provides any evidence I 'commit[ted] or further[ed] a High category prohibited act.'" Imm. Stat. at 1, Attachm. 3 at 1 (quoting code 297) (alterations in Imm. Stat.) (comparing code 299 ("... The offending conduct must be charged as 'most like' one of the listed High severity prohibited acts")).

The decision also cannot stand because the IR was untimely and no warden's memo. excuses the delay. The call in question occurred 9/16/21. See IR § 4 ("Date of Incident: September 16, 2021"), Imm. Stat., Attachm. 3, Exh. 1. The call was "live-monitored by CTU staff." Prog Stat. 5214.02 Communications Management Unit (Apr. 1, 2015) at ch. 2(a) (citing 28 C.F.R. § 540.204(a)). Wampler was the "CTU staff" who live-monitored that call on 9/16/21. The relevant article was published "September 18, 2021, at approximately 1:12 p.m." IR § 11. Wampler then did not sign the IR for a further 46½ hours. Id. §§ 12−13 ("09/20/21 11:50 AM"). Another seven hours passed before the IR was delivered to me. Id. §§ 14−16 ("9/20/21" "1853 HR."). A total of 97 hours passed between the call and the delivery of the IR. See id. § 11 (call was "on September 16, 2020, at approximately 5:20 p.m.").

This delay also shows that Wampler, Bradley, et al. had no problems with the call or its contents, but with the media response more than 24 hours later—after which they still did not deliver the IR to me for a further 53½ hours. Thus the IR is not only untimely but retaliatory, and must be expunged for this other reason too. See Imm. Stat., Attachm. 3 (inmates may call news media, no limits on telephone use to call media, and BOP clearly knew my frequency of phone use, the content of my call and the number called) (citing Prog. Stat. 5264.08 Inmate Telephone Regulations ("PS Imm. Tel. Reg.") at chs. 8, 8(f); Exh. 2). At the hearing Bradley openly took exception to my negative but true reports to the media about misconduct of named staffers.

The decision also cannot stand because my call was not circumventive. Complainant knew that my wife, the other party on the call, edits my work for RT, the outlet in question. No third party was involved in quoting me and Complainant cannot and did not provide any evidence showing such. Nor are my phone calls subject to my securing assurances not to be quoted to the press, esp. about violations of the Prison Rape Elimination Act (PREA) by CTU and Terre Haute BOP staffers. Imm. Stat. at 2 (Wampler knew Mrs. Gottesfeld edits my work for RT and that policy allows me to call journalists; Wampler protects Mr. Todd Royer from true reporting of his sexual abuse of inmates). (quoting IR § 17; citing 28 C.F.R. § 115.54 Third-party reporting).

Instead of harassing and retaliating against me, Wampler, Bradley, Eisele, Payton et al. were required to separate Royer from me and his other victims. Imm. Stat. at 2−3 (discussing Royer's unwanted sexual advance and voyeurism) (quoting 28 C.F.R. § 115.64(a) ("Upon learning of an allegation that an inmate was sexually abused, the first security staff member to respond to the report shall be required to: (1) Separate the alleged victim and abuser"), § 115.67(c) ("For at least 90 days following a report of sexual abuse, the agency shall monitor the conduct and treatment of inmates or staff who reported sexual abuse and of inmates who were reported to have suffered sexual abuse to see if there are any changes that may suggest possible retaliation by inmates or staff")). In the Bureau all staff are "security staff" under 28 C.F.R. Part 115.

Now the DHO report is itself so late as to violate due process. My release date rapidly approaches. See Petition, Gottesfeld v. Rule, No. TBD (S.D. Ind. 2022) (arguing for immediate release through § 3621(e), FSA, and GCT). The hearing was over a year before I received the DHO Rep. I was supposed to receive the DHO report within 15 work days. I only received it now because I filed in court about Bradley depriving me of it. Id. Withholding the report for over a year, as inarguably happened, was a constructive denial of my right to written findings that prevented me from exhausting in time and making it to the Court. For this reason too the IR must be expunged.

by: ~~[signature]~~

MARTIN GOTTESFELD                          19 MAR. 2023 (SUN.).



MARTIN GOTTESFELD
REG. NO. 12982-104
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 33
TERRE HAUTE, IN 47808

⇔12982-104⇔
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States

Sunday, March 19, 2023; Appeal of rem. no. 1145484-R1 re RT IR 3549119

CONTENTS—· FORM BP-231(13) ("BP-11"); -11 CONT. PG. IN QUADRUPLICATE; · -R1 RCT. OF ADM. REM.;
· REG. DIR.'S RESP.; · AMENDED DHO REP. AS RET'NED WITH -10; · FORM BP-230(13) ("BP-10") AS
RET'NED; · -10 CONT. PG. IN QUADRUPLICATE; · BP-10 ATTACHMS. AS RET'NED, 1) ORIG. DHO. REP.
(3 PGS.), 2) FORM BP-A0294 NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO) (1 PG.), 3) DISCIPLIN-
ARY-HEARING STATEMENT OF MARTIN GOTTESFELD (3 PGS.) W. EXHS. i) IR 3549119 (1 PG.), ii) EXCR.
P.S. 5264.08 (3 PGS.), iii) 28 C.F.R. § 541.3 AT CODE 297 (1 PG.), iv) GOTTESFELD TRULINCS CON-
TACTS 09/23/2021 (1 PG.), v) FORM BP-A0740 REQUEST FOR INMATE TELEPHONE RESTRICTION (1 PG.), vi)
28 C.F.R. § 541.3 AT CODE 299 (1 PG.), vii) 28 C.F.R. §§ 540.60 ET SEQ. (5 PGS.); AND viii) 28
C.F.R. §§ 551.80 ET SEQ. (2 PGS.)

Attachm, 6



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

---

☐ Institution  ✷ Region  ☐ Central

___CMU___ Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | GOTTESFELD, MARTIN | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | 1120431-R5 | | |

Received on this ___7th___ day of ___Feb___, 2023.

_____ LSL
Signature/Title of Staff


If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2023.

Edits received by Unit Team on this _____ day of _____, 2023.


_____
Signature/Title of Staff

# Inmate Copy

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 23, 2023


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI      UNT: CMU      QTR: D04-041L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808



FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1120431-R5      REGIONAL APPEAL
DATE RECEIVED  : JANUARY 20, 2023
SUBJECT 1      : DHO APPEAL - PROCEDURES
SUBJECT 2      :
INCIDENT RPT NO: 3338082

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                INCLUDES MAIL TIME.

REJECT REASON 2: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING
                WAS NOT YOUR FAULT.

REMARKS        : APPEAL RETURNED WITHOUT MEMO FROM STAFF REGARDING
                UNTIMELY FILING. PROVIDE MEMO FROM STAFF.

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | D | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** This is a resubmission of rem. 1120431-R4 given to my unit team the day after I rec'ed the latest rejection. As per the rej. ntc. I have reiterated my request for a relevant timel. memo. See incl'd Cop-out. I do not control whether local staffers actually write and include a timel. memo. because I cannot seal my remedy mailings. See P.S. 5214.02 at ch. 5(c)(1) (quoting 28 C.F.R. § 540.203(c)(5) (mail to BOP is not special mail)). I further object to the requirement *ad hoc* of a timeliness memo. When a grievance meets all of the Administrative Code's written requirements, it cannot be dismissed because of a requirement on which the administrative rulebook is silent. *Dole v. Chandler*, 438 F.3d 804, 810 (7th Cir. 2006) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Neither P.S. 5324.12 nor P.S. 1330.18 require any supporting documentation for prisoners to assert: "The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse." P.S. 5324.12 (quoting 28 C.F.R. § 115.52(b)(1)). And the prohibition against time limits carries the force of law. See 34 U.S.C. § 30307(b) (the AG's PREA standards apply to the BOP). Ergo, the law also requires the BOP "shall act promptly to remedy" PREA retaliation. 28 C.F.R. § 115.67(c). I note also that the memo. required would be adverse to those expected to sign it and would subject me to yet more retaliation. PRISONER'S SINGLE REQUEST—Please expunge incident report (IR) 3338082, sanctions entered Dec. 20, 2019, prohibited-act code 204A. See incl'd DHO Rep. Remedies were unavailable to me at FCI-THA due to affirmative misconduct of its staffers, e.g., failure to separate sexual abuser Mr. Todd Royer from me after I reported him and retaliation against my attempts to report Royer to the OIG. See facts requested for verification in incl'd Cop-out. Regional may verify all of the facts I stated in my request for the memo. regardless of whether staff provide the memo. For further details supporting the unavailability of remedies prior to my transfer from THA see the R4 BP-10. See *CONTINUATION PAGE* →

10 JAN. 2023 (TUE.) ←THE DAY I REC'VED THE REJ.
_____
DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

R E C E I V E D

JAN 2 0 2023

REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

_____          _____
DATE                                     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                CASE NUMBER: *1120431-R5*

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT:_____ - PAGE 23 OF 55 -

_____          _____
DATE                                     SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
                                                                                        JUNE 2002

REGIONAL ADMINISTRATIVE REMEDY APPEAL RE IR 3338082 CONT. PG. 1 OF 1

GOTTESFELD, MARTIN S.    REG. NO. 12982-104    D-UNIT    FCI-THA

The IR was plainly retaliatory—and therefore unconstitutional—written, as it was, immediately after I handed its author Ms. Rebekka Eisele a PREA complaint against her colleague and future-D-unit Manager Mr. Todd Royer. *See*, *again*, facts verified in incl'd Time1. Memo. Mr. Royer is now the subject of an Office of Internal Affairs (OIA) investigation. *See*, *e.g.*, Cent. Office's Resp. to rem. 1121369-A1; Michelle Malkin, *#FreeMartyG: Exposing America's Secret Prisons* (syndicated Jan. 21, 2022), available at https://www.csnnews.com/commentary/michelle-malkin-freemartyg-exposing-americas-secret-prisons (OIG referred investigation to OIA).

Royer was alternate DHO Mr. D. Matthews's fellow alternate DHO, whom Matthews protected and avenged, and Eisele was Matthews's fellow case manager, in whose favor he ruled. *See Malone v. United States AG*, 858 F. App'x 296, 297 (11th Cir. 2021) ("[S]ome facilities also employ alternate DHOs who assist with the disciplinary case load as a 'collateral duty,' meaning that alternate DHOs continue to fulfill their primary job[s]").

My PREA complaint against Royer was in a set of papers I gave Complainant Eisele Dec. 9, 2019. Eisele then filed IR 3338082 against me, charging me with attempted extortion based on a court-related request I had given to her more than 48 hours earlier on Dec. 6, 2019. More than 24 hours had elapsed between my handing Eisele the request in question in the IR 3338082 and my handing her remedy no. 1000236-F1 against Royer. In that time Eisele did not file IR 3338082. *See* Prog. Stat. 5270.09 Inmate Discipline Program (Nov. 8, 2020) at ch. 2 (quoting 28 C.F.R. § 541.5 ("You will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident")). She did so only after I handed her rem. 1000236-F1 against Royer. No warden's memo. documented or excused the delay from Dec. 6, 2019, through Dec. 9, 2019. *Contrast*: "The reason for the delay must be documented in the discipline record." Prog. Stat. 5270.09 Inmate Discipline Program (Nov. 8, 2020) at ch. 2(b).

DHO Matthews was biased. *See* Petition § III, *Gottesfeld v. Lammer*, *supra*, dkt. 1 at 13.

My warden-appointed staff rep. neglected her duties and my rights. *Id.*

I was denied witnesses, *e.g.*, Rebekka Eisele and William O. Harris. *Id.*

I was also denied exculpatory evidence, *e.g.*, a copy of the court-related request in question in IR 3338082 and copies of relevant case law, cited, *infra*, without which I could not prepare a written statement. *Id.*

I further note that submitting a cop-out as a prerequisite for litigation, as the IR charges, is protected conduct. *See id.* at 3, § II (citing, *inter alia*, *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *Edelson PC v. Bandas Law Firm PC*, 2018 U.S. Dist. LEXIS 19423, No. 16 C 11057 (N.D. Ill. Feb. 6, 2018); *Sellers v. Beto*, 345 F. Supp. 499, 501 (S.D. Tex. 1972)); *id.* at 26, ¶ 133 (quoting *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004); *Perez*)).

Moreover, the IR must be expunged because: "The court also expressed a concern that '[a]llowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another." *Edelson* at *20–21 (citing *United States v. Pendergraft*, 297 F.3d 1198, 1207 11th Cir. 2002); *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003)). *See also Pendergraft*, 297 F.3d at 1208 ("[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system"); *Deck*, 349 F.3d at 1258 (joining a "multitude of other courts in holding that meritless litigation is not extortion").

by: ⟨signature⟩                                    10 JAN. 2023 (TUE.).
Martin Gottesfeld

U.S. Department of Justice

Federal Bureau of Prisons

*Attchm. 7*

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __GOTTESFELD, MARTIN S.__ ____12982-104____ __D__ __FCI.-THA__
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** This is an appeal of the rejection of rem. no. 1120431-R5. "When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection[...] to the next appeal level." P.S. 1330.18 at ch. 11 (quoting 28 C.F.R. § 542.17(c)) (alteration added). I was given no "time extension in which to correct the defect and resubmit." *Id.* at ch. 11 (quoting 28 C.F.R. § 542.17(b)). Because such was required but not provided, I construe the rejection as final and appeal it.
PRISONER'S SINGLE REQUEST—Please direct the regional office to process my appeal ("BP-10") as timely, pursuant to PREA. Specifically, under PREA, the BOP is barred from imposing "a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse." P.S. 5324.12 (quoting 28 C.F.R. § 115.52(b)(1)). The BOP is without discretion on this issue. See 34 U.S.C. § 30307(b) (PREA standards, including 28 C.F.R. § 115.52(b)(1), apply to the BOP). My BP-10 more than adequately established my issue as one "regarding an allegation of sexual abuse." See BP-10 Cont. Pg. (detailing that the IR in question was filed directly after I pursued a PREA complaint against FCI-THA Unit Manager Mr. Todd Royer, who is now the subject of a continued OIA investigation for said conduct). Regional never attempted to assert that my BP-10 was not "regarding an allegation of sexual abuse." I further object to the requirement *ad hoc* of a timeliness memo. Remedy procedures never mention such a memo. *See, in toto,* P.S. 1330.18, 5324.12. My BP-10 meets all of the actual requirements. When a grievance meets all of the administrative code's written requirements, it cannot be dismissed because of a requirement on which the administrative rulebook is silent. *Dole v. Chandler,* 438 F.3d 804, 810 (7th Cir. 2006) (citing *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002)). I further requested a timel. memo. but was denied one without any adequate explanation or citation to policy of any kind. See incl'd cop-out and response.

__07 FEB. 2023 (WED.)__ <- SAME DAY I REC'VED THE REJECTION. _____
      DATE                                                  SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____         _____
           DATE                                         GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: _____

**Part C—RECEIPT**

                                        CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____ - PAGE 25 OF 55 -

_____        _____
           DATE                       SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN

BP-231(13)
APRIL 1982

INMATE REQUEST TO STAFF

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| 1st Name and Title of Staff Member: | DATE: |
|---|---|
| SCHMALENSEE, UNIT MANAGER MR. | 10 JANUARY 2023 (TUE.) |
| FROM: GOTTESFELD, MARTIN S. | REGISTER NO.: 12982-104 |
| WORK ASSIGNMENT: N/A | UNIT: D |

SUBJECT: (Briefly state your question or problem and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)    Salutations Mr. Schmalensee:

I hope you are well.

As per our discussion recently at mail call, I reiterate my previous request for a timeliness memo for my examination of rem. 1120431-R4. You advised me you would consider issuing timeliness memos. only af-
ter relevant rejection. As you can see on the -R4 and -A1 rejection notices, the central and regional
offices have required I secure a timeliness memo. for this remedy. I hereby request such a memo. on the
bases enumerated in my previous relevant request, copy attached here for your review.

Thanks for your consideration,

by: [signature]
    Martin Gottesfeld

(Do not write below this line)

DISPOSITION:

A timeliness memo will not be provided in this case, as you
have not shown ① cause for delay from 2014 to 2022, #42.

| [signature] Staff Number | Date 1/13/23 |
|---|---|

Record Copy - File; Copy - Inmate

(This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Prescribed by P5511

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER         SECTION 6

---

9. FCI Terre Haute Lt. Mr. B. Devlin delivered the IR and placed me in the SHU. I told Dev-
lin immediately upon receipt of the IR that it was retaliatory. At no point did any FCI Terre
Haute staffer ever separate me from Royer.

10. On Dec. 20, 2019, IR 3338082 was decided by Mr. D. Matthews. Matthews and Complainant
Eisele were both case managers at FCI Terre Haute and Matthews and Royer were both alternate dis-
ciplinary-hearing officers (DHOs) at FCI Terre Haute. See, e.g., Helms v. United States, AG, 658
F. App'x 296, 297 (11th Cir. 2021) ("[S]ome facilities also employ alternate DHOs who assist with
the disciplinary case load as a 'collateral duty,' meaning that alternate DHOs continue to fulfill
their primary job[s]").

11. Either while rem. no. 1000236-F1 was assigned to my then-unit manager Ms. D. Thomas for
investigation, or very shortly thereafter, Warden Brian Lamer made Royer my new unit manager.

12. Royer remained my unit manager until my transfer to U.S.P. Marion on Jan. 21, 2022.

13. I remained in SARS-CoV-2 quarantine at Marion until the evening of Feb. 4, 2022.

14. I was released from SARS-CoV-2 quarantine straight into the national lockdown resulting
from the 2022 incident at Beaumont.

15. After the national lockdown I still had not received my property, i.e. legal papers,
from FCI Terre Haute when my unit at Marion entered a three-week SARS-CoV-2 lockdown until Mar.
21, 2022.

16. I did not receive any property, i.e. legal papers, until Mar. 24, 2022. More lockdowns
followed.

17. At Marion I participated in Pesach (Passover) from Apr. 15 through Apr. 23, 2022, which
precluded me from working.

18. After Pesach ended I requested Form BP-230(13)s ("BP-10s") but did not receive them for
several days, as then customary at U.S.P. Marion I-unit.

19. Upon my receipt of the BP-10s I promptly turned over to my unit team care, custody and
control of remedy appeal 1120431-R1 for mailing to regional, accurately dated Apr. 29, 2022.

20. I was transferred back to FCI Terre Haute Nov. 10, 2022, and Royer remains an acting
associate warden here and there is still no separation order precluding his access to me.

If you have any difficulty verifying any of the above facts please let me know in writing and
I will help you identify the relevant records. Likewise, if you feel I am materially mistaken as
to any of the above, then please specify any such discrepencies to me in writing and I will re-
examine my records and get back to you.

Thank you for your prompt attention to this time-sensitive matter,'

by: [signature]
    Martin Gottesfeld, 12982-104

---

To Case Manager, FCI-THA D-Unit
From Gottesfeld, Martin S., Reg. no. 12982-104
1145 hrs. Fri., Dec. 16, 2022
Re Timeliness Memo. for Remedy No. 1120431 re IR 3338082

To Whom It May Concern:

I hope you are well.

Pursuant to the central office's remarks re remedy 1120431-A1, I hereby request a timeliness
memo. verifying the following facts.

1. I received central office's rejection notice of 1120431-A1 on Dec. 14, 2022.

2. Ca. June 27, 2019, I sent a CORRLINKS message accusing Mr. Todd Royer of sexual abuse un-
der the Prison Rape Elimination Act (PREA), i.e. sexual voyeurism, quoting 28 C.F.R. § 115.6:

3. Ca. June 28, 2019, I tried to mail a PREA complaint against Royer to the U.S. Dep't of
Justice Office of the Inspector General (OIG). Case Manager Ms. Rebeka Eisele returned the mail-
ing to me the next business day, which I had not been allowed to seal, and she refused to mail it.
Eisele did not separate Royer from me. Cf. U.S. Dep't of Justice, Fed. Bureau of Prisons, Program
Statement 5324.12 Sexually Abusive Behavior Prevention and Intervention Program (June 4, 2015)
(quoting 28 C.F.R. § 115.64(a)(1) (responding security staff must "Separate alleged victim and ab-
user")) ("In the Bureau, all institution staff are 'security staff'").

4. Ca. June 28, 2019, FCI Terre Haute S.I.S. Lt. Mr. Jamie Baker came to the CMU to inter-
view me about the alleged PREA violation, which had been recorded on closed-circuit audio and vid-
eo that des immediately available for his review. Lt. Baker did not separate Royer from me. Cf.
Prog. Stat. 5324, supra, ¶ 3.

5. Ca. July 1, 2019, I mailed a declaration to court accusing Royer of sexual abuse under
PREA, i.e. sexual voyeurism. See Gottesfeld v. Hewitt, et al., 18-cv-10635-PGG-GWG (S.D.N.Y.),
dct. 63 at 5-8 (quoting 28 C.F.R. § 115.6). I later gave a copy of this declaration to FCI Terre
Haute S.I.S. Lt. Mr. J. Sherman. Sherman did not separate Royer from me.

6. Ca. Nov. 26, 2019, I turned in to Eisele an Administrative Remedy-Informal Resolution
("BP-8"), stating, inter alia, "My prior attempt to anonymously report a PREA violation by Todd
Royer to the OIG led directly to internal S.I.S. Lt. [Mr. Jamie] Baker['s] trying to interview me
in the CMU and this was wholly inappropriate[...] Please fix the current noncompliance with 28
C.F.R. § 115.6(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or
other entity outside the DOJ, and please fix TRULINCS so that the 'Request to Staff' button is no
longer disabled in the CMU." Eisele et al. never answered this BP-8.

7. The morning of Mon., Dec. 9, 2019, I handed Eisele remedy no. 1000236-F1, stating, inter
alia, "My prior attempt to report anonymously a PREA violation by Todd Royer to the OIG led direc-
tly to internal S.I.S. Lt. [Mr. Jamie] Baker['s] trying to interview me in the CMU and this was
wholly inappropriate" and "Please fix the current noncompliance with 28 C.F.R. § 115.6(b) in the
FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the
DOJ, and please fix TRULINCS so that the 'Request to Staff' button is no longer disabled in the
CMU."

8. Later on Dec. 9, 2019, Eisele filed incident report (IR) 3338082 against me, charging me
with attempted extortion based on a court-related request I had given to her more than 48 hours
earlier on Fri., Dec. 6, 2019. More than 24 hours had elapsed between my handing Eisele the
request in question in the IR and my handing Eisele remedy no. 1000236-F1, and in that time Eisele
did not file IR 3338082; she filed IR 3338082 only after I handed her remedy no. 1000236-F1,
supra, ¶ 7. Cf. U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 5270.09 Inmate
Discipline Program (Nov. 8, 2020) at ch. 2 (quoting 28 C.F.R. § 541.5 ("You will ordinarily re-
ceive the incident report within 24 hours of staff becoming aware of your involvement in the in-
cident").

- PAGE 1 OF 2 -

---

My three-page request for a memo,
more than showed sufficient cause for
the delay, including unrebutted failure of
FCI-THA staffers to separate sexual
abuser Mr. Todd Royer from his victims,
e.g., myself. See 28 C.F.R. § 115.64.



MARTIN GOTTESFELD
REG. NO. 12982-104
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 33
TERRE HAUTE, IN 47808

**UNITED STATES POSTAL SERVICE®**

USPS TRACKING #

9114 9022 0078 9988 6615 25

⇦12982-104⇦
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States

Wednesday, February 7, 2023; Appeal of rem. no. 1120431-R5
CONTENTS—• FORM BP-231(13) ("BP-11"); • COP-OUT AS ANS. IN QUADRUPLICATE; • RCT. OF ADM.
REM. 1120431-R5; • REJ. NTC. 1120431-R5; • FORM BP-230(13) ("BP-10") 1120431-R5; • -R5
CONT. PG. IN QUADRUPLICATE; • COP-OUT AS SUBM. (3 PGS.); • DHO REP. 3338082 (3 PGS.);
• RCT. OF ADM. REM. 1120431-R4; • REJ. NTC. 1120431-R4; • BP-10 -R4; • CONT. PG. -4 IN
QUADRUPLICATE; • RCT. OF ADM. REM. 1120431-A1; • REJ. NTC. -A1; • BP-11 -A1; • TIMEL. MEMO.
-R3; • REJ. NTC. -R3; • BP-10 -R3; • CONT. PG. -R3 IN QUADRUPLICATE; • -R2 TIMEL. MEMO.;
• -R2 REJ. NTC.; • BP-10 -R2; • CONT. PG. -R2 IN QUADRUPLICATE; • -R1 TIMEL. MEMO.; • -R1
REJ. NTC.; AND • -R1 BP-10.

- PAGE 27 OF
    55 -

Attchm, 8



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

| ☐ Institution | ☒ Region | ☐ Central |
|---|---|---|

CMU Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | **GOTTESFELD, MARTIN** | Reg. No.: | **12982-104** |
|---|---|---|---|
| Administrative Remedy No.: | **1120386-R3** | | |

Received on this __16th__ day of __March__, 2023.

_____ LSW
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2023.

Edits received by Unit Team on this _____ day of _____, 2023.

_____
Signature/Title of Staff

## Inmate Copy

U.S. Department of Justice
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number: 1120386-R3**

This is in response to your Regional Administrative Remedy Appeal received on November 17, 2022, regarding the decision of the Discipline Hearing Officer (DHO). You were found to have committed the prohibited act of Code #397, Phone Abuse. You appeal this decision stating the DHO never wrote and delivered your DHO report. You further claim the Unit Discipline Committee (UDC) Chairperson was significantly involved in the incident, and you were denied sufficient notice of the Code #397 charge. You further claim your staff representative failed to complete the requested tasks, and you were denied your right to witnesses. You request the incident report be expunged.

A review of the disciplinary action indicated that you were provided due process as required by Program Statement 5270.09, Inmate Discipline Program. You were given advance written notice of the charge against you more than 24 hours prior to your appearance before the DHO. You were afforded the opportunity for staff representation and to call witnesses. You were offered the chance to be present at your hearing, make a statement to the DHO, and present documentary evidence on your behalf. On December 8, 2022, you were given a written copy of the decision. Although the written copy of your decision was delivered outside of the *ordinary* 15-work day time frame, it did not hinder your ability to appeal this decision.

According to the Notice form, you made no request for witnesses. Additionally, there is no evidence that the UDC Chairperson was involved in the incident, or that your staff representative did not assist you in the preparation of your defense.

The Bureau of Prisons policy directs the DHO to consider all evidence presented at the hearing and to make the decision based on some facts, and if there is conflicting evidence, to base the decision on the greater weight of the evidence. The DHO found you guilty based on the greater weight of the evidence. Evidence weighed against you consisted of the reporting staff member's written report and recorded phone call. This evidence, coupled with your decision not to present credible or verifiable exculpatory evidence which may have exonerated you from the charge, reasonably led the DHO to make a guilty finding.

Program Statement 5270.09, gives the DHO the authority to find you committed a similar prohibited act as described in the incident report by amending the prohibited act code. Specifically, policy states, the DHO will make one of the following decisions after a hearing on the incident report: (1) You committed the prohibited act(s) charged, and/or a similar prohibited act(s) as described in the incident report; (2) You did not commit the prohibited act(s) charged; or (3) The incident report will be referred back for further investigation, review, and disposition. The amendment of the charge was executed in accordance with policy.

The DHO report clearly indicates the basis for the finding you committed the prohibited act and explains the purpose of imposing the sanctions that are within policy. The discipline process was conducted in accordance with Program Statement 5270.09.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

3/3/23
Date

Andre Matevousian, Regional Director

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | I | USP-MARION |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**  This is a *second* resubmission of rem. no. 1120386-R2. *See, generally,* enclosed. I have verified with the institution that the DHO, Mr. Jason Bradley, never wrote and delivered the DHO report re incident report (IR) 3552752, disciplinary action taken Dec. 1, 2021, prohibited-act code 397. *See*, enclosed, Memo. of Nathan Simpkins re Administrative Remedy #1120386-R2. I obviously, therefore, cannot include the DHO report with this appeal. Moreover, I have a right to the report, which DHO Bradley never wrote and delivered to me to support his findings.

My singular request is to produce the DHO report, or, in the alternative, to expunge IR 3552752. *See, e.g.,* Prog. Stat. 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days [*sic*] of the decision"); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007) (quoting *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992)) (prisoners entitled to "24 hours [...] written notice," "the opportunity to call witnesses and present documentary evidence," "the opportunity to be heard by an impartial decision maker," exculpatory evidence and "a written statement by the fact finder"; *Wolff v. McDonnell,* 418 U.S. 539 (1974) (same).

In addition, the IR violates U.S. Const. amend. I, PREA and BOP policy. Todd Royer was the sole UDC member, against whom I and others had and have Prison Rape Elimination Act (PREA) complaints filed. Royer was subject of my relevant phone call, over which the charge was brought against me. *Contrast* Prog. Stat. 5270.09, CN-1, *supra* (quoting 28 C.F.R. § 541.7 (b) ("UDC members will not be [...] significantly involved in the incident"); 28 C.F.R. §§ 115.64(a)(1) (staff must "Separate the alleged victim," i.e. me, from the "abuser," i.e. Royer), 115.67(c) (BOP must monitor alleged abusers and abused for "changes that may suggest possible retaliation" and "act promptly to remedy any such retaliation," including "inmate disciplinary reports"). *SEE CONTINUATION PAGE →*

| 05 NOV. 2022 (SAT.) | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

---

**Part B - RESPONSE**

NOV 17 2022

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                     CASE NUMBER: _____

---

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

UPN LVN                          PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

REGIONAL ADMINISTRATIVE REMEDY APPEAL CONT. PG. 1 OF 1

GOTTESFELD, MARTIN S.        12982-104        I-UNIT        USP-MARION

Royer was involved significantly in the incident, was never separated from me or any of his many other accusers and BOP failed to monitor for and promptly remedy this retaliation. DHO Bradley is Royer's fellow DHO and openly retaliated against my PREA reporting of Royer at the DHO hearing itself, thus violating both PREA and U.S. Const. amend. I, as well as 28 C.F.R. § 541.7(b).

I was denied witnesses, e.g., Jodi Wampler, evidence, e.g., the call audio and transcription, in order to challenge the transcription, and surveillance audio of S.I.S. Ms. Jamie Wheeler's telling me that I may read the same statement from the call out loud in the unit, and an impartial decisionmaker not friends and fellow DHO with Royer, as well as separation from Royer under PREA.

Now, absent the DHO report——which was never produced——I am denied access to court. The call in question in IR 3552752 posed no articulable threat to safety or orderly operations; none was ever presented; it was a call to a journalist, Mr. Arthur "Jordan" Bloom of *The American Conservative*. DHO Bradley took exception to my naming Royer to a journalist notwithstanding that policy expressly allowed me to do so: "Inmate may submit telephone numbers for any person[s] they choose, including [...] members of the news media." Prog. Stat. 5264.08 Inmate Telephone Regulations at ch. 8 (Jan. 24, 2008). Third-party PREA reporting of the type for which Bradley punished me is protected by regulation and program statements. *See, e.g*, 28 C.F.R. § 115.54; Prog. Stat. 5324.12 Sexually Abusive Behavior Prevention and Intervention Program (June 4, 2015) (quoting 28 C.F.R. § 115.54). *See also* U.S. Const. amend. I.

Bradley took open exception to my true reports to journalists re Royer and FCI Terre Haute's systemic failure to follow PREA.

I wsa denied adequate notice of the charge, code 397, which Bradley adopted *sua sponte* during the hearing minutes before his decision. *Contrast Scruggs, supra.*

My staff rep. neglected her duties and my rights, e.g., as to the aforecited.


05 NOV. 2022                                by: _____
                                               Martin Gottesfeld

Attchm 9

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: JANUARY 18, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI    UNT: CMU    QTR: D04-041L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE REGIONAL APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 1145487-R1
DATE RECEIVED  : DECEMBER 20, 2022
RESPONSE DUE   : FEBRUARY 18, 2023
SUBJECT 1      : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2      :
INCIDENT RPT NO: 3552752

Attchm, 10

U.S. Department of Justice                                    **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | D | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** This is an appeal of rem. no. 1120386-R3 seeking expungement of incident report (IR) 3552752. The IR violates U.S. Const. amend. I, PREA and BOP policy. Todd Royer was the sole UDC member, against whom I and others had and have open Prison Rape Elimination Act (PREA) complaints filed. Royer was subject of my relevant phone call, over which the charge was brought against me; he then submitted an unsigned "Notice form," which regional relied-on in its response, to indicate falsely I waived witnesses when my statement indicates unequivocally the opposite. This is part of a known pattern of conduct where FCI-THA DHOs and ADHOs Mr. Jason Bradley and Mr. Todd Royer falsify discipline documents to buttress retaliatory findings that, *inter alia*, protect Royer's sexual abuse and perpetuate it. *Contrast* any copy of my signature on file with the "Notice form." The letter-X on the "Notice form" is Royer's, not mine. *See* other "Notice" forms submitted by Royer in other cases. *See also* Prog. Stat. 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 (quoting 28 C.F.R. § 541.7(b) ("UDC members will not be [...] significantly involved in the incident"); 28 C.F.R. §§ 115.64(a)(1) (staff must "Separate the alleged victim," i.e. me, from the "abuser," i.e. Royer), 115.67(c) (BOP must monitor alleged abusers and abused for "changes that may suggest possible retaliation" and "act promptly to remedy any such retaliation," including "inmate disciplinary reports"). *See CONT. PG. ->*

I never waived witnesses and Royer's mark on the notice form is not mine and is not my signature. The audio/video from the UDC, in the D-unit SHU, from that day reflects I never signed any such forms for Royer.

MR. ROYER CONTINUES TO SEXUALLY ABUSE PRISONERS HERE.

| 19 MAR. 2023 (SUN.) | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

| DATE | GENERAL COUNSEL |
|---|---|

ORIGINAL: RETURN TO INMATE                                    CASE NUMBER: _____

**Part C - RECEIPT**
                                                             CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

- PAGE 33 OF 55 -

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |
|---|---|

USP LVN                    PRINTED ON RECYCLED PAPER                    BP-231(13)
                                                                        JUNE 2002

CENTRAL-OFFICE ADM. REM. APPEAL OF REM. NO. 1120386-R3 CONT. PG. 1 OF 1

GOTTESFELD, MARTIN S.          12982-104          I-UNIT          USP-MARION

Royer was involved significantly in the incident, was never separated from me or any of his many other accusers and BOP failed to monitor for and promptly remedy this retaliation. DHO Bradley is Royer's fellow DHO and openly retaliated against my PREA reporting of Royer at the DHO hearing itself, thus violating both PREA and U.S. Const. amend. I, as well as 28 C.F.R. § 541.7(b).

I was denied witnesses, *e.g.*, Jodi Wampler, evidence, *e.g.*, the call audio and transcription, in order to challenge the transcription, and surveillance audio of S.I.S. Ms. Jamie Wheeler's telling me that I may read the same statement from the call out loud in the unit, and an impartial decisionmaker not friends and fellow DHO with Royer, as well as separation from Royer under PREA.

Now, absent the DHO report——which was never been produced——I am denied access to court. The call in question in IR 3552752 posed no articulable threat to safety or orderly operations; none was ever presented; it was a call to a journalist, Mr. Arthur "Jordan" Bloom of *The American Conservative*. DHO Bradley took exception to my naming Royer to a journalist notwithstanding that policy expressly allowed me to do so: "Inmate may submit telephone numbers for any person[s] they choose, including [...] members of the news media." Prog. Stat. 5264.08 Inmate Telephone Regulations at ch. 8 (Jan. 24, 2008). Third-party PREA reporting of the type for which Bradley punished me is protected by regulation and program statements. *See*, *e.g*, 28 C.F.R. § 115.54; Prog. Stat. 5324.12 Sexually Abusive Behavior Prevention and Intervention Program (June 4, 2015) (quoting 28 C.F.R. § 115.54). *See also* U.S. Const. amend. I.

Bradley took open exception to my true reports to journalists re Royer and FCI Terre Haute's systemic failure to follow PREA.

I wsa denied adequate notice of the charge, code 397, which Bradley adopted *sua sponte* during the hearing minutes before his decision. *Contrast Scruggs*, *supra*.

My staff rep. neglected her duties and my rights, *e.g.*, as to the aforecited.

19 MAR. 2023 (SUN.)

BY: MARTIN GOTTESFELD.

MARTIN GOTTESFELD
REG. NO. 12982-104
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 33
TERRE HAUTE, IN 47808

   

⇔12982-104⇔
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States

CONTENTS—: FORM BP-231(13) ("BP-11"); : ~11 CONT. PG. IN QUADRUPLICATE; : ~10 RCT. OF ADM.
REM.; : REG. DIR.'S RESP.; : FORM BP-230(13) ("BP-10") AS RET'NED; AND : ~10 CONT. PG. IN
QUADRUPLICATE.

Attachm. 11



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

| ☒ Institution | ☐ Region | ☐ Central |
|---|---|---|
| CMU Unit | | |

# Receipt of
# Administrative Remedy

| Inmate Name: | GOTTESFELD, MARTIN | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | 1149749-F1 | | |

Received on this ___16___ day of ___FEB___ 2020. ~~2023~~

_Schmalenst_
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2020.

Edits received by Unit Team on this _____ day of _____, 2020.

_____
Signature/Title of Staff

## Inmate Copy

- PAGE 36 OF 55 -

Remedy No.: 1149749-F1                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted January 31, 2023, in which you allege the Bureau of Prisons operates with a conflict of interest as a trustee of inmate funds. For relief, you request the resolution of the conflict of interest regarding the Bureau of Prisons (BOP) trusteeship of the assets it holds for you.

A review of your request reveals these funds were encumbered in accordance with Program Statement 4500.12, Trust Fund Operations, which states, "Encumbrance of inmate funds for various reasons is essential. Careful consideration is given before any action; encumbrances are not made indiscriminately. An encumbrance may be made for various reasons (e.g. to ensure inmates do not seriously deplete their funds before release, disciplinary measures, inmate's request, claims). Encumbrances are at the Warden's discretion or the result of a disciplinary hearing sanction or notification of a pending Federal court order. This authority is not delegated below the Associate Warden. Funds the Warden encumbers may only be released upon his/her approval or upon inmate release. Funds received via the Lockbox from Unauthorized Correspondent have been reviewed. Institution staff may encumber funds posted to an inmate's account via the Lockbox from an unauthorized correspondent."

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_____2-10-23_____                         _____
Date                                       T. Rule, Warden

U.S. Department of Justice      Attachment 12      **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | D | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** Please resolve the Bureau of Prisons (BOP)'s conflicts of interest as to its trusteeship of assets it holds in trust for me in the inmate trust fund that adversely affect me as a beneficiary, including the damages incurred to those trust assets. The warden's response, incl'd, recognized that I "allege the Bureau of Prisons operates with a conflict of interest as a trustee of inmate funds." It also correctly construed that "For relief, you request the resolution of the conflict of interest regarding the Bureau of Prisons (BOP) trusteeship of the assets it holds for you." *Id.* But it completely ignores the primary conflict of interest: the Inmate Financial Responsibility Program (IFRP). And, the warden's admission against interest, "Encumbrances are at the Warden's discretion or the result of a disciplinary hearing sanction," only further demonstrate the relevant conflicts of interest, i.e. that the BOP's trusteeship is not conducted for the sole benefit of the beneficiaries, the federal prisoners including myself.

"The following are classified as trust funds[...] (21) Funds of Federal prisoners." 31 U.S.C. § 1321(a). The "Inmate Trust Fund" is "a trust administered by the United States government that provides programs, goods, and services to federal prison inmates nationwide." *Maydak v. United States*, 630 F.3d 166, 168 (D.C. Cir. 2010). For this trust fund, the BOP is the trustee and fiduciary, the settlors are prisoners' families and other benefactors, the trust corpus is the monies sent to the BOP by the settlors for the prisoners' benefit and the beneficiaries are the prisoners. *See, generally,* Restatement (Second) of Trusts (1959). Other laws and regulations fail to alter these roles under trust law, e.g., 18 U.S.C. § 3664 (restitution required for property crimes), 28 C.F.R. Part 545 (IFRP).

Thus, where the BOP used inmate trust-fund assets for law-enforcement the district court properly supervised that the "BOP had satisfactorily reimbursed the Trust Fund for any misappropriations." *Maydak*, 630 F.3d at 169 (citation omitted).

| 20 FEB. 2023 (MON.) *PLEASE SEE CONT. PG.* -> | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

USP LVN      PRINTED ON RECYCLED PAPER      BP-230(13) JUNE 2002

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF REM. NO. 1149749-F1 CONT. PG. 1 OF 1

GOTTESFELD, MARTIN S.   REG. NO. 12982-104   D-UNIT   FCI-THA

Reimbursement was required because, "Fiduciaries have an unflagging duty of loyalty to the beneficiaries whom they serve, and to avoid conflicts of interest." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1315 (11th Cir. 2006) (citation omitted).

More specifically, "A fiduciary of a trust has 'a duty to the beneficiary to administer the trust *solely* in the interest of the beneficiary.'" *Davis v. Richards*, 7 F.4th 534, ___ (7th Cir. 2021) (quoting Restatement (Second) of Trusts § 170(1)) (emphasis added). "The reason for such a *strict and exclusive* duty of loyalty stems from the unique trust relationship, where a third party is entrusted with a settlor's property to be used for the beneficiary." *Id.* (emphasis added).

In the IFRP, however, the BOP uses its private fiduciary knowledge to serve itself (the government) and non-beneficiaries by acting as a debt- and law-enforcer, counter to its settlors' aims and adversely to its settlors and beneficiaries. *See, e.g.*, 28 C.F.R. § 545.11(b) (the BOP uses its knowledge of trust assets to aid collection efforts).

Also, while purportedly acting as trustee, the BOP punishes its beneficiaries, including me, to coerce them to pay debts to itself (the government) and third parties. *See, e.g.*, Prog. Stat. 5270.09 Inmate Discipline Program (July 8, 2011) (DHO fines assessed against trust assets), 28 C.F.R. § 545.11(d)(1) (IFRP used to deny parole), (2) (prisoners who decline trustee-slash-debt-collector's demands are denied furloughs to see settlors), (3) (prisoners who decline have their wages cut), (4) (prisoners who decline are denied desirable jobs), (5) (prisoners who decline are denied job training), (6) (prisoners who decline may not spend more than $25 per month on commissary), (9) (prisoners who decline are denied resources upon release), (10) (prisoners who decline are denied incentives—including liberty itself—to take residential drug treatment).

Each of these punishments is far worse to the beneficiary than unpaid debt, and so much more so that no credible argument may be made that the BOP operates the IFRP and DHO fines solely for to benefit the beneficiaries, as would be required by law.

No trustee may lawfully force its beneficiaries to choose between incarceration and paying a debt to the trustee or a third party that the payee otherwise would be unlikely or unable to collect.

In my particular case, the BOP has adversely affected me as a beneficiary, taking thousands of dollars in assets held for me in trust to benefit itself (the government) and adverse third parties (Boston Children's Hospital, The Wayside Youth and Family Support Network) when it acted and continues to act simultaneously as trustee and debt-enforcer-slash-disciplinarian under the IFRP, *see* my payment history, and the discipline program, *see* the $50 fine assessed for alleged conduct that destroyed no property and incurred no financial cost to anyone. The BOP coerced and continues to coerce me to accede under duress to its distribution of trust assets through the IFRP.

And, of course, the BOP is now trying to keep its population numbers as high as possible despite the First Step Act, to avoid layoffs and facility closures, so it is stepping up IFRP enforcement to lengthen incarcerations. *See* Proposed Rule 28 C.F.R. Part 545, 88 FR 1331 (the BOP, as trustee, to lengthen beneficiaries incarcerations through denial of First Step Act time credit for beneficiaries who refuse to accede to distributions of trust assets to the government and other third parties).

Thus, the BOP, as trustee, acts illegally in its own selfish law-enforcement and political interests, to my detriment as a beneficiary, to punish me further to collect otherwise uncollectable or hard-to-collect debts payable to itself (the government) and third parties, and to create new, illegitimate debts.

Please resolve all such conflicts of interest so that the BOP operates the inmate trust fund in the sole interest of myself and the other prisoner-beneficiaries. Such is my single request.

20 FEB. 2023 (MON.)                    BY: _____
                                       MARTIN GOTTESFELD.

```
MARTIN GOTTESFELD
REG. NO. 12982-104
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 33
TERRE HAUTE, IN 47808
```



**UNITED STATES POSTAL SERVICE®**

**USPS TRACKING #**

9114 9022 0078 9988 6616 17



⇔12982-104⇔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States



Monday, February 20, 2023; Appeal of rem. no. 1149749-F1 re trustee CoIs
CONTENTS—• FORM BP-230(13) ("BP-10"); • BP-10 CONT. PG. IN QUADRUPLICATE; • -F1 RCT. OF
ADM. REM.; • WARDEN'S RESP. AS REC'VED, IN TRIPLICATE; • FORM BP-229(13) ("BP-9") AS
RET'ED; • BP-9 CONT. PG. IN QUADRUPLICATE; • INFORMAL RESOLUTION ("BP-8") AS RET'ED; AND
• BP-8 CONT. PG.

Attachm. B



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

| ☐ Institution | ⊗ Region | ☐ Central |
|---|---|---|

CMU Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | GOTTESFELD, MARTIN | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | 1144029-R1 | | |

Received on this _21 st_ day of _Feb._, 2023.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2023.

Edits received by Unit Team on this _____ day of _____, 2023.

_____
Signature/Title of Staff

# Inmate Copy

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 2, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI     UNT: CMU     QTR: D04-041L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1144029-R1     REGIONAL APPEAL
DATE RECEIVED  : FEBRUARY 2, 2023
SUBJECT 1      : LAW LIBRARY - EQUIPMENT, SUPPLIES, SERVICES
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REMARKS        : PLEASE REQUEST A COPY OF THE WARDEN'S RESPONSE AND
                 RESUBMIT IF APPEALING.

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.         12982-104        D        FCI-THA
_____
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** This is an appeal of rem. no. 1144029-F1. It is now Jan. 17, 2023, and I've received no response from the warden. *See* incl'd rem. receipt ("RESPONSE DUE: DECEMBER 27, 2022"). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Prog. Stat. 1330.18 Administrative Remedy Program at ch. 12 (quoting 28 C.F.R. § 542.18) (Jan. 6, 2014). The time for response expired yesterday and I received no response. INMATE'S SINGULAR REQUEST—Please replace lost or damaged typewriters in the FCI-THA D-unit law library. As per regional educational staff, this unit is to have three typewriters but it currently has one fully working typewriter and one with maintenance issues. This unit is litigation heavy and I was not consulted prior to being placed here. *See* incl'd Request for Administrative Remedy for the relevant policies, i.e. Prog. Stat. 1315.07 Legal Activities, Inmate chs. 7(c), 10 (quoting 28 C.F.R. § 543.11(b), (h)) (warden to fix or replace law-library equipment and allow prisoners the use of typewriters). I note also, again, not all state and foreign courts accept handwritten documents and not all of my attorneys can make-out my handwriting.

17 JAN. 2023 (TUE.)                                    _____
_____                               SIGNATURE OF REQUESTER
        DATE

**Part B - RESPONSE**

_____                               _____
        DATE                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE              CASE NUMBER: 1144029-R1

**Part C - RECEIPT**

                                        CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                               _____
        DATE                                          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN            PRINTED ON RECYCLED PAPER                    BP-230(13)
                                                               JUNE 2002

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.        12982-104       D        FCI-THA
_____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL This is an appeal of rem. no. 1144029-R1. This appeal is proper: "If the defect on which the rejection is based is correctable, the [rejection] notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit." Prog. Stat. 1330.18 Administrative Remedy Program at ch. 11 (Jan. 6, 2014) (quoting 28 C.F.R. § 542.17(b)). I was informed of no such time extension. See incl'd -R1 rej. ntc. "When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection." Id. (quoting 28 C.F.R. § 542.17(c)). I thus appeal. PRISONER'S SINGLE REQUEST—Please "direct that the submission be accepted at the lower level" or "accept the submission for filing," id. (quoting same). The warden's time to answer—with extension—expired Jan. 16, 2023. See incl'd -F1 rem. ack. ("RESPONSE DUE: DECEMBER 27, 2022"). My Appeal ("BP-10") was received "FEBRUARY 2, 2023." See incl'd -R1 Rej. Ntc. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Prog. Stat. 1330.18 at ch. 12 (quoting 28 C.F.R. § 542.18). I had and have still not received any response from the warden, so my appeal was and still is proper. It is simply not my duty to "REQUEST A COPY OF THE WARDEN'S RESPONSE," as the -R1 Rej. Ntc. directs, once I have already timely filed a Request ("BP-9"). Instead: "Staff shall respond in writing to all filed Requests or Appeals." Prog. Stat. 1330.18 at ch. 12 (quoting 28 C.F.R. § 542.18). Because my BP-10 was and is properly filed, please process my BP-10. I hereby incorporate my BP-10 herein by reference to the extent that may be required to decide this central-office appeal ("BP-11") of the BP-10 rejection. I note also, I did include with my BP-10 a copy from my records of the Form BP-229(13) ("BP-9") and informal resolution ("BP-8").

21 FEB. 2023 (TUE.) <- SAME DAY I REC'VED THE -R1 REJECTION.
_____
DATE                                          SIGNATURE OF REQUESTER

Part B—RESPONSE

_____              _____
DATE                                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

Part C—RECEIPT                                CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL  - PAGE 44 OF 55 -  REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____              _____
DATE                                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

NAME: MARTIN GOTTESFELD
NUMBER: 12982-104
Federal Prison Camp Correctional Institution
P.O. Box 33
Terre Haute, IN 47808
CONTENTS—
 • FORM BP-231(13) ("BP-11");
 • -R1 RCT. OF ADM. REM.;
 • -R1 REJ. NTC.;
 • FORM BP-230(13) ("BP-10")
   AS RET'NED;
 • -F1 REM. RCT./ACK.
 • FORM BP-229(13) ("BP-9")
   PHOTOCOPY; AND
 • "BP-8" AS ANS'ED.





Tuesday, February 21, 2023; Appeal of rem. no. 1144029-R1

⇔ 12982-104 ⇔
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States

- PAGE 45 OF 55 -

*Attachm. 14*



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution   ☐ Region   ✕ Central

CMU Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | GOTTESFELD, MARTIN | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | 1148303-A1 | | |

Received on this ___7th___ day of ___Feb___, 2023.

_____  LSh
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2023.

Edits received by Unit Team on this _____ day of _____, 2023.

_____
Signature/Title of Staff

## Inmate Copy

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: JANUARY 20, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI     UNT: CMU    QTR: D04-041L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 1148303-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED   : DECEMBER 15, 2022
SUBJECT 1       : FOOD - (EXCEPT DIETS & RLGS FOOD/MEALS)
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.   YOU SHOULD HAVE FILED AT THE
                 INSTITUTION, REGIONAL OFFICE, OR CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: SEE REMARKS.

REMARKS         : TAKE YOUR INFORMAL RESOLUTION AND APPEAL THE WARDEN
                  USING A BP-9 FORM. THEN FILE A BP-10, AND FINALLY
                  YOU CAN FILE A BP-11. GET HELP FROM UNIT TEAM.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.        12982-104        D        FCI-THA
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL** "[F]ormal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision." 28 C.F.R. § 542.14(d)(5). This is just such a request: I attempted resolution at the institution and was answered: "This complaint cannot be resolved at the local level." See FCC Terre Haute Informal Resolution ("BP-8") Response, included. I understand that funding levels for food service are set at the central office so to the extent that the central office initially decides food-service funding my single request is for the central office to increase said funding by indexing it to non-core-CPI (inflation including food stuffs), similar to how social-security checks are index to inflation.

Across the Bureau food-service funding fails to keep pace with the rapidly increasing costs of food, such that the non-core-CPI-adjusted value per plated meal has fallen radically and continues to fall. This affects my health, morale and finances (commissary purchases), as well as the harshness of my sentence compared to what my sentencing judge expected. Cf. 18 U.S.C. § 3582(c) (Modification of an imposed term of imprisonment).

01 DEC. 2022 (THU.)
_____
DATE                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

DEC 15 2022

Administrative Remedy Section
Federal Bureau of Prisons

_____
DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE        CASE NUMBER: 114-8303-A1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____
DATE                        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

- PAGE 48 OF 55 -

BP-231(13)
APRIL 1982

USP LVN

## FCC Terre Haute
## BP-8 - Informal Resolution

| NAME | NUMBER | UNIT |
|------|--------|------|
| GOTTESFELD, MARTIN S. | 12982-104 | D-40 |

**Notice to Inmate:** Be advised, ordinarily, prior to filing a Request for Administrative Remedy, BP-229 (13), you should attempt to informally resolve your complaint through your Correctional Counselor. Please refer to P.S. 1330.18, Administrative Remedy Program and the FCC Terre Haute Institutional Supplement thereto (both available via the Law Library).

1. Briefly state inmate's complaint (One complaint/issue per Form): The food-service budget fails to keep pace with the rapidly increasing costs of food such that, both across the Bureau and inside my housing unit, the none-core-CPI-adjusted value per meal served has fallen radically and continues to fall. This affects my health, morale, finances and harshness of my sentence compared to the expectations of my sentencing judge.

2. Requested Resolution: Please increase the food-service budget and index it to non-core-CPI (inflation including food stuffs).

I prepared this "BP-8" on 28 NOV. 2022 (MON.) and shall submit it at my next opportunity.

| Inmate signature: | by: [signature] | 28 NOV. 2022 (MON.) |
|------|------|------|
| Staff Printed Name/Signature/Date: | PE   11/29/22 | |
| Dept. Assigned for Response: | FS | Due Date: |

3. Staff Response:

This complaint cannot be resolved at the local level.

Section 4: ☐ Informally Resolved/Complaint Withdrawn   ☒ No Informal Resolution/Progress to BP-9

| [signature] | K. Noble / [signature] | 11-30-22 |
|------|------|------|
| Inmate's signature | Staff Printed Name/Signature | Date |

- PAGE 49 OF 55 -

Attachm. 15



**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

| ☒ Institution | ☐ Region | ☐ Central |
|---|---|---|
| CMU Unit | | |

# Receipt of
# Administrative Remedy

| Inmate Name: | GOTTESFELD, Martin | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | 1144715-A1 | | |

Received on this ___21st___ day of ___Feb___, 2023.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2023.

Edits received by Unit Team on this _____ day of _____, 2023.

_____
Signature/Title of Staff

# Inmate Copy

- PAGE 50 OF 55 -

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 23, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI     UNT: CMU    QTR: D04-041L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1144715-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : JANUARY 5, 2023
SUBJECT 1      : OTHER SENTENCE COMPUTATION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.          12982-104          D          FCI-THA
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL** I hereby appeal the rejection of rem. no. 1144715-R1. See Rej. Ntc. 1144715-R1 (Dec. 14, 2022) and Time1. Memo., both incl'd. "When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection, including a rejection on the basis of an exception as described in [28 C.F.R.] §542.14 (d), to the next appeal level." Prog. Stat. 1330.18 Administrative Remedy Program ("ARP P.S.") (Jan. 6, 2014) at ch. 11 (quoting 28 C.F.R. § 542.17(c)). My original Request to the DSCC, incl'd, stated: "[F]ormal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision." (quoting 28 C.F.R. § 542.14(d)(5)). "This is just such a request: BOP's Federal Time Credits (FTCs) auto-calculation application originated in and is overseen by the DSCC, and my single request is for the DSCC to adjust the auto-calculation of my FTCs to obey all laws[...]." Id. The DSCC's "REMARKS" represent a final denial at the regional level of the construal of the remedy under § 542.14(d)(5): "PER PS 1330.18 ADMINISTRATIVE REMEDIES MUST FIRST BE FILED AT THE FACILITY TO WHICH YOU ARE ASSIGNED AND APPEALED TO THE REGION." Rej. Ntc. 1144715-R1, incl'd. DSCC thus made clear it will not process or reconsider processing the remedy as initially filed with DSCC. But DSCC is mistaken. Federal regulation trumps program statement. Though 28 C.F.R. § 542.14(d)(5) is omitted from ARP P.S. 1330.18, the BOP's law library clearly includes it and the ELL also notes "75 FR 34625, 34626, June 18, 2010, added paragraph (d)(5), effective June 18, 2010." See ELL print-out, incl'd.
   My single request is thus for the central office to direct the DSCC to process the remedy as it was orginally submit-ted, pursuant to 28 C.F.R. § 542.14(d)(5). BOP's omission in a Prog. Stat. does not negate a valid regulatory promulga-tion. Should central reject this request then § 542.14(d)(5) becomes inoperative in this case, and I will have exhausted.
   21 DEC. 2022 (WED.)  <- SAME DAY I REC'VED THE REJECTION.
   DATE                                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE                                                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: 1144715

**Part C—RECEIPT**                                          CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____ - PAGE 52 OF 55 - _____

DATE                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL      BP-231(13)
                                                                                  APRIL 1982
USP LVN

Attachm, 16



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

---

| ☐ Institution | ☐ Region | ✖ Central |
|---|---|---|

CMU Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | GOTTESFELD, MARTIN | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | 1146496-A1 | | |

Received on this _23rd_ day of _Feb_, 2023.

_CSW   T.S.R._
Signature/Title of Staff


If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2023.

Edits received by Unit Team on this _____ day of _____, 2023.

_____
Signature/Title of Staff

# Inmate Copy

- PAGE 53 OF 55 -

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 3, 2023


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI     UNT: CMU     QTR: D04-041L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808



FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1146496-A1     CENTRAL OFFICE APPEAL
DATE RECEIVED   : DECEMBER 6, 2022
SUBJECT 1       : COMMISSARY SERVICES - PRODUCTS & OPERATIONS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                 INSTITUTION,   REGIONAL OFFICE, OR  CENTRAL
                 OFFICE LEVEL.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | D | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** "[F]ormal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision." 28 C.F.R. § 542.14(d)(5). This is just such a remedy request: "the Bureau has implemented a [commissary] spending limit of $360 per month." Prog. Stat. 4500.12 Trust Fund/Deposit Manual § 3.2 SPENDING LIMITATION (Mar. 14, 2018). "The spending limitation is the maximum amount an inmate is allowed to spend per month on sales items not excluded from the monthly spending limitation." Id.

Neither the warden nor the regional office may change this maximum monthly limit, which is pushed down by the central office in the above-cited program statement.

PRISONER'S SINGLE REQUEST—Please increase the nationally set monthly commissary spending limit of $360 to account for price increases throughout the U.S. economy since the limit was last adjusted. At BOP institutions nationwide commissary items have dramatically increased in cost; some items have more than doubled in price since the last revision of the relevant program statement, supra, in 2018. Items that have increased in cost include spending-limit items necessary and used for litigation, e.g., typing ribbons, typing erasers, manila envelopes, typing wheels, pens and notepads; hygiene items, e.g., soaps, shampoos, combs, cotton swabs and hair ties; vitamins; dental items, e.g., toothpastes, toothbrushes, flossing items and mouthwash; and sports items, e.g., deodorants, gym bags and handballs; as well as clothing.

Throughout the nation wages are increasing with these costs; contribution limits have been increased on Individual Retirement Accounts (IRAs); social-security checks are higher. The BOP too should make commonsense adjustments, i.e. to the spending limit. Cf., also, 18 U.S.C. § 3632(d)(3)(A) (BOP may increase commissary spending limits and product offerings as part of FSA).

| 22 NOV. 2022 (TUE.) | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

RECEIVED

DEC 06 2022

Administrative Remedy Section
Federal Bureau of Prisons

| DATE | GENERAL COUNSEL |
|---|---|

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 1146496

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____ - PAGE 55 OF 55 -

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | BP-231(13) APRIL 1982 |
|---|---|---|

USP LVN