UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARTIN GOTTESFELD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Cause No. 2:22-cv-00571-JRS-MJD ) |
| T. RULE Warden, | ) ) |
| Respondent. | ) ) |

**<u>SUPPLEMENTAL RETURN TO ORDER TO SHOW CAUSE</u>**

Petitioner Martin Gottesfeld is currently in the custody of the Federal Bureau of Prisons ("BOP" or "Bureau") and is due to be released to a Residential Reentry Center or "halfway house" on May 23, 2023. On January 12, 2023, he filed a 54-page amended "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 ("Petition") in which he raises a host of unrelated claims. Dkt. 12. Gottesfeld also filed a document containing supplemental arguments on January 26, 2023. Dkt. 13-1.

On May 4, 2023, the Court asked for clarification as to whether Gottesfeld's supplemental arguments at Dkt. 13-1 had been fully addressed by Respondent's briefing. Dkt. 27.

Gottesfeld's supplemental claims must be rejected as he is not challenging the fact of his confinement but rather only the conditions of it. He is asking this Court for types of relief that are not available under Section 2241. By its plain terms, that statute authorizes only challenges to "*custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added).

As best Respondent can discern from Gottesfeld's supplemental filing, he raises new claims that the BOP has wrongly interfered with various communications.  *See, e.g.,* Dkt. 13-1 at 1-2 (Bureau employees wrongly ended a telephone call); (the Bureau refuses to allow use of private, third-party carriers for mail); Dkt. 13-1 at 4 (Bureau employees have failed to process or provide access to electronic mail).  A Habeas Petition is a means by which prisoners can challenge the *fact* of their custody but not the c*ircumstances* of it.  None of Gottesfeld's communications-related claims impact the fact or duration of his custody and are not cognizable on habeas review.  See *Davenport v. Roal*, 482 F. App'x 183, 184-85 (7th Cir. 2012) (to prevail on a habeas petition under 28 U.S.C. § 2241, prisoners must show that they are "in custody" because of the alleged constitutional deprivation); *Robinson v. Sherrod*, 631 F.3d 839, 840 (7th Cir. 2011) (holding that "habeas corpus is not a permissible route for challenging prison conditions" that do not affect the duration of custody).

### III.   CONCLUSION

For the foregoing reasons, the Court should reject all of Martin Gottesfeld's claims and deny his § 2241 Petition in its entirety.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By:   */s/ Jeffrey D. Preston*
          Jeffrey D. Preston
          Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2023, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

I further certify that on May 8, 2023, a copy of the foregoing was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

MARTIN GOTTESFELD
12982-104
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

By: */s/ Jeffrey D. Preston*
Jeffrey D. Preston
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204
Telephone: (317) 226-6333