IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARTIN GOTTESFELD, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:22-cv-00571-JRS-MJD |
| T. RULE, | ) |
| Respondent. | ) |

**DECLARATION OF NATALIE LYONS IN SUPPORT OF
EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

I, Natalie Lyons, declare as follows:

1. I am counsel for Petitioner, Martin Gottesfeld, in this matter.

2. I make this declaration upon personal knowledge and would testify to the same if called as a witness.

3. On May 22, 2023, I visited Mr. Gottesfeld at FCI – Terre Haute. While I was there, two correctional staff confirmed in my presence that Mr. Gottesfeld would be leaving FCI – Terre Haute at or around 2:00 p.m. ET that same day for transport to the Greyhound bus station in Terre Haute and eventual arrival in Boston, Massachusetts.

4. During my visit with Mr. Gottesfeld on May 22, he gave me a copy of the "Furlough Application – Approval and Record" issued by the U.S. Department of Justice and Federal Bureau of Prisons (hereinafter, "Furlough Papers"), a redacted copy of which is attached hereto as **Exhibit A.** Among other things, the Furlough Papers list the "Date/Time of Departure" as "5/22/2023 16:45" and the "Furlough Address" as "Coolidge House RRC, 307 Huntington Avenue, Boston, MA 02115." *See* Ex. A.

1

5. During our May 22 visit, Mr. Gottesfeld additionally gave me a copy of a Greyhound bus trip confirmation that had been given to him, showing a booking number, the name "Martin Gottesfeld," departure from Terre Haute, Indiana at 5:45p.m. on May 22 and arrival in Boston at 6:45p.m on May 23, 2023.

6. Also during the May 22 visit, Mr. Gottesfeld stated that he had just been informed that he was scheduled for home confinement at his wife's home, even though, as communicated to him by his case manager at FCI – Terre Haute, Bradley Klink, that he had been designated by BOP for home confinement since March 2023.

7. There is no mention of home confinement on my client's Furlough Papers. *See* Ex. A.

8. Later on May 22, 2023, I received an email from a CMU Unit Manager at FCI – Terre Haute stating: "Inmate Gottesfeld will not be leaving today. His RRC date for Home Confinement was removed and changed to June 7, 2023. This was because his sponsor (his wife) was not home for the home to be inspected by RRC staff. The date was pushed back to allow time to inspect the address."

9. And on May 23, 2023, an employee of the Residential Reentry Management division of the Bureau of Prisons called me regarding the delay of my client's release from FCI – Terre Haute till June 7, claiming that the delay had "nothing to do" with her department and that the BOP had known about Mr. Gottesfeld's designation for home confinement for "awhile."

10. From May 23 – May 26, 2023, I have made numerous attempts through communications with counsel for BOP and Respondent, as well as others, to obtain credible information on my client's release from FCI – Terre Haute and to reiterate that his release should be expedited, as detailed herein.

11. Having received no information indicating that Mr. Gottesfeld's delayed release would be mitigated, I sent an email on May 24, 2023 to counsel for BOP and Respondent, and others, stating, *inter alia*, (1) that my client's transfer to community confinement on May 23, 2023 was afforded to him under federal statutory and regulatory authority; and (2) BOP's failure to release him to community confinement on May 23, 2023, as scheduled, violates his statutory and constitutional due process rights. I also detailed information indicating that BOP could have executed my client's release on May 23, including that the Furlough Papers list the Coolidge House, not his wife's home, as his destination, *see* Ex. A; BOP's designation (and therefore, its knowledge of that designation) of my client to home confinement for "awhile"; and yet, that Ms. Gottesfeld had not been contacted to schedule the home inspection until May 22, the day of my client's scheduled transfer, for a *same day inspection*. I further notified counsel for BOP and Respondent that, absent my client's "expedient" transfer, I would raise the matter with this Court.

12. On May 24, I conducted a legal call with Mr. Gottesfeld, who was still located at FCI – Terre Haute and had not been given any hearing or other opportunity to be heard regarding the delay of his release to June 7, 2023. During that call, my client informed me that (1) he is being denied access to the legal library at FCI – Terre Haute; (2) he was not given access to his legal documents located on the premises; and (3) his prison trust account had been "cashed out," leaving him with no access to that money. He also expressed concern that his IFRP monthly payment, which had previously been due on the first Friday of every month, would be coming due on June 2, 2023 before his scheduled release on June 7. He expressed the further concern that, should he not make his required IFRP payment, BOP could place him on "IFRP Refusal Status."

13. On May 25, 2023, I sent another email to counsel for BOP, counsel for Respondent, and others reiterating my concern about my client's continued confinement at FCI – Terre Haute and intent to raise the issue with this Court.

14. That same day, I did receive an email response from an individual unknown to me with a bop.gov email address stating that "the home inspection will be on May 29, 2023." The made no representations regarding whether Mr. Gottesfeld's release had likewise been expedited. I responded to that individual, counsel for BOP and Respondent, and others stating that I still needed confirmation, through updated furlough papers and a bus ticket, that my client's release was also being expedited.

15. In a phone call with counsel for Respondent on May 25, 2023, I was again told that the home inspection had been scheduled for May 29, 2023, and again, that the reason for BOP's failure to release my client on schedule was because of his wife not being available for the home inspection. Again, I was provided no expedited date on which Mr. Gottesfeld's release could be expected.

16. Today, May 26, 2023, I sent an additional email to the same parties, again requesting confirmation of Mr. Gottesfeld's release to community confinement, and I called counsel for Respondent, reiterating this request.

17. Later today, I received an email from counsel for Respondent stating: "I have been informed there is no further confirmation they can provide at this time."

18. As of the filing of Petitioner's Motion for a Temporary Restraining Order, I have received no information indicating that Mr. Gottesfeld's release from FCI – Terre Haute to community confinement has been expedited. The last scheduled date of release to community confinement that I have been given is June 7, 2023.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 26th day of May 2023.                    /s/ *Natalie Lyons*
                                                    Natalie Lyons

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 26, 2023 I caused a true and accurate copy of the foregoing to be served via ECF to counsel of record in this matter.

                                                                     */s/ Natalie Lyons*
                                                                     Natalie Lyons