UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARTIN GOTTESFELD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Cause No. 2:22-cv-00571-JRS-MJD ) |
| T. Rule, | ) ) |
| Respondent. | ) |

**RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER**

Respondent Warden T. Rule, by counsel Zachary A. Myers, United States Attorney, and Jeffrey D. Preston, Assistant United States Attorney, hereby responds to Petitioner Martin Gottesfeld's Motion for Temporary Restraining Order and requests that the Court deny the motion.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Martin Gottesfeld is currently in the custody of the Federal Bureau of Prisons (BOP or Bureau) with a full-term release date of November 15, 2023.  *See* Dkt. 27 (Return to Order to Show Cause), Exh. 1, Attachment 1 at 2; www.bop.gov/inmateloc (last visited May 31, 2023).  Gottesfeld*,* proceeding *pro se*, filed a 54-page Amended "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 ("Petition") raising a host of unrelated claims.[1]  Dkt. 12. Respondent timely filed his return to the Court's order to show cause and a supplemental return on April 28, 2023, and May 8, 2023, respectively.  Dkt. 27, 29.

At nearly 5:00 p.m. on Friday, May 26, 2023, Gottesfeld, now by counsel, filed a Motion for Protective Order to, *inter alia*, expedite his release to community confinement through a

---

[1] Gottesfeld previously filed, and the Court denied, an unrelated 28 U.S.C. § 2241 motion.  *See* Cause No. 2:20-cv-00012-JRS-MJD.

1

Residential Reentry Center (RRC). Dkt. 31, 34, and 36. Gottesfeld's memorandum in support was docketed on today's date, May 31, 2023. Dkt. 36. Close in time, Respondent also received the Court's order to respond to the motion for temporary restraining order on today's date, noting that Gottesfeld is "seeking to expedite his release to home confinement, which is currently scheduled for June 7, 2023". Dkt. 36.

Gottesfeld is currently assigned to the Federal Correctional Institution in Terre Haute, Indiana (FCC – Terre Haute) and is housed in the Communications Management Unit (CMU). Exh. 1 (Declaration of Deputy Case Management Coordinator B. Shoemaker) at ¶ 3. Gottesfeld was originally scheduled to depart from FCI – Terre Haute to a RRC on May 22, 2023. Gottesfeld's home was to be inspected before he could be released to home confinement to serve the remainder of his sentence. *Id*. at ¶ 4. Gottesfeld's wife, Dana Gottesfeld, was not present when the inspection was to be conducted, so the inspection could not be completed. The Residential Reentry Specialist at the RRC therefore generated a new release date of June 7, 2023. *Id*. at ¶ 5; Exh. 2 (Declaration of Residential Reentry Manager P. McFarland) at ¶ 4. Dana Gottesfeld's residence was inspected on May 30, 2023, and has now been approved. *Id*. at ¶ 4. The new date of June 7, 2023, allows enough time for the FCC – Terre Haute to route the required furlough transfer paperwork so that Gottesfeld can be transferred to the RRC. *Id*. at 3.

Gottesfeld is scheduled to travel to the RRC in Boston, Massachusetts, on June 6, 2023, with an arrival date of June 7, 2023. Exh. 1 at ¶ 6. Placement at the RRC and direct home confinement are based on a number of factors including the inmate's release needs and requirements of safety for the general public. *Id*. at ¶ 7.

## II.     ARGUMENT

Gottesfeld's full-term release date is November 15, 2023. Under the First Step Act, Gottesfeld was eligible for placement in home confinement on May 23, 2023. Eligibility and entitlement are not equals. Nevertheless, the Bureau has requested that Gottesfeld's placement in community confinement be expedited, and the inspection of his proposed residence has occurred. He will be transported to Boston, Massachusetts, on or before June 7, 2023. Gottesfeld's claim that the brief delay in his release to community confinement constitutes a violation of his constitutional rights will, in all likelihood, be moot before the Court's ruling.

Nevertheless, Gottesfeld's request for a temporary restraining order fails because he has not established that he is entitled to the "drastic and extraordinary" relief he seeks. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010); *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007) (requiring that a movant show "(1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm") (internal quotation omitted).

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement, and if he seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 490, (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Habeas relief may be granted where the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). However, a civil rights action is the proper vehicle for a challenge to the conditions of a prisoner's confinement. *Preiser*, 411 U.S. at 499. *See also Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1995) (habeas corpus is the vehicle to seek a "quantum change in the level of custody" such as release on parole, but a prisoner "seeking a different program or location or environment . . . is challenging the conditions rather than the fact of his confinement" and must

3

do so under civil rights law). On its face, a transfer from a federal prison to community confinement through an RRC would appear to constitute a "quantum change in the level of custody," that would be cognizable in a habeas corpus action, but courts have reached different conclusions on this issue. *See Oden v. True*, No. 19-cv-1009-SMY, 2019 WL 6117740, at * 2 (S.D. Ill., Nov. 18, 2019) (collecting cases).

However, Gottesfeld is not seeking immediate or earlier release from his full-term release date of November 15, 2013. Dkt. 36. Instead, he seeks an emergency restraining order due to a two-week delay in his release that he admits is due to the RRC being unable to perform an inspection of the home in which he was to serve his period of home confinement. *See id*. at 3-4. As Gottesfeld is challenging the location of his custody, and not the fact of his being in custody, his request for relief falls outside the realm of available habeas corpus relief. *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005) (if a habeas petitioner is not seeking outright release, or if release is not available as a remedy for his claims, then § 2241 is not the proper vehicle to seek relief).

18 U.S.C. § 3621(b) delegates sole authority to the BOP to designate the place of confinement for federal prisoners, including the transfer of prisoners from one correctional facility to another, and sets forth five factors for the BOP to consider in making placement decisions: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for the sentence of imprisonment or recommending a particular type of facility; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. §§ 3621(b)(1)-(5). These factors also guide consideration of a prisoner's placement in an RRC for the final portion of his or her sentence, which may be as

much as 12 months. 18 U.S.C. § 3624(c); *see also* 28 C.F.R. §§ 570.20-21.  Gottesfeld presents no authority that he is entitled to placement in community confinement the day that he is determined to be eligible under the First Step Act, as indeed none exists.

And as a practical matter, an RRC must have the capacity and the supervision available to receive a federal inmate.  This motion for temporary restraining order ignores the reality that the Bureau must consider the resources of the facility contemplated, including whether the proposed residence would be safe and appropriate for home confinement, *see* 18 U.S.C. § 3621(b)(1), as well as the time needed to arrange and provide travel.  Moreover, BOP has broad discretion under these statutes to make placement decisions, including setting the length of time for an inmate's assignment to an RRC.  *See Davis v. United States*, No. 17-cv-294-DRH, 2017 WL 2214874, at *2 (S.D. Ill. May 19, 2017) (collecting cases); *Perry v. Krueger*, 2015 WL 6500915, at *2. *See also Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (court reviews BOP's prison placement decisions for abuse of discretion). The Court should not supplant its judgment for that of the Bureau's based on Petitioner's sparse record here.

Additionally, and if so inclined to do so, the Court has no authority to independently review the statutory factors and reach its own conclusion as to the appropriate RRC placement for a prisoner.  *See Oden*, 2019 WL 6117740) (citing *Davis*, 2017 WL 2214874, at *2).  Instead, the Court must defer to the BOP's discretionary decision unless the record shows that the decision was arbitrary, capricious, an abuse of discretion, or contrary to the requirements of statute. *See id*.  Gottesfeld has made no such showing here.

Lastly, the balance of hardships and public interests weighs in favor of denying Gottesfeld's request.  There is undoubtedly a public interest in ensuring that decisions regarding the designation, placement, separation, and management of inmates are made by qualified BOP

officials with access to all the relevant information and in compliance with the applicable procedures and not dictated by an inmate with a vested interest in being transferred or released. Accordingly, Gottesfeld cannot show a likelihood of success on the merits and his motion for a temporary restraining order requiring his immediate release should be denied.

### III.   CONCLUSION

For the foregoing reasons, Respondent respectfully requests that the Court deny Gottesfeld's motion for temporary restraining order and adjudicate his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in due course.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By:   *s/ Jeffrey D. Preston*
Jeffrey D. Preston
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2023, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

 

By:    *s/ Jeffrey D. Preston*
Jeffrey D. Preston
Assistant United States Attorney

Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204
317-226-6333